Exhibit 1 - Judgment In A Capital Case

NO. 782 657

THE STATE OF TEXAS           IN THE 262 DISTRICT
VS. *Charles Victor Thompson*        COURT OF HARRIS COUNTY, TEXAS

Change of Venue From: _____

**JUDGMENT - DEATH PENALTY**

Judge Presiding: *D. Shaver*     Date of Judgment: 4-14-99

Attorney for State: *V. Wisner, K. Siegler*     Attorney for Defendant: *B. Richardson, C. McCullough*

Offense Convicted of: *capital murder*

Degree: CAPITAL    Punishment Assessed: DEATH    Date Offense Committed: 4-30-98
Charging Instrument: Indictment      Plea: Not Guilty

Affirmative Findings: (Circle appropriate selection – N/A not available or not applicable)
DEADLY WEAPON: Yes | No (N/A)   FAMILY VIOLENCE: Yes | No (N/A)   HATE CRIME: Yes | No (N/A)

The Defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above and this cause being this day called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above, and both parties announced ready for trial.

A Jury composed of *Kenneth Bauer* and eleven others was selected, impanelled, and sworn. The indictment was read to the Jury, and the Defendant entered a plea of not guilty thereto, after having heard the evidence submitted; and having been charged by the Court as to their duty to determine the guilt or innocence of the Defendant and having heard argument of counsels, the Jury retired in charge of the proper officer and returned into open Court on *April 14*, 19 *99*, the following verdict, which was received by the Court and is here entered on record upon the minutes:
" We, the Jury, find the defendant, Charles Victor Thompson, guilty of capital murder, as charged in the indictment." /s/ Kenneth A. Bauer, Foreman of the Jury

Thereupon, the Jury, in accordance with law, heard further evidence in consideration of punishment, and having been again charged by the Court, the jury retired in charge of the proper officer in consideration of punishment and returned into open Court on the *16th* day of *April*, 19 *99*, the following verdict, which was received by the Court and is here entered of record upon the minutes:
(Special Issues/Verdict/Certification):
"Special Issue No. 1
Do you find from the evidence, beyond a reasonable doubt that there is a probability that the defendant, Charles Victor Thompson, would commit criminal acts of violence that would constitute a continuing threat to society?
Answer:
We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "Yes."
/s/ Kenneth A. Bauer, 4-16-99
Foreman of the Jury

000212

CRM-125 R06-30-94

(Special Issues - Continued): *Special Issue No. 2*
*Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background and the personal moral culpability of the defendant, Charles Victor Thompson, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.*

Answer:
*We, the jury, unanimously find that the answer to this Special Issue is "No."* /s/ Kenneth A. Bauer  4-16-99
Foreman of the Jury

Verdict
*We, the Jury, return in open court the above answers to the "Special Issues" submitted to us, and the same is our verdict in this case.* /s/ Kenneth A. Bauer
Foreman of the Jury

V.2721 P.118

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, as found by the verdict of the jury, and that the said Defendant committed the said offense on the date indicated above, and that he be punished as has been determined by the Jury, by death, and that Defendant be remanded to jail to await further orders of this court.

And thereupon, the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof.

Whereupon the Court proceeded, in presence of said Defendant to pronounce sentence against him as follows, to wit, "It is the order of the Court that the Defendant named above, who has been adjudged to be guilty of the offense indicated above and whose punishment has been assessed by the verdict of the jury and the judgment of the Court at Death, shall be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division, Texas Department of Criminal Justice or any other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division in accordance with the provisions of the law governing the Texas Department of Criminal Justice, Institutional Division until a date of execution of the said Defendant is imposed by this Court after receipt in this Court of mandate of affirmance from the Court of Criminal Appeals of the State of Texas.

The said Defendant is remanded to jail until said Sheriff can obey the directions of this sentence. From which sentence an appeal is taken as a matter of law to the Court of Criminal Appeals of the State of Texas.

Signed and entered on this the 16 day of April, 19 99.

JUDGE _____ DISTRICT COURT
Harris County, Texas

RECORDER'S MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation, and/or alterations were
present at the time of filming.

LCRH-95  06-30-94

000213