# Appendix 3

Robin Rhodes Documents

# APPENDIX 3-1

**Documents From the Harris County D.A.**

AGREEMENT

On this the 6TH day of AUGUST, 1993 the following agreement was made between ROBERT LEE, GARY E. PATTERSON, Attorney for LEE, Officer F.WINKLER of the Houston Police Department assigned to the Harris County Organized Crime Narcotics Task Force, and JOAN HUFFMAN of the Harris County District Attorney's Office.

(1)   That ROBERT LEE is presently charged with the offense of THEFT in cause no 667239 and THEFT OF SERVICE in cause number 667238 in the 248th District Court of Harris County, Texas.

(2)   That he has agreed to cooperate with Officer Winkler and other law enforcement officers in working with this Officer in the investigation of narcotics trafficking in the Harris County area of which he has knowledge.

(3)   That Lee, upon receipt of a letter from a Supervisor in the division or department to which Winkler is assigned (Lt. grade or above) to the District Attorney's Office notifying the State that all terms of this agreement have been fully complied with, will receive for his cooperation and assistance a dismissal in cause number 667239 and three years felony probation in Cause number 667238 with_____ _____in restitution to the Complainaing witness.

(4)   That he will provide all information and assistance to Officer Winkler leading to the arrest and indictment of one or more individuals for a State or Federal Felony Offense possession or delivery which leads to a seizure of at least three ounces of cocaine.

(5)   That the law in regards to entrapment has been explained to Lee and he agrees and understands that any case wherein the District Attorney's Office believes was made by entrapment will not count towards the satisfaction of the requirement indicated in paragraph 4 above, and the State will void this contract.

(6)   Further that all said information must be truthful, and that should law enforcement present evidence that said information is untruthful, or said evidence comes to the attention of the Harris County District Attorney's Office, this agreement is void.

(7)   That he fully understand that he must, during the course of the above investigation, follow the directions and instructions of Winkler or his fellow law enforcement officers and failure to do so will void this agreement.

(8)   That he understands that he will receive no consideration in his case until he complies fully with provision (4) of this agreement, and that good faith attempts do not constitute

compliance, and that less than full compliance will not obligate the Harris County District Attorney's Office in any respect.

(9) That he further understands that this agreement will in no way authorize him to break any State or Federal laws.

(10) Further, he agrees that he will contact Winkler or his designee at least every day, or at other such intervals that Rodriguez may direct during the course of this agreement, and that failure to comply with this term will constitute a violation of this agreement, subjecting the agreement to be considered void at discretion of Huffman.

(11) That he further understand that all conditions under the terms of this agreement are to be accomplished on or before November 8, 1993.

(12) That all parties agree that no statements made by Lee during the course of this agreement may be used in a subsequent prosecution of the above cases presently pending against him.

(13) That Lee understands that if he fails to fulfill the above agreement the State of Texas will not be bound to the agreement as set out in paragraph three (3).

(14) That Lee may be required to wear transmitting and recording devices during the course of any investigations in pursuit of this contract and hereby consents to the recording of conversations in that pursuit.

(15) That Lee may be required to testify either at a Grand Jury or in the trial of any of individual(s) arrested and indicted as a result of this investigation and agrees to waive receipt of legal process compelling his testimony.

(16) That Lee understands that he is not permitted to be in possession or in the immediate presence of any illegal controlled substance or marijuana, and that at any time he becomes aware of same he is to immediately inform Officer Winkler. Further, any contact with narcotics must be within the view of a peace officer or be electronically monitored and recorded by law enforcement. Violation of this paragraph will immediately void this agreement.

_____
Robert Lee

_____
Floyd Winkler

_____
Gary E. Patterson

_____
Joan Huffman

DON STRICKLIN
FIRST ASSISTANT

DISTRICT ATTORNEY'S BUILDING
201 FANNIN, SUITE 200
HOUSTON, TEXAS 77002-1901

## JOHN B. HOLMES, JR.
### DISTRICT ATTORNEY
### HARRIS COUNTY, TEXAS

## INTEROFFICE MEMORANDUM

**TO:**       FILE

**FROM:**   Mike Kelly, Investigator

**SUBJECT:**   Defendant: Charles Victor Thompson, Cause #

**DATE:**     August 25, 1998

**CC:**

Report of Investigation
August 25, 1998

On Tuesday, August 26, 1998 I was contacted by the witness in this case Robin Rhodes w/m 12/19/1955, SPN# 00183237. Mr. Rhodes left a message that he needed to talk with me concerning Charles Victor Thompson. Thompson is charged with Capital Murder and Solicitation to Commit Capital Murder in the 262nd District Court.
I met with Robin Rhodes this date, the following statement details the information Rhodes provided this investigator.

Statement of Robin Rhodes;

On or about 8/21/98 I spoke with inmate Charles Thompson (who is housed in cell #12) at recreation. We had previously spoken regarding his situation. He indicated to me that he had someone who wanted to invest some money in a narcotics transaction. On this particular day he asked me if I would be willing to convince "some people not to or be able not to come to trial. I told him I'd consider it. He then gave me a piece of paper w/ some names, descriptions, addresses, & schedules. Monday 8/24/98 I asked him what did he wanted me to do. He said either kill them or persuade them not to be there he did not care. He told me his life depended on it.

If need be I will testify & or will wear a wire to record our conversation (Charles Thompson). My only requirements are that I be moved as the inmate grapevine is quite efficient. I'd like to go to one of the Pct. Offices Pct 1 etc. or Baker Street as anywhere else people have daily contact with prisoners in this bldg.

End of statement of Robin Rhodes.

During the interview with Robin Rhodes he also provided me with the piece of paper given to him by Charles Thompson. Robin states that the writing is Charles Thompsons, and the handwritten note names Diane Zernia the Complainant in the Solicitation case with a physical description, her address, telephone number, vehicle description, residence description, and a partial schedule. The note also lists Gary F. Johnson with the word "entrapment" preceding his name, There is also a physical description and occupation (D.A. Investigator) listed. The note lists Mike Donaghy, and wife Cindy. Mr. Donaghy is the brother of Complainant Denise Hayslip in the capital murder case against Thompson. The note describes what part of town he lives in, place of employment, and a partial schedule. The last person listed on the note is Jack Reid. Reid's name is preceded by the word "snitch". The note gives a brief description of Reid and some criminal history information about him.

I took the note from Robin Rhodes to be processed for latent prints, and possibly for handwriting analysis. During the interview with Robin Rhodes he described information about the original capital murder case Thompson is charged in. Rhodes states that Thompson told him that he shot the male victim, Darren Cain first, and that during a struggle over the gun Thompson shot himself in the arm. He then shot Denise Hayslip. Thompson told Rhodes that he got mad because Cain was attempting to flee the apartment so he walk to Cain shooting him at the base of the neck and the skull, Cain fell over. Thompson told Rhodes that he meant to shoot him in the back of the head and missed. Thompson told Rhodes that the gun was a .380 caliber and has been discarded in 4-6 feet of water with the chamber open. Thompson also informed Rhodes that the cause of death of Denise Hayslip was pneumonia and not a gunshot wound. Rhodes states after talking to Thompson he made a list of notes based on his conversation with Thompson. I have also secured that list of notes, making them a part of this report.

Following the interview with Rhodes I returned to District Attorney's Office and presented the new information to A.D.A. Vic Wisner of the 262nd District Court. A.D.A. Wisner advised to document the information, and advise Investigator Johnson of the new information, and to have Thompson isolated in the jail to prevent contact with other inmates. I advised Investigator Johnson of the new information and provided him with a copy of the note from Thompson. I then secured the note in a transparent plastic sheath and submitted same to the Harris County Sheriff's Department Identification Division for the purpose of processing it for latent fingerprints, and comparing same to Charles Thompson. The evidence was submitted to Deputy Culver under case number 9806130289. (Laboratory Submission Form Attached).

I contacted the Classification Division of the Harris County Sheriff's Department and spoke with Lt. G. Moore. I requested from Lt. Moore that Thompson be placed in isolation pending trial. I requested that contact with other inmates be revoked, all visitation, other than attorney visits be revoked, and no access to any telephones. I explained to Lt. Moore this action was necessary for the safety of witnesses involved in his case. I followed up the conversation with Lt. Moore by providing him a written request sent to him by fax and hand delivering the original to his office. I have been informed by Lt. Moore that Thompson has been placed in isolation with no contact other than his attorney, and Sheriff's personnel.

This investigation is pending the findings of the fingerprint analysis being conducted by the Sheriff's Department Identification Division.

# JOHN B. HOLMES, JR.
### DISTRICT ATTORNEY
### HARRIS COUNTY, TEXAS

## INTEROFFICE MEMORANDUM

Page 3;

Attachments:
Xerox Copy of Handwritten note from Thompson.
Harris County Sheriff's Department Laboratory Submission Form
Handwritten note prepared by witness Robin Rhodes
Sworn statement prepared by Robin Rhodes
Fax cover sheet and Letter submitted to the Lt. Moore, Harris County Sheriff's Department
Classification Division.

CASE NUMBER 9806130289    SUPPLEMENT NUMBER    1    STATUS DRA

ENTERED BY:    CULVER,K            DATE: 08/26/98        TIME: 21:01

APPROVED BY:                       DATE:                 TIME:
--------------------------------------------------------------------------------
ON TUESDAY, AUGUST, 25, 1998, AT APPROXIMATELY 4;45 PM, WHILE ON DUTY IN
THE IDENTIFICATION DIVISION, I, DEPUTY K.L. CULVER UNIT #7114 MET WITH
H.C.D.A. INVESTIGATOR M. KELLY BADGE #262 IN REFERENCE TO A LIST, TO BE
PROCESSED FOR POSSIBLE LATENT PRINTS.

A SUSPECT WAS LISTED FOR A FINGERPRINT COMPARISON.
NAME; THOMPSON, CHARLES        SO#; 0888626        SPN#; 1650749
W/M                            DOB; 6-13-70

I PROCESSED THE LIST FOR POSSIBLE LATENT PRINTS, SEVERAL PRINTS OF POSSIBLE
VALUE WERE OBTAINED.

THE LATENT PRINTS WERE PHOTOGRAPHED BY MYSELF AND DEPUTY D.V. ROSSI UNIT
#7124.  I WAS ABLE TO IDENTIFY ONE (1) LATENT PRINT TO THE #4 OR RIGHT RING
FINGER OF THE ABOVE NAMED PERSON, DEPUTY ROSSI CONCURRED.

THE LATENT PRINTS WILL BE FILED IN THE IDENTIFICATION DIVISION, A.F.I.S.
SECTION UNDER THE ABOVE CASE NUMBER.

THE LIST WILL BE RETURNED TO H.C.D.A. INVESTIGATOR M. KELLY.


END OF SUPPLEMENT;



HARRIS COUNTY SHERIFF'S DEPARTMENT
IDENTIFICATION DIVISION
LABORATORY SUBMISSION FORM

FOR LAB USE ONLY
LL# _____

CASE NUMBER __9806130289__

OFFENSE: __Solication Cap. Murder__ COMPLAINANT: __State of Texas & Zernia, Diane__

LOCATION OF OFFENSE: __1301 Franklin__          OFFENSE DATE: _____

EVIDENCE SUBMITTED:

| QUANTITY | DESCRIPTION OF EVIDENCE |
|----------|-------------------------|
| 1 | Handwritten Note |
| | |
| | |
| | |
| | |

COMPARISON ONLY [ ]   LATENTS:   [ ] IN FILE   [ ] SUBMITTED

SUSPECT INFORMATION:

| NAME | RACE/SEX | DOB | SPN# |
|------|----------|-----|------|
| #1 Thompson, Charles Victor | w/M | 06/13/70 | 01650749 |
| #2 | | | |
| #3 | | | |
| #4 | | | |

SUBMITTING OFFICER: __M. Kelly, Investigator HCDA__ UNIT/BADGE# __262__
AGENCY: __H.C.D.A.__          DIVISION __262nd D.C.__ PHONE# __755-6173__

************************** ID OFFICE ONLY **************************
RESULTS: __Identified The #4 or Right Ring Finger of The__
__Above Named Suspect.__

_____

_____F. Enker_____

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
RECEIVED BY: __F. Enker__     LAB TECH: __F. Enker__   RELEASED TO: _____
DATE: __8-25-98__             DATE: __8-25-98__         _____
REC. FROM: __M. Kelly__                                RELEASED BY: _____
                                                       DATE: _____

I.D.- 125 (4/88)

## Wisner, Vic

| | |
|---|---|
| **From:** | Emmons, Anna |
| **Sent:** | Tuesday, June 28, 2005 1:18 PM |
| **To:** | Wisner, Vic |
| **Subject:** | RE: Robin Rhodes, Cause 1241376 |

fyi - i'm forwarding this to the chief in court 12 - kelly graul.

-----Original Message-----
| | |
|---|---|
| **From:** | Wisner, Vic |
| **Sent:** | Tuesday, June 28, 2005 12:59 PM |
| **To:** | Emmons, Anna |
| **Subject:** | Robin Rhodes, Cause 1241376 |

This is a no arrest case pending in your court. The defendant is a witness for me in an upcoming death penalty case. PLEASE put a note on the file to contact me before you do anything with the case. Thanks.

1

**Wisner, Vic**

**To:**      Craft, Johanna
**Subject:**   Robin Rhodes SPN 183237

The above defendant is testifying for me in pending capital murder trial. He has 8 open Class C warrants , 2 in pct 1 pos 1 and the other six in pct 1, pos 2. Pursuant to an agreement with the Def can you dismiss these 8 warrants per my request? All this has already been disclosed on the record. This will permit him to get into court without being arrested. If he fails to show up or testify truthfully we still have a class B misd pending. Thanks much.

THE STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, in and for said County and State, personally appeared ___Robin Rhodes___, who after being by me duly sworn deposes and says:

My name is ___Robin Rhodes___ and I live at ___P.O. Box 902, Magnolia, TX. 77355___. My home telephone number is ___281-399-0624___. I work at ___Unemployed___ and my telephone number there is _____. My Social Security Number is ___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___. My nearest relative is ___Rosalee Rhodes (Roy)___ who lives at ___P.O. Box 902 Magnolia, TX. 77355___ and whose telephone number is _____.

I further wish to state that ON OR ABOUT 8/21/98 I SPOKE WITH INMATE CHARLES THOMPSON (WHO IS HOUSED IN CELL #B) AT RECREATION. WE HAD PREVIOUSLY SPOKEN REGARDING HIS SITUATION. HE HAD INDICATED TO ME THAT HE HAD SOMEONE WHO WANTED TO INVEST SOME MONEY IN A NARCOTICS TRANSACTION. ON THIS PARTICULAR DAY, HE ASKED ME IF I WOULD BE WILLING TO CONSIDER TRYING TO CONVINCE 'SOME PEOPLE' NOT TO BE ABLE TO COME TO TRIAL. I TOLD HIM I'D CONSIDER IT. HE THEN GAVE ME A PIECE OF PAPER W/ NAMES, DESCRIPTIONS, ADDRESSES & SCHEDULES. ON 8/21/98 I ASKED HIM WHAT DID HE WANT ME TO DO. HE SAID EITHER KILL THEM OR PERSUADE THEM NOT TO BE THERE. IT DIDN'T CARE. HE TOLD ME HIS LIFE DEPENDED ON IT.

IF NEED BE I WILL TESTIFY & OR WITHIN A WIRE TO RECORD OUR CONVERSATION (CHARLES THOMPSON) MY ONLY REQUIREMENTS ARE THAT I BE MOVED. OR AS THE INMATE CHAPLAIN IS QUITE SUFFICIENT. I'D LIKE TO GO TO ONE OF THE PCT OFFICES PCT 1 ETC. OR BAKER STREET AS ANY WHERE ELSE PEOPLE HAVE DAILY CONTACT WITH PRISONERS IN THIS BLDG.

Robin Rhodes

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the ___25___ day of ___August___, A.D. 19 __98__.

Motion Hearing    9-29-05

- Motion Continuance — denied, but granted as to will begin V/D Monday [10B] instead of Fri. 9/30

- Motion Preclude DP — denied

- Motion - Unconstitutional DP - denied

- Motion Preclude Extraneous Offenses — denied, except #13 granted — have hearing w: extraneous offenses

- Motion Limine Victim Impact — denied, except #3 granted — hearing if victim impact relevant before testimony put on

- Motion Impeachment — Expert Witnesses →

  state      Dr. Wolf — ME autopsy
  disclosed
  experts        no firearms expert evidence, pistol won't
  on             be presented as the murder
  record:        latents

            experts re: death row / future dangerous
               i.e. rebuttal of defense's
               experts that Δ been good on D.R.,
               by showing how strict D.R. is
               (tape, Memillat)
            gang violence in prison (Thish Cooper, Aran Brotherhood)

- Motion in Limine to Preclude Testimony abt Violent Acts of Others
    (re: Death row)
      defense does not want jury to know Δ's
      been on death row or prior verdict
      of death by 1st jury
   So St. can't show how strict D.R. is to rebut the
     re: violent acts of others i.e. prison gangs

defense ok w/ offering into evidence:

court's ruling: ↓

unavailable — proof of death (letter from ME) of Lisa Gonzales —

unavailable — Henry Tenorio — illegal alien smuggling —
very sick, being treated and can't
leave town per docter to come testify —
letter from docter

prior trial transcript to be offered into
evidence for purpose of appeal

Robin Rhodes — agreement — False Report to P.O.
case in misd court, dismiss for truthful
testimony

8 hot checks — leniency

ct sustained ruling that cannot testify that
"truthful" "honest testimony"

witness not currently in custody/bond,
open warrants

ordered by ct to disclose veniremen
and witnesses' records from JIMS

9/30/05    Unadjudicated Offenses — don't have to prove BRD
                                       outside jurys presence
have ct do →    defense will make list of objections
court or          to each offense on record
p.t to            prior to trial beginning,
opening         b/c St. to mention in opening stmnt
stmnt

(11)          Robin Rhodes (VIC)

1977 - cocaine prob.
1991 - theft / drug. prob.
1993 - TDCJ 2 yrs. Credit Card Abuse / Theft
1995 - misd theft

1996 - felony theft - 4 mos.

2003 - theft / UUMV 6 mos.


paid informant - HCOC task force
                        received consideration for
                    his cases ? $


this case - consideration - 8 class C JBC cases
                                    dismissed

                              class B False Report
                              case dismissed


HC jail   Aug. 1998 - MRP - met Δ, but
             not asked by any law enforcement to do so


Δ thought Rhodes could do stuff on outside

Δ told Rhodes abt. crime - shot himself accidentally
             during crime

Δ wanted 2 people to "disappear" b/c would
      help Δ's case, didn't want them to show up
                    in court - by any means possible
Rhodes knew request was illegal, and that
      it would help Rhodes to help State,
      Rhodes small crime, Δ huge crime


2nd hit list:                          each are witnesses
wit 1 - Diane Zernia          wants eliminated
                                          so he could
wit 3 - Mike Donaghy         walk away a
wit 4 - Snitch Jack Reed     free man

# APPENDIX 3-2

**Robin Lee Rhodes Criminal History**

# Section 1

THE STATE OF TEXAS
VS.
ROBERT LEE
1107 BLUE BELL, #D
HOUSTON, TX. 77038

NCIC CODE: 2300 59
FELONY CHARGE:
THEFT OF SERVICE
CAUSE NO:    667238
HARRIS COUNTY
DISTRICT COURT NO: _____ 248

D.A. LOG NUMBER: **44774**
CIIS TRACKING NO.:
SPN: 01325889/999
DOB: WM 12/19/1955          BY: MW    DA NO: 599
DATE PREPARED: 6/18/93       AGENCY: HCDA
                             O/R NO: 63544693
                             ARREST DATE: TO BE
RELATED CASES:  DEF. HAS TWO FELONY CHARGES

Vol / Page / 8XGM

BAIL: $ $2,000.00
PRIOR CAUSE NO:

---

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **ROBERT LEE** , hereafter styled the Defendant, on or about **JUNE 17, 1993**, did then and there unlawfully , with intent to avoid payment of service that the Defendant knew was provided only for compensation, and having control under a written rental agreement of personal property, namely, AN AUTOMOBILE, owned by JEFF WAGNER, hereafter styled the Complainant, hold the property without the effective consent of the Complainant beyond the expiration of the rental period, thereby depriving the Complainant of its use in further rentals, and the value of the service stolen by the Defendant was seven hundred fifty dollars,  and the property was held without the effective consent of the owner.

PROBABLE CAUSE:
   AFFIANT, JEFFREY WAGNER, WHO IS EMPLOYED BY BUDGET RENT A CAR, WHICH IS A COMPANY THAT RENTS AUTOMOBILES, IS A CREDIBLE PERSON. AFFIANT SPOKE WITH A COMPANY EMPLOYEE, LENAIS HATFIELD; WHO IS A CREDIBLE PERSON, WHO STATED THAT ON APRIL 7, 1993, THE DEFENDANT RENTED AN AUTOMOBILE IN HIS OWN NAME IN THE PRESENCE OF THE EMPLOYEE, AND PRESENTED A DRIVER'S LICENSE IN HIS NAME TO THE EMPLOYEE.  THE RENTAL CONTRACT SPECIFIED THAT THE DEFENDANT WAS TO RETURN THE AUTOMOBILE BY MAY 4, 1993. THE COMPANY RECORDS, WHICH AFFIANT HAS CHECKED, REFLECT THAT THE AUTOMOBILE RENTED BY THE DEFENDANT HAS NOT BEEN RETURNED TO THIS DATE  AND THE DEFENDANT DID NOT RECEIVE PERMISSION TO LENGTHEN THE RENTAL TERM.  AFFIANT STATES FURTHERMORE THAT ON MAY 20, 1993,  AFFIANT CAUSED A CERTIFIED DEMAND LETTER TO BE SENT TO THE ADDRESS WHERE THE DEFENDANT REPRESENTED HE RESIDED.  THE AFOREMENTIONED LETTER WAS RETURNED TO THE SENDER ON JUNE 17, 1993, MARKED "UNCLAIMED".  TO THIS DATE, THE AUTOMOBILE HAS NOT BEEN RETURNED AND SERVICES THEREFOR REMAIN UNPAID.  AFFIANT STATES THE VALUE OF THE UNPAID RENTAL IS $750.00.  THE VALUE OF THE AUTOMOBILE IS $17,000.00.

## AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on ___June 18, 1993___

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

## COMPLAINT

THE STATE OF TEXAS
VS.
ROBERT LEE
1107 BLUE BELL, #D
HOUSTON, TX. 77038

NCIC CODE: 2300 59
FELONY CHARGE:
THEFT OF SERVICE
CAUSE NO: 667238
HARRIS COUNTY
DISTRICT COURT NO: 248

D.A. LOG NUMBER: **44774**
CJIS TRACKING NO.:
SPN: 01325889/999
DOB: WM 12/19/1955
DATE PREPARED: 6/18/93
RELATED CASES:   DEF. HAS TWO FELONY CHARGES

BY: MW      DA NO: 599
AGENCY: HCDA
O/R NO: 63544693
ARREST DATE: TO BE

180th

BAIL: $ $2,000.00
PRIOR CAUSE NO:
Vol___ Page___ AXGM

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ROBERT LEE** , hereafter styled the Defendant, on or about **JUNE 17, 1993**, did then and there unlawfully. , with intent to avoid payment of service that the Defendant knew was provided only for compensation, and having control under a written rental agreement of personal property, namely, AN AUTOMOBILE, owned by JEFF WAGNER, hereafter styled the Complainant, hold the property without the effective consent of the Complainant beyond the expiration of the rental period, thereby depriving the Complainant of its use in further rentals, and the value of the service stolen by the Defendant was seven hundred fifty dollars, and the property was held without the effective consent of the owner.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Foreman

FOREMAN OF THE GRAND JURY

**INDICTMENT**

THE STATE OF TEXAS
VS.
ROBERT LEE
1107 BLUE BELL, #D
HOUSTON, TX. 77038

NCIC CODE: 2300 59
FELONY CHARGE:
  THEFT OF SERVICE
CAUSE NO: __667238__
HARRIS COUNTY
DISTRICT COURT NO: ____248____

D.A. LOG NUMBER: **44774**
CJIS TRACKING NO.:
SPN: 01325869/999
DOB: WM 12/19/1955          BY: MW     DA NO: 599
DATE PREPARED: 6/18/93      AGENCY: HCDA
                            O/R NO: 63544693
                            ARREST DATE: TO BE
RELATED CASES:   DEF. HAS TWO FELONY CHARGES

BAIL: $ 2,000.00
PRIOR CAUSE NO:

---

## WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION

   In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **ROBERT LEE** , hereafter styled the Defendant, on or about **JUNE 17, 1993**, did then and there unlawfully, , with intent to avoid payment of service that the Defendant knew was provided only for compensation, and having control under a written rental agreement of personal property, namely, AN AUTOMOBILE, owned by JEFF WAGNER, hereafter styled the Complainant, hold the property without the effective consent of the Complainant beyond the expiration of the rental period, thereby depriving the Complainant of its use in further rentals, and the value of the service stolen by the Defendant was seven hundred fifty dollars, and the property was held without the effective consent of the owner.

F I L E D
KATHERINE TYRA
District Clerk

SEP

Time:
Harris
By_____Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on _June 17, 1993_

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _3 years DADJ & Restitution, in the amount of $1500_ and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled.

_____
DEFENDANT                     JUL 09 1993

Sworn to and Subscribed before me on _____

_____
HARRIS COUNTY DEPUTY DISTRICT CLERK

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendant may be entitled.

Gary E. Patterson                      _____
DEFENDANT'S ATTORNEY (PRINT)          SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowing and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment

_____
JUDGE PRESID

**PLEA OF GUILTY**

CAUSE NUMBER 667238

THE STATE OF TEXAS            IN THE 248TH DISTRICT COURT

VS.                                OF

ROBERT LEE                  HARRIS COUNTY, TEXAS

## MOTION TO ADJUDICATE GUILT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and shows the Court that heretofore on the **9th** day of **September, 1993**, the Defendant herein entered a plea of **Guilty** to the offense of **THEFT OF SERVICE**, the Court after hearing the evidence introduced thereon and finding that it substantiates the Defendant's guilt, deferred entering an adjudication of guilt and placed the Defendant under the terms and conditions of probation for a period of **3** years in accordance with Section **5** of Article 42.12 of the Texas Code of Criminal Procedure.

Further, the State would show that the Court ordered the Defendant herein to abide by certain conditions of probation during the term of probation and among the conditions of probation ordered by the Court were the following conditions of probation:

(a)     Commit no offense against the laws of this or any other State or of the United States;

(b)     Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription;

(d)     Report immediately in person on **September 9, 1993** to the Harris County Adult Probation Department Intake Division, 49 San Jacinto Street, Houston, Texas and thereafter **as directed** each month to your designated Probation Officer unless different dates within a calendar month are agreed to by you and your Probation Officer;

(e)     Work continuously at suitable employment and notify the Probation Officer within 48 hours of any changes in employment status; present written verification of employment (including all attempts to secure employment) once each month on your reporting date;

(n)     Pay a Supervision Fee to the Harris County Probation Adult Probation Department at the rate of **$25.00** per month for the entire period of probation beginning **October 9, 1993**;

PAGE TWO
ROBERT LEE
CAUSE #667238
MOTION TO ADJUDICATE GUILTY

(g)   Make restitution in any sum that the Court shall determine:

Pay $1,500.00 at the rate of $50.00 per month beginning October 9, 1993 to yield

Wages:

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: committing an offense against the State of Texas, to-wit: on or about July 31, 1994, in Harris County, Texas, the Defendant did then and there unlawfully, appropriate by acquiring and otherwise exercise control over property, namely, one package of briefs and one package of "t-shirts", owned by Johnathan Burger, hereafter styled the Complainant of the value of the value of over twenty dollars and under two hundred dollars, with the intent to deprive the Complainant of the property.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to avoid injurious or vicious habits, to-wit: Robert Lee did ingest a controlled substances, namely, cocaine, which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robert Lee on April 29, 1994 at the Harris County Community Supervision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to report to the Probation Office, to-wit: The Defendant was ordered to report on September 9, 1993 and thereafter as directed by his designated Probation Officer. He failed to report as instructed for the months of October 1993, November 1993, December 1993, May 1994, June 1994, and July 1994; different dates within a calendar month were agreed to by him and his Probation Officer unless

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to secure or maintain employment, to-wit: The Defendant has failed to maintain or secure employment for the months of September 1993, October 1993, November 1993, December 1993, January 1994, February 1994, March 1994, May 1994, June 1994, and July 1994 as ordered by the Court.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to pay supervisory fee, to-wit: The Defendant has not made a payment for the month of July 26, 1994, as directed by the Court, and is presently $252.00 in arrears.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to pay restitution, to-wit: The Defendant has not made a payment for the months of November 1993, December 1993, February 1994, March 1994, April 1994, June 1994 and July 1994 s, as directed by the Court, and is presently $490.00 in arrears.

PAGE THREE
ROBERT LEE
CAUSE #667238                                    MOTION TO ADJUDICATE GUILTY

WHEREFORE, THE STATE PRAYS THAT Alias Capias issue and upon arrest that hearing be given the
Defendant and that on final hearing an adjudication of guilt be entered.

ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

MOTION GRANTED AS PRAYED FOR and the Clerk is hereby ordered to issue Alias Capias for arrest of the
Defendant and that copy of this Motion be served on the Defendant.

SIGNED THIS THE ___12___ DAY OF ___August___, A.D., 19 _94_

HONORABLE **WOODY DENSEN**, JUDGE
PRESIDING, **248TH** DISTRICT COURT
Harris County, Texas

ATTEST:                              ACTION DIRECTED BY THE COURT

                                     A.    File Motion to Revoke _____
KATHERINE TYRA                       B.    No Action Desired _____
District Clerk                       C.    Hold Pending _____
Harris County, Texas

By: _____

                                     Adult Probation Officer **JOHNNY STEWART**
                                     Date Submitted _____8___/_12___/_94_

DLC

F I L E D
**KATHERINE TYRA**
District Clerk

AUG 12 1994

Time: _____
Harris County, Texas
By _____ Deputy

PRECEPT TO SERVE COPY OF MOTION TO ADJUDICATE GUILT

THE STATE OF TEXAS                    NO. 066723801010

              VS                      IN THE 248 DISTRICT COURT

LEE, ROBERT                           OF HARRIS COUNTY, T E X A S

            T H E   S T A T E   O F   T E X A S

TO THE SHERIFF OF HARRIS COUNTY, STATE OF TEXAS,  GREETINGS:

YOU ARE HEREBY COMMANDED TO DELIVER FORTHWITH TO LEE, ROBERT
A PRISONER IN YOUR CUSTODY, THE COPY OF THE ORIGINAL MOTION TO ADJUDICATE
GUILT NOW ON FILE IN SAID COURT.

   HEREIN FAIL NOT AND DUE RETURN MAKE HEREOF, WITHOUT DELAY.

                        WITNESS MY SIGNATURE AND SEAL OF OFFICE,
                        ON THIS THE 12TH DAY OF AUGUST    A.D. 1994

                            KATHERINE TYRA
                        DISTRICT CLERK, HARRIS COUNTY, TEXAS

INITIATING DEPUTY: WADE, DEBRA SUE
                        BY _____ DEPUTY

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

                        SHERIFF"S RETURN

CAME TO HAND _12 of September_ A. D. 19_94_, AT _7:42_ O"CLOCK _P_M

AND EXECUTED _12 of September_ A. D. 19_94_, AT _7:42_ O"CLOCK _P_M
BY DELIVERING THE ACCOMPANYING COPY OF MOTION TO ADJUDICATE GUILT
NO. 066723801010 TO LEE, ROBERT               THE DEFENDANT HEREIN,
IN PERSON.

JOHNNY KLEVENHAGEN
SHERIFF OF HARRIS COUNTY, TEXAS

BY _____ DEPUTY

                          BY _____ DEPUTY

C87 D1 (COURT ORDER)                                    IN THE 248 DISTRICT COURT
                    CAUSE NO. 066723801010
                                                        OF HARRIS COUNTY, TEXAS

T H E   S T A T E   O F   T E X A S
                  VS.
                                                        THEFT SERVICE $750-$20,000
LEE. ROBERT


TO THE SHERIFF OF HARRIS COUNTY, TEXAS:    GREETINGS

        BY ORDER OF THE COURT ON THE 27 DAY OF SEPTEMBER , A. D. 1994 THE

FOLLOWING ACTION IS DIRECTED IN THE ABOVE STYLED AND NUMBERED CAUSE:

(XX) STATE'S MOTION TO ADJUDICATION DISMISSED




(31) RETURN CAPIAS AND RELEASE DEFENDANT FROM YOUR OFFICIAL CUSTODY, AS

        INDICATED BY ABOVE ACTIVITY

WITNESS MY HAND AND SEAL OF OFFICE AT HOUSTON, TEXAS, THIS 27 DAY OF

SEPTEMBER , A.D. 1994 AT    1040    O'CLOCK.

SNU: 999                                   KATHERINE TYRA DISTRICT CLERK
INITIATING DEPUTY: BALDERRAMA, PEGGY LYNN   HARRIS COUNTY, TEXAS

                                           BY _____   LD
                                                              DEPUTY

OFFESE: _Left of service_ MAJ only

CAUSE NO. _667238_
COUNT NO. _____

THE STATE OF TEXAS

VS.

_Robin Lee Rhales_ A.K.A. Robert Lee

IN THE _248_ DISTRICT COURT
OF
HARRIS COUNTY, TEXAS

**MOTION TO DISMISS** MA only

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- The Defendant was convicted in another case or count.
- In custody elsewhere.
- Old case, no arrest.
- Missing witness.
- Request of complaining witness.
- Motion to suppress granted.
- Co-Defendant tried, this Defendant testify.
- Insufficient evidence.
- Co-Defendant convicted, insufficient evidence this Defendant.
- Case refiled.
- [✓] Other

EXPLANATION: _Def to catch up w/ fees._

RECORDER'S MEMORANDUM:
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

F I L E D
KATHERINE TYRA
District Clerk
SEP 27 1994
Time: 10:30
Harris County, Texas
By: _____ Deputy

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

_____
Assistant District Attorney
Harris County, Texas

**ORDER**

The foregoing motion having been presented to me on this the _27_ day of _September_ A.D. 19_94_, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____ JUDGE
_____ DISTRICT COURT
HARRIS COUNTY, TEXAS

DA FORM 10975

Original- White;     State's Copy - Pink;     Sheriff's Copy - Yellow

CAUSE NUMBER 667238

THE STATE OF TEXAS                 IN THE 248th DISTRICT COURT

VS.                                        OF

Robert Lee                           HARRIS COUNTY, TEXAS

## MOTION TO ADJUDICATE GUILT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and shows the Court that heretofore on the 9th day of September, 1993, the Defendant herein entered a plea of Guilty to the offense of Theft of Service, the Court after hearing the evidence introduced thereon and finding that it substantiates the Defendant's guilt, deferred entering an adjudication of guilt and placed the Defendant under the terms and conditions of probation for a period of 3 years in accordance with Section 5 of Article 42.12 of the Texas Code of Criminal Procedure.

Further, the State would show that the Court ordered the Defendant herein to abide by certain conditions of probation during the term of probation and among the conditions of probation ordered by the Court were the following conditions of probation:

(b)      Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription;

(d)      Report immediately in person on September 9, 1993 to the Harris County Community Supervision and Corrections Department Intake Division, 49 San Jacinto Street, Houston, Texas and thereafter on the 9th day of each month to your designated Probation Officer unless different dates within a calendar month are agreed to by you and your Probation Officer;

(e)      Work continuously at suitable employment and notify the Probation Officer within 48 hours of any changes in employment status; present written verification of employment (including all attempts to secure employment) once each month on your reporting date;

(o)      Pay a supervision fee to the Harris County Community Supervision and Corrections Department at the rate of $25.00 per month for the entire period of probation beginning 1-9-93;

(p)      Make restitution in any sum that the Court shall determine: Pay $1500 at the rate of $50 per month beginning 10-9-93; to Jeff Wagner.

PAGE TWO OF THREE – MOTION TO ADJUDICATE GUILT
THE STATE OF TEXAS VS. Robert Lee

CAUSE No. 667238

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to avoid injurious or vicious habits to-wit; Robert Lee did ingest a controlled substances, namely, Cocaine, which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robert Lee on April 29, 1994 at the Harris County Community Supervision and Correction Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to avoid injurious or vicious habits to-wit; Robert Lee did ingest a controlled substances, namely, Cocaine, which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robert Lee on October 26, 1994 at the Harris County Community Supervision and Correction Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to report to the Probation Office, to-wit; the Defendant was ordered to report September 9, 1993 and thereafter as directed of each month to his designated Probation Officer unless different dates within a calendar month were agreed to by him and his Probation Officer. He failed to report as instructed for the months of October 1993, November 1993, December 1993, May 1994, June 1994, July 1994 and November 1994.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to secure or maintain or provide proof of employment, to-wit; the Defendant has failed to maintain or secure or provide proof of employment for the months of October 1993, November 1993, December 1993, January 1994, February 1994, March 1994, May 1994, June 1994, July 1994 and October 1994 as ordered by the Court.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to pay supervision fee, to-wit; the Defendant has not made a payment for the months of February 1994, March 1994, April 1994, May 1994, June 1994, July 1994, October 1994 and November 1994, as directed by the Court, and is presently $350.00 in arrears.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to pay restitution, to-wit; the Defendant has not made a payment for the months of February 1994, March 1994, April 1994, May 1994, June 1994, July 1994, October 1994 and November 1994, as directed by the Court, and is presently $600.00 in arrears.

PAGE THREE OF THREE — MOTION TO ADJUDICATE GUILT

THE STATE OF TEXAS VS. Robert Lee                    CAUSE No. 667238

WHEREFORE, THE STATE PRAYS THAT Alias Capias issue and upon arrest that hearing be given the
Defendant and that on final hearing an adjudication of guilt be entered.

ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

MOTION GRANTED AS PRAYED FOR and the Clerk is hereby ordered to issue Alias Capias for arrest of the
Defendant and that copy of this Motion be served on the Defendant.

SIGNED THIS THE _____ 15 _____ DAY OF __Decemb__, A. D. , 19_94_

HONORABLE Judge Woody Densen, JUDGE

PRESIDING, 248th DISTRICT COURT
Harris County, Texas

F I L E D
KATHERINE TYRA
District Clerk

DEC 1 5 1994

Time: _____
Harris County, Texas

ATTEST:    By _____
                        Deputy

KATHERINE TYRA
District Clerk
Harris County, Texas

By: _____

ACTION DIRECTED BY THE COURT

A.    File Motion to Revoke _____

B.    No Action Desired _____

C.    Hold Pending _____

Adult Probation Officer Mario Reta (NB)

Date Submitted __12 15 94__

38

THE STATE OF TEXAS
COUNTY OF HARRIS          ALIAS CAPIAS

IN THE 248TH DISTRICT COURT
OF HARRIS COUNTY, TEXAS

DEC 15 1994          NO. 066723801010

NJ-60183237

THE STATE OF TEXAS: TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO ARREST LEE, ROBERT

IF HE IS TO BE FOUND IN YOUR COUNTY, AND HIM SAFELY KEEP, OR SO PROVIDE THAT
YOU HAVE HIM BEFORE THE HONORABLE 248 DISTRICT COURT IN AND FOR SAID COUNTY OF
HARRIS, AT THE COURTHOUSE THEREOF IN THE CITY OF HOUSTON.

I N S T A N T E R

THEN AND THERE TO ANSWER THE STATE OF TEXAS UPON

M O T I O N   T O   A D J U D I C A T E   G U I L T

UPON ORDER FOR PROBATION AND DEFERMENT OF ADJUDICATION OF GUILT FOR THE OFFENSE
OF THEFT SERVICE $750-$20,000
FILED IN OUR SAID 248 DISTRICT COURT ON THE 09  DAY OF SEPTEMBER, A.D. 1993.

HEREIN FAIL NOT, BUT OF THIS WRIT THEN AND THERE MAKE DUE RETURN, SHOWING HOW
YOU HAVE EXECUTED THE SAME. IF NOT EXECUTED WITHIN 90 DAYS FROM DATE HEREOF, YOU
SHALL NOTIFY SAID COURT IN WRITING, THE CAUSE OF THE FAILURE, AND WHAT EFFORTS
HAVE BEEN MADE, TO EXECUTE SAME.

IN WITNESS WHEREOF, THEREUNTO SET MY HAND AND AFFIX THE SEAL OF THE COURT,
AT OFFICE IN HOUSTON, TEXAS, ON THIS THE 15TH DAY OF DECEMBER , A.D. 1994.

BAIL , $000000

KATHERINE TYRA
DISTRICT CLERK, HARRIS COUNTY, TEXAS

INITIATING DEPUTY: VALDERRAMA, PEGGY LYNN          SNU: 996

FILED: 12/15/94
MOTION TO ADJUDICATE GUILT

BY _____
                        DEPUTY

*************************************************************************

S H E R I F F ' S   R E T U R N

RECEIVED THIS WRIT ON THE 15 DAY OF Dec , 1994, AND I EXECUTED
SAME ON THE 17 DAY OF Dec , 1995 BY ARRESTING THE NAMED DEFENDANT

Robert Lee          AT 7 O'CLOCK AM/PM

BY PLACING IN HARRIS COUNTY JAIL SAID Robert Lee

BY ACCEPTING BOND ON SAID _____

UNEXECUTED _____

05 DEC 15
BY

TOMMY KLEVENHAGEN
SHERIFF OF HARRIS COUNTY, TEXAS

BY D Landa, Clerk

16

HARRIS COUNTY SHERIFF'S DEPARTMENT

CRIMINAL WARRANTS DIVISION
CAPIAS AND WARRANT SERVICE STATUS

Cause No. _____

Last Name _____ F:

AKA _____

NAME- LEE, ROBERT
SEX- M RACE- W DOB- 121955 SPN-00183237
HAI- BLN EYE- BLU HGT- 508 WGT- 185
ADDRESS- 22207     LANTANA
CITY- MAGNOLIA    ST- TX ZIP- 77355
DL- 14899080          STATE- TX
SOC- 453117256      SON- 195408
CHARGE-  THEFT SERVICE $750-$20,000
CDI- 003 COURT- 248 CASE- 066723801010
DOI- 121594  FPC- 1810142517PIPM13PI19
JIMS NO- 406

| ACTION | TIME/DATE | DETECTIVE |
|--------|-----------|-----------|
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |
|        |           |           |

CW-117 (Rev. 4/90)

## DEFENDANT DESCRIPTORS

CASE # 667238                                                    COURT # 248TH

NAME   ROBERT LEE                              RACE   W   SEX   M   DOB   12-19-55

BIRTH STATE   TX   MARITAL STATUS   S   U.S. CITIZEN   Y   # PRIOR CONV.   10

BUILD   MED   HEIGHT   5'8   WEIGHT   185   EYES   BLU   HAIR   BLN   SKIN   FAR

ALIAS NAMES   ROBIN LEE RHODES, ROBERT LEE RHODES AND ROBERT LEE

ADDRESS TYPE   RESIDENT   STREET ADDRESS 22207 LANTANA   CITY MAGNOLIA

STATE   TEXAS   PHONE #   713356-7213

EMPLOYER   U

STREET ADDRESS U   CITY U   ZIP   U

STATE   U   PHONE #   U   OCCUPATION   U

FBI #   U   DPS #   U   SOC. SEC. #   U   SCARS TTONCHEST

DRIVER LICENSE STATE   U   D.L. NUMBER   U   S.O. #   195408

COMPLETE THIS FORM AS FULLY AS POSSIBLE PRIOR TO FILING A VR/MRP. THE DATA WILL BE USED BY THE SHERIFF'S
OFFICE WARRANT DIVISION IN THEIR ATTEMPT TO LOCATE THE DEFENDANT. THIS FORM IS TO BE TURNED IN WITH THE
MRP TO THE DISTRICT CLERK AND IS TO BE ATTACHED TO THE CAPIAS.

| ***RACE*** | ***MARITAL STATUS*** | ***BUILD*** |
|---|---|---|
| W...WHITE | M...MARRIED | SKN...SKINNY |
| N...NEGRO | D...DIVORCED | LGT...LIGHT |
| M...MEXICAN | S...SINGLE | MED...MEDIUM |
| I...AMERICAN INDIAN | W...WIDOWED | HEV...HEAVY |
| J...JAPANESE | X...UNKNOWN | OBS...OBESE, FAT |
| O...ALL OTHERS | | |
| X...UNKNOWN | | |

| ***EYES*** | ***HAIR*** | ***SKIN*** |
|---|---|---|
| BLK...BLACK | BLK...BLACK | ALB...ALBINO |
| BLU...BLUE | BRO...BROWN | BLK...BLACK |
| BRO...BROWN | BLN...BLOND | DRK...DARK |
| GRY...GRAY | SDY...SANDY | DBR...DARK BROWN |
| GRN...GREEN | RED...RED | FAR...FAIR |
| HAZ...HAZEL | GRY...GRAY | LGT...LIGHT |
| MAR...MAROON | WHI...WHITE | LBR...LIGHT BROWN |
| PNK...PINK | BAL...BALD | OLV...OLIVE |
| X.......UNKNOWN | X......UNKNOWN | RUD...RUDDY |
| | | SAL...SALLOW |
| | | YEL...YELLOW |

LAVL: ___ TECH.: XX
12-6-94
SA

OFFENSE: _MAJ_

CAUSE NO. _661236_
COUNT NO. _____

THE STATE OF TEXAS

IN THE _248_ DISTRICT COURT

VS.

OF

_Robert Lee_

HARRIS COUNTY, TEXAS

### MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

☐ The Defendant was convicted in another case or count.
☐ In custody elsewhere.
☐ Old case, no arrest.
☐ Missing witness.
☐ Request of complaining witness.
☐ Motion to suppress granted.
☐ Co-Defendant tried, this Defendant testify.
☐ Insufficient evidence.
☐ Co-Defendant convicted, insufficient evidence this Defendant.
☐ Case refiled.
☒ Other.

EXPLANATION:

_Δ to do 90 days jail therapy on other case._

DUPLICATE

FILED

DEC 28 1995

Time: _10:00_
Harris County, Texas

By _____ Deputy

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

_Jimmy Thomas_
Assistant District Attorney
Harris County, Texas

### ORDER

The foregoing motion having been presented to me on this the _28th_ day of _Dec_,
A.D. 19 _95_ and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

JUDGE _____

_____ DISTRICT COURT
HARRIS COUNTY, TEXAS

DA FORM 10975

Original- White;     State's Copy - Pink;     Sheriff's Copy - Yellow

C87 D1 (COURT ORDER)

IN THE 248 DISTRICT COURT

CAUSE NO. 066723801010

OF HARRIS COUNTY, TEXAS

T H E   S T A T E   O F   T E X A S

VS.

THEFT SERVICE $750-$20,000

LEE, ROBERT

TO THE SHERIFF OF HARRIS COUNTY, TEXAS:   GREETINGS

BY ORDER OF THE COURT ON THE 28 DAY OF DECEMBER  , A. D. 1995 THE

FOLLOWING ACTION IS DIRECTED IN THE ABOVE STYLED AND NUMBERED CAUSE:

(XX) STATE'S MOTION TO ADJUDICATION DISMISSED

(31) RETURN CAPIAS AND RELEASE DEFENDANT FROM YOUR OFFICIAL CUSTODY, AS
     INDICATED BY ABOVE ACTIVITY

WITNESS MY HAND AND SEAL OF OFFICE AT HOUSTON, TEXAS, THIS 28 DAY OF

DECEMBER  , A.D. 1995 AT   1000   O'CLOCK.

SNU: 998
INITIATING DEPUTY: MCCULLOUGH, MICHAEL

CHARLES BACARISSE   , DISTRICT CLERK
HARRIS COUNTY  TEXAS

BY _____

                              DEPUTY

PRECEPT TO SERVE COPY OF MOTION TO ADJUDICATE GUILT

THE STATE OF TEXAS                    NO. 066723801010

          VS                          IN THE 248 DISTRICT COURT

LEE, ROBERT                           OF HARRIS COUNTY, T E X A S

           T H E    S T A T E    O F    T E X A S

TO THE SHERIFF OF HARRIS COUNTY, STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO DELIVER FORTHWITH TO LEE, ROBERT
A PRISONER IN YOUR CUSTODY, THE COPY OF THE ORIGINAL MOTION TO ADJUDICATE
GUILT NOW ON FILE IN SAID COURT.

   HEREIN FAIL NOT AND DUE RETURN MAKE HEREOF, WITHOUT DELAY.

                         WITNESS MY SIGNATURE AND SEAL OF OFFICE,
                         ON THIS THE 15TH DAY OF DECEMBER    A.D. 1994

                              KATHERINE TYRA
                         DISTRICT CLERK, HARRIS COUNTY, TEXAS

INITIATING DEPUTY: WADE, DEBRA SUE
                              BY                          DEPUTY

                         FILED
                         CHARLES BACARISSE
                         DISTRICT CLERK
                         HARRIS COUNTY, TEX.
                         95 DEC 18 AM 9:                BY_____ DEPUTY

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

                    SHERIFF'S RETURN

CAME TO HAND    Dec 15                A. D. 1994, AT  2   O"CLOCK  P M

AND EXECUTED    Dec 17                A. D. 1995, AT  7   O"CLOCK  P M
BY DELIVERING THE ACCOMPANYING COPY OF MOTION TO ADJUDICATE GUILT
NO. 066723801010 TO LEE, ROBERT                 THE DEFENDANT HEREIN,
IN PERSON.

   JOHNNY KLEVENHAGEN
   SHERIFF OF HARRIS COUNTY, TEXAS

   BY   D Lands, Clerk        DEPUTY

CAUSE NUMBER _____ 667238 _____

THE STATE OF TEXAS

VS.                                                    IN THE 248TH DISTRICT COURT

_____ ROBERT LEE _____                           OF

                                                       HARRIS COUNTY, TEXAS

## MOTION TO ADJUDICATE GUILT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and shows the Court that heretofore on the ___9th___ day of ___September___, 19 93 the Defendant herein entered a plea of ___guilty___ of the offense of _____ THEFT OF SERVICE _____, that court after hearing the evidence introduced thereon and finding that it substantiates the Defendant's guilt deferred entering an adjudication of guilt and placed the Defendant under the terms and conditions of Probation for a period of ___3___ years in accordance with Section 5 of Article 42.12 of the Texas Code of Criminal Procedure.

Further, the State would show that the Court ordered the Defendant herein to abide by certain conditions of Probation during the term of Probation and among the conditions of Probation ordered by the Court were the following conditions of Probation.

A   Commit no offense against the laws of this or any other State or of the United States;

B   Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription;

D   Report immediately in person on September 9, 1993 to the Harris County Adult Probation Department Intake Division, 49 San Jacinto Street, Houston, Texas and thereafter as directed at each month to your designated Probation Officer unless different dates within a calendar month are agreed to by you and your Probation Officer;

E   Work continuously at suitable employment and notify the Probation Officer within 48 hours of any change in employment status; present written verification of employment (including all attempts to secure employment) once each month on your reporting date;

O   Pay a Supervision Fee to the Harris County Adult Probation Department at the rate of $25.00 per month for the entire period of probation beginning October 9, 1993.

P   Make restitution in any sum that the Court shall determine. Pay $1,500.00 at the rate of $50.00 per month beginning October 9, 1993; to: Jeff Wagner

S   Submit yourself to an alcohol/drug evaluation and attend approved treatment program when directed by the Court through the Harris County Adult Probation Department

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Committing an offense against the laws of the state of Texas, to-wit: on or about June 20, 1994 in Harris County, Texas, the Defendant did then and there unlawfully, appropriate, by acquiring and other exercising control over property, namely, ONE AUTOMOBILE owned by POSCHNET PAULINE, hereinafter styled the Complainant, of the value of over one thousand five hundred dollars and under twenty thousand dollars, with the intent to deprive the Complainant of the property.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to avoid injurious or vicious habits to-wit, Robert Lee did ingest/inject a controlled substance, namely, Cocaine which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robert Lee on April 29, 1994 at the Harris County Community Supervision and Corrections Department.

(Continuation Sheet)
Page 2 of 3

THE STATE OF TEXAS                                    IN THE 248TH DISTRICT COURT

VS.                                                                    OF

ROBERT LEE                                              HARRIS COUNTY, TEXAS

CAUSE NUMBER        667238

MOTION TO ADJUDICATE GUILT

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to avoid injurious or vicious habits to-wit; Robert Lee did ingest/inject a controlled substance, namely, Cocaine which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robert Lee on October 26, 1994 at the Harris County Community Supervision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to avoid injurious or vicious habits to-wit; Robert Lee did ingest/inject a controlled substance, namely, Cocaine which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robert Lee on February 28, 1996 at the Harris County Community Supervision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to avoid injurious or vicious habits, to-wit; the Defendant admitted using Alcohol on March 28, 1996 to Mario A. Reta a Supervision Officer at the Harris County Community Supervision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to report to the Probation Office, to-wit; the Defendant was ordered to report September 9, 1993 and thereafter as directed of each month to his designated Probation Officer unless different dates within a calendar month were agreed to by him and his Probation Officer. The Defendant failed to report as instructed for the months of October 1993, November 1993, May 1994, June 1994, July 1994, November 1994, April 1996, and May 1996.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to secure or maintain employment, to-wit; the Defendant has failed to maintain or secure employment for the months of January 1994, February 1994, March 1994, April 1994, October 1994, February 1996, and March 1996 as ordered by the Court.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to pay supervision fee, to-wit; the Defendant has not made a payment for the months of January 3, 1994, as directed by the Court, and is presently $800.00 in arrears.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to pay restitution as ordered by the Court and as of January 3, 1994, the DeDefendant is $1,450.00 in arrears.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to participate in the community-based program Alcohol/Drug Evaluation to-wit; on March 28, 1996 the Defendant was ordered to participate in Alcohol/Drug Evaluation and attend approved treatment and faithfully follow all guidelines and instructions. The Defendant has failed to follow instructions.

PAGE 2 - MOTION TO ADJUDICATE GUILT

THE STATE OF TEXAS VS. _____ ROBERT LEE _____ CAUSE NO _____ 667238 _____

WHEREFORE, THE STATE PRAYS that Alias Capies issue and upon arrest that a hearing be given the Defendant and that on the final hearing an adjudication of guilt be entered.

_____
ASSISTANT/DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

MOTION GRANTED AS PRAYED FOR and the Clerk is hereby ORDERED to issue Alias Capies for arrest of the Defendant and that a copy of this Motion be served on the Defendant.

SIGNED THIS THE __27th__ day of _____ A.D. 19 __76__

_____
HONORABLE ____ W. R. VOIGT ____, JUDGE
PRESIDING, __248TH__ DISTRICT COURT
Harris County, Texas

ATTEST

Charles Bacarisse
District Clerk
Harris County, Texas

By: _____
(Deputy)
DLC

ACTION DIRECTED BY THE COURT
A. FILE MOTION TO REVOKE __✓__
B. NO ACTION DESIRED _____
C. HOLD PENDING _____

_____
JUDGE, 248TH DISTRICT COURT

_____
PROBATION OFFICER     PATRICIA DAVILA
DATE SUBMITTED _____

CAUSE NO. 667238

THE STATE OF TEXAS         I      IN THE 248TH DISTRICT COURT

VS.    Robert Lee AKA       OF

Robin Rhodes      HARRIS COUNTY, TEXAS

### STIPULATION OF EVIDENCE

COMES NOW  Robin Rhodes , the defendant in the above
styled and numbered cause, in writing and in open Court and consents to the
stipulation of the evidence in this case and in so doing expressly waives the
appearance, confrontation and cross-examination of witnesses.  I further
stipulate that I have, at least ten (10) days prior hereto, been served with
a copy of the State's Motion to Adjudicate Guilt (hereafter referred to as
the State's Motion), a copy of which is attached hereto and incorporated by
reference herein, and do not desire to contest the same.  I further consent to
the introduction of testimony by affadavits, written statement of witnesses
and other documentary evidence.  Accordingly, having waived my Federal and
State Constitutional Right against self-incrimination and after having been
sworn, under oath, I judicially confess to the following facts and agree and
stipulate that these facts are true and correct and constitute the evidence in
this case:

(1) I am the same  Robert Lee / Robin Rhodes  who on the date
 9-9-93 , in Harris County, Texas, entered a plea of
 Guilty  to the offense of  THEFT of Service 
in the 248th District Court of Harris County, Texas, the Court after hearing
the evidence introduced thereon and finding that it substantiated my guilt,
deferred entering an adjudication of guilt and granted adult probation for a
period of  3  years.

(2) The conditions of probation ordered by the court included, those conditions
set out in the attached State's Motion.

(3) I understand the allegations against me set out in the attached State's
Motion and judicially confess that it is true that I violated the terms and
conditions of my probation as stated in the attached State's Motion.

I intend to enter a plea of true to the State's Motion and the prosecutor will
recommend that I be adjudicated guilty in this cause and my punishment should be
set at  10  YRS  Tel. Probation.
and I agree to that recommendation.    ISP - Drug - Eval -

_____
Defendant

SWORN TO AND SUBSCRIBED before me on the date of

                AUG 12 1996

_____
Clerk, 248th District Court
Harris County, Texas

APPROVED: _____

Assistant District Attorney

_____

Attorney for the Defendant

APPROVED BY THE COURT:

_____
Judge Presiding

FILED
CHARLES _____
AUG 12 1996
Time _____
By _____
Deputy

PLEA OF TRUE TO MOTION TO ADJUDICATE GUILT

CAUSE NO. 667238

THE STATE OF TEXAS        §       IN THE DISTRICT COURT

VS.                     §       HARRIS COUNTY, TEXAS

_____    §       248TH JUDICIAL DISTRICT

## WAIVER OF CONSTITUTIONAL RIGHTS
## AND
## WAIVER OF COURT REPORTER

      I am the Defendant accused of a felony in the above captioned cause, and I have consulted with my attorney, whose name is signed below regarding my right to have all court proceedings recorded by an official court reporter, as provided by Rule 11 of the Texas Rules of Appellate Procedure. My attorney has advised me of the consequences of not having said proceedings recorded. I understand that it is my burden to show on any appeal or post conviction writ of habeas corpus that my plea of true was not voluntarily or knowingly given and/or that the Judge did not properly advise me of the effect of a plea of true is: 1) voluntarily and knowingly given; 2) that the range of punishment for ~~the~~ 2 years TDC _____; 3) that the State's recommendation is not binding on the court; 4) that I cannot appeal if the court follows the State's recommendation unless the Court gives its permission except for those matters raised by written motion filed prior to trial; and that if I am not a U.S. Citizen my plea of true may result in deportation or the exclusion from admission to this country, the denial of naturalization under federal law.

Signed this the _____ day of _____, 19___.

                             _____
                             DEFENDANT

APPROVED:
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR THE STATE OF TEXAS

_____
JUDGE PRESIDING, 248TH DISTRICT COURT

THE STATE OF TEXAS     No. _26755___     IN THE _248__ DISTRICT

vs. _Robert Lee_

COURT OF HARRIS COUNTY, TEXAS

Change of Venue From: _____

### JUDGMENT ADJUDICATING GUILT

Judge Presiding: _WR Voigt_     Date of Judgment: _8-12-1996_

Attorney for State: _Larry Stanley_     Attorney for Defendant: _Kent Hornberger_     [ ] Waived Counsel

Offense Convicted of: _Theft of Service_

Degree _Third_     Date Offense Committed: _6-17-1993_

Date of Community Supervision Order: _9-9-93_     Costs: _178.50_

Paragraph Violated and Grounds for Revocation: _A, B, D, E, O, P, S   Law Violation_

As Set out in State's _Original_     Petition to Adjudicate Guilt.

Affirmative Findings: (Circle appropriate selection – N/A = not available or not applicable)
DEADLY WEAPON: Yes |No |N/A|   FAMILY VIOLENCE: Yes |No | N/A|   HATE CRIME: Yes |No |N/A|

Punishment Imposed and Place of Confinement: Institutional/State Jail Division _10 yrs IDCJ probated_ /Fine:

Date of Sentence: _8-12-1996_     Date to Commence:

Time Credited: _73 Days_     Total Amount of Restitution/Reparation/Reward:

Concurrent Unless Otherwise Specified: _____     Restitution/Reward to be Paid to:
Name:
Address:

Statement of Amount of Payment(s) required/Terms of Amount: _____

On this day came on to be heard the matter of the Defendant's obedience to the terms and conditions of the Deferred Adjudication of Guilt heretofore granted in the above styled and numbered cause; the State appeared by her District Attorney as named above and the Defendant appeared in person and either by counsel as named above or knowingly, intelligently and voluntarily waived the right to representation by counsel as indicated above, and the Court having heard the evidence submitted by both sides herein and having considered the same finds:

That this court deferred further proceedings on the date indicated above and that the Defendant was qualified for community supervision under Art. 42.12 5 (a), and that under the provisions of said act the court made no final finding of guilt herein, rendered no judgment and placed the Defendant on community supervision for a period of ___3___ years and assessed a fine of $_____.

That on the _20_ day of _June_ A.D. 19 _94_, and within the period of such community supervision, the Defendant violated the terms and conditions of said community supervision in that

_By Committing an offense against the State of TX namely Debit Card Abuse: Failed to avoid injurious Habits; Failed to report; Failed to Pay Supervisory fees_

It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, as charged in the primary offense, and assesses punishment at confinement in the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, and a fine, if any, as indicated above.

It is further CONSIDERED, ORDERED and ADJUDGED by the Court that the Deferred Adjudication of Guilt heretofore granted the Defendant named above, in this cause be and the same is hereby revoked, that the finding of guilt heretofore made in this cause be and the same is hereby made final, that there present be and the same hereby is a final judgment in this cause and that the Defendant as named above, committed the said offense on the date indicated above, and that he be punished by confinement in the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, and a fine, if any, as indicated above. And that the State of Texas do have and recover of the Defendant all costs of prosecution, for which execution will issue.

RECORDER'S MEMORANDUM:
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

Order of Adjudication of Guilt, Punishment & Sentence - Felony
CRM-15  R08-12-94     -1-

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Institutional Division or State Jail Division, Texas Department of Criminal Justice, for the period indicated above, be delivered by the Sheriff of Harris County, Texas, immediately to the Director of the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division or State Jail Division, Texas Department of Criminal Justice, for the period indicated above, in accordance with the provisions of the law governing the Institutional Division, or State Jail Division, Texas Department of Criminal Justice.

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

** TO BE COMPLETED ONLY WHEN IMPOSITION OF SENTENCE SUSPENDED AND DEFENDANT GRANTED COMMUNITY SUPERVISION.

[ ] On this the _____ day of _____, 19____ imposition of this sentence is suspended and defendant is placed on community supervision for _____ years pending his abiding by and not violating the terms and conditions of community supervision, approved by this Court and attached as a part of this judgment herewith.

Clerk of the court furnished the probationer with a copy of the terms and conditions of community service.

```
              B I L L   O F   C O S T S

Payment Type:____ (S, I, D, M or L:)  (NOTE:  If "I" or "D" see attached order)
Jail Time:____ ____ H/D/M/Y  CC: Y/N    Y=Yes  N=No (jail/fine/cost concurrent)
Time Assessed TDCJ, (ID) Institutional/(SJ) State Jail;_____  Div:_____  D/M/Y
Jail Credit: ____ ____ H/D/M/Y    Sentence to Begin Date: _____
(HCJ/SJ)_____ as a Condition of Community Supervision: _____  H/D/M/Y
Additional Jail Credit _____ H/D/M/Y
Payable on or Before: _____    PLO: _____  Reward SPN:_____  COC:_____
                     _____ Hours of Sentence to be Served by Performing Community Service
Defendant to Serve Sentence by Electronic Monitoring?  (X or N): _____
NOTE TO SHERIFF:
Transcript at:_____ Pages.......        Crime Stoppers Fee......... 2  00
Serving Capias: _____/Summons:..           Jury Fee...................
Summoning____ Witness/Mileage.......       CJPF...................... 20  00
Jury Fee...........................        LEOSEF.....................  1  50
Taking: _____ Bonds.................       CVCF...................... 20  00
Commitment.........................        DCLCF.....................
Release............................        JCTF......................  1  00
Attachment.........................        Video Fee.................
Arrest W/O Warrant/Capias..........        DWI Evaluation Fee.........
                                           Reward Repayment..........
-----------RECAPITULATION-----------       Pre-Bond Drug Test.........
                                           Bond/Elec Monitor Fee......
Fine Amount........................        ACCA......................
Miscellaneous Costs................        Financial Responsibility...
Special Expense....................        PTR Fee...................
Trial Fee..........................        Attorney Fee..............
District Attorney Fee..............        Out of County Witness Fee..
Clerk's Fee........................        Amount Probated/Waived.....
Sheriff's Fee......................        TOTAL AMOUNT OWED..........
```

Signed and entered this the _12_ day of _August_, A.D., 19 _96_.

Notice of Appeal: _____ 19____

_____
PRESIDING JUDGE

Probation Expires: _August 11_ 19 _2006_

Mandate Received: _____ 19____
After Mandate Received, Sentence to Begin Date is: _____

(Check ONLY if Applicable)
[ ] Defendant to be placed in the "S.A.I.P." (Boot Camp) program in the Texas Department of Criminal Justice, Institutional Division pursuant to Art.
    62.03 (c)-9 Revised Statutes/Article 42.12, Section 8, C.C.P.

Received on _12_ day of _August_, A.D., 19 _96_ at _12:30_ o'clock _P_.M.
Sheriff, Harris County, Texas

By: _____ Deputy

Entered _____

Verified _____

Defendant's
Right Thumbprint

CRM-15  R08-12-94                    -2-

CAUSE NUMBER ___557258___

THE STATE OF TEXAS                                          IN THE 248TH DISTRICT COURT

VS.                                                                           OF

_____Robert Lee_____                           HARRIS COUNTY, TEXAS

## MOTION TO REVOKE COMMUNITY SUPERVISION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and shows the Court that heretofore on the __12th__ day of _____August_____, 19_96_, the Defendant herein was adjudged guilty of the offense _____Theft of Service_____, a felony, and was granted Community Supervision for a period of __10__ years in accordance with Section __3__ of the Texas Code of Criminal Procedure.

Further, the State would show that the Court ordered the Defendant herein to abide by certain conditions of Community Supervision during the term of Community Supervision, and among the conditions of Community Supervision ordered by the Court were the following conditions of Community Supervision.

4    Report immediately in person, to the Community Supervision Officer for the 248th District Court on the 12th day of August, 1996 and continue to report to the Community Supervision Officer on the 12th of each month thereafter or as directed by the Community Supervision Officer for the remainder of the supervision term unless so ordered differently by the Court.

11   Participate in a community service program, HCCS&CD Community Service Work Probation Program administered through HCCS&CD. You shall perform a total of 320 hours, at the rate of 24 hours per month beginning September 12, 1996 for the duration of your supervision.

12.2 Pay a **Fine** of $2 and Court Costs of 154.00 to e paid at the rate of $25.00 per month beginning September 12, 1996 to Harris County through HCCS&CD. You are given credit for 73 days towards payment of this Fine/Court Costs.

14   Submit yourself to an **alcohol/drug evaluation** by October 12, 1996 and if ordered to attend and participate in an approved treatment program by the Court through the HCCS&CD, you are to attend and participate in such program and submit written proof to your Supervision Officer until successfully completed or until further order of the Court.

The State would show the said Defendant did then and there violate terms and conditions of Community Supervision by: Failing to report to the Community Supervision Officer, to-wit; the Defendant was ordered to report August 12, 1996 and thereafter on the 12th of each month to a designated Community Supervision Officer. The Defendant failed to report as instructed for the months of December, 1996 and January, 1997 and has not reported to the Community Supervision Officer since.

The State would show the said Defendant did then and there violate terms and conditions of Community Supervision by: Failing to participate in the community service program, HCCS&CD Community Service Work Probation Program as ordered by the Court, to-wit; on August 12, 1996, the Defendant was ordered to perform 320 hours at the rate of 24 hours per month beginning September 12, 1996. The Defendant failed to begin this service as ordered by the Court.

The State would show the said Defendant did then and there violate terms and conditions of Community Supervision by: Failing to pay court costs, to-wit; the Defendant failed to pay court costs as directed by the Court and is $100.00 in arrears as of January 27, 1997.

The State would show the said Defendant did then and there violate terms and conditions of Community Supervision by: Failing to submit to an alcohol /drug evaluation by October 12, 1996 and to participate in an approved treatment program and/or submit written proof of participation in an approved treatment program to the Community Supervision Officer, as required by the Court.

PAGE 2 - MOTION TO REVOKE COMMUNITY SUPERVISION

THE STATE OF TEXAS VS. _____ Robert Lee _____ CAUSE NO. _____ 467238

WHEREFORE, THE STATE PRAYS that Alias Capias issue and upon arrest that a hearing be given the Defendant and that on the final hearing the Community Supervision be revoked.

_____
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

MOTION GRANTED AS PRAYED FOR and the Clerk is hereby ORDERED to issue Alias Capias for arrest of the Defendant and that a copy of this Motion be served on the Defendant.

SIGNED THIS THE ___30___ day of ___April___ A.D., 19 __97__

APR 3 0 1997
3:00 pm

ATTEST
Charles Bacarisse
District Clerk
Harris County, Texas

By: _____
(Deputy)

_____
HONORABLE _____ R. Voigt _____ JUDGE
PRESIDING, 248th DISTRICT COURT
Harris County, Texas

ACTION DIRECTED BY THE COURT
A. FILE MOTION TO REVOKE ___✓___
B. NO ACTION DESIRED _____
C. HOLD PENDING _____

_____
JUDGE, 248th DISTRICT COURT

Patricia Daniels
SUPERVISION OFFICER
DATE SUBMITTED ___4-30-97___

```
=N                        PROBATIONER INQUIRY          SPN: 00183237 PAGE: 01

NAME: RHODES, ROBIN LEE                 ADDR: 22207   LANTANA
AKAS: RHODES, ROBIN LEE                       MAGNOLIA   TX 77355  281356-7213
      RHODES, ROBINERT LEE              R: W S: M  DOB: 121955  HT: 508  WT: 180
      RHODES, ROBIN LEE                 SO: 195408 FBI: 0870400K1 DP: TX01888447
                                        SS: 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  SMT: SC ELBOW
OCC: UNEMPLOYED               EMPLR: U                     U  U -U
EMPLOYED: N                       U        U         HOUSTON   TX  77000
PROB OFF: WALLS, AUNDREA          LOCATION: NORTH         PHONE # 696-8732

LN CRT CDI    CASE      POI PROB START   PROB END  MRP       OFFENSE
01 248 003 067431601010 N1  12/03/93    12/02/03       CRED CARD-PRESENT-
02 248 003 066723801010 N1  08/12/96    08/11/06       THEFT SERVICE $750


LAPI-2200: END OF DISPLAY
LOS:  DIRECT - MEDIUM                   /                         /
CJAD OFFICER NUMBER: 708   OVERRIDE ASSESSED LOS? N
PER CONDITIONS OF SUPERVISION? N REMARKS:
ERASE "=N ",THEN PRESS: PF1=PTY2010 PF2=PTY40 PF3=PTY5010 PF4=PTY60 PF11=LNQY
*ENTER LINE NUM. PRESS PF10=UPDATE(LPOC) PF6=LASU PF7=LCPS PF8=PTY15 PF5=LQY9
```

```
                              H C C J I S
                         MASTER NAME RECORD              00183237 AA 983

    ORIGINATING AGENCY: SO1010000                 NAME TYPE: P

    NAME: RHODES, ROBIN LEE                            ALIAS/TRUE: T

    RACE: W    SEX: M    BIRTH DATE: 121955    BIRTH PLACE: TX    MAR STAT: S

    US CITIZEN: Y         PERSON TYPE: D       NUMBER OF PRIOR CONVICTIONS: 06

    BUILD: MED    HEIGHT: 508    WEIGHT: 180    EYE: BRO    HAIR: GRY    SKIN: MED
```

CAUSE NUMBER

674316

667238

THE STATE OF TEXAS

V.

Robin    Rhodes
Name of Defendant

§

§

§

§

§

IN THE DISTRICT CRIMINAL COURT

AT LAW NUMBER 248

OF HARRIS COUNTY, TEXAS

ORDER MODIFYING EXECUTION OF SENTENCE
DISCHARGE FROM CONFINEMENT BY
HOUSE ARREST

On this day the Court considered the matter of modifying the method by which the Defendant is to discharge the judgment and sentence previously entered in this matter, and after reviewing the facts, accordingly,

IT IS ORDERED, that the above named defendant shall be permitted to discharge the confinement portion of the punishment assessed as provided by article 42.035, C.C.P., by submitting to house arrest at the following location, during the following hours, and for the specified duration:

At    22207 Lantana, Magnolia, TX

During the hours of:    9:00 pm  to  6:00 AM

Effective  5-13-97  and until the sentence is discharged on  Until ordered by Judge

During this time, IT IS FURTHER ORDERED that the defendant:

1. Participate in the electronic monitoring program operated by the Pretrial Services Agency;

2. Abide by the all of the rules of the Pretrial Services Agency monitoring program;

3. Pay the cost of the electronic monitoring equipment , $6.00 per day, one week in advance of the monitoring period unless the fee is waived [ YES / NO ] by this Court;

4. Report in person to the Pretrial Services Agency weekly ;

5. ~~Submit to random urine testing analysis by the Pretrial Services Agency; pay the cost of testing, $11.00 per test, before providing a urine sample unless the cost is waived [ YES / NO ] by this Court;~~

6. Not use, possess, or consume any controlled substance, dangerous drugs, or marijuana unless prescribed pursuant to a lawful prescription issued by a medical doctor;

7. Provide verification of compliance with conditions to the Pretrial Services Agency;

8. Other:  Defendant shall turn himself back into Harris Co. jail, 49 San Jacinto by 8 PM on 5/27/97.

The Sheriff of Harris County is hereby ORDERED to release the defendant named above; and a copy of this order shall suffice for the Sheriff's authority to release said defendant.

Signed on 5-13-97

X
Defendant/date    5/16/97

Original - Case File
Copy - Sheriff (MUST be filed with original)
Copy - PTSA
Copy - Defendant

Werner Voigt, Judge Presiding,
County District Court at Law No. 248
Harris County, Texas

RECORDER'S MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming

*13mm 496*

CAUSE NO. _647838_

THE STATE OF TEXAS                  IN THE ___ DISTRICT COURT
                                      OF HARRIS COUNTY, TEXAS

VS. ?

_____       DF NO. _____

aka_____       Offense_____

TO THE SHERIFF OF HARRIS COUNTY, TEXAS: GREETINGS

BY ORDER OF THE COURT, on the ___13th___ day of _____, A.D., 19 __
the following action is directed in the above styled and numbered cause:

USE THIS AREA WHEN NECESSARY TO SHOW ACTIVITIES BY COUNT
      Count _____ of the Indictment / Information _____
      Count _____ of the Indictment / Information _____
      Count _____ of the Indictment / Information _____
      Count _____ of the Indictment / Information _____

[ ]    Indictment / Information / Complaint dismissed. Count(s) _____.

[ ]    Defendant received _____ years in the Texas Department of Criminal
       Justice, Institutional Division / Harris County Jail PROBATED and a fine of
       $_____.

[ ]    Defendant placed on probation for a period of _____ years and a fine
       of $_____. Adjudication of Guilt Deferred.

[ ]    State's Motion to Revoke Probation / State's Motion to Adjudicate dismissed.

[ ]    Indictment / Information Quashed.

[ ]    Defendant found Not Guilty.

[ ]    Bond filed on _____ in the amount of $_____ REINSTATED.

[ ]    Court approved Personal Bond/Pre-Trial Bond in the amount of $_____.

[ ]    Court approved Appeal Bond in the amount of $_____.

[ ]    Court approved Habeas Corpus Appeal Bond in the amount of $_____.

[ ]    Upon hearing Writ of Habeas Corpus defendant discharged.

[X]    _Release Defendant on May 20, 1997_
       _Dft Will Surrender bond in CT on May 27, 1997_

[ ]    **RETURN CAPIAS AND RELEASE DEFENDANT FROM YOUR OFFICIAL CUSTODY, AS INDICATED
       BY ABOVE ACTIVITY.**

Witness my hand and Seal of Office at Houston, Texas, this ___13th___ day of
_____, A.D., 19 ____ at ___ o'clock ___ M.

                                **CHARLES BACARISSE, District Clerk**
                                Harris County, Texas

                                By_____, Deputy

CRM-59   R01-01-95

*13sm 994 JW*

CAUSE NO. 667238

THE STATE OF TEXAS

VS.

*Robert Lee*
aka_____

IN THE 34 DISTRICT COURT
OF HARRIS COUNTY, T E X A S

*One*

DF NO._____

Offense_____

TO THE SHERIFF OF HARRIS COUNTY, TEXAS: GREETINGS

BY ORDER OF THE COURT, on the *21st* day of *May* , A.D., 19 *97*
the following action is directed in the above styled and numbered cause:

USE THIS AREA WHEN NECESSARY TO SHOW ACTIVITIES BY COUNT

| Count | _____ | of the Indictment / Information | _____ |
| Count | _____ | of the Indictment / Information | _____ |
| Count | _____ | of the Indictment / Information | _____ |
| Count | _____ | of the Indictment / Information | _____ |

[ ]  Indictment / Information / Complaint dismissed. Count(s) _____.

[ ]  Defendant received _____ years in the Texas Department of Criminal
     Justice, Institutional Division / Harris County Jail PROBATED and a fine of
     $_____.

[ ]  Defendant placed on probation for a period of _____ years and a fine
     of $_____. Adjudication of Guilt Deferred.

[ ]  State's Motion to Revoke Probation / State's Motion to Adjudicate dismissed.

[ ]  Indictment / Information Quashed.

[ ]  Defendant found Not Guilty.

[ ]  Bond filed on _____ in the amount of $_____ REINSTATED.

[ ]  Court approved Personal Bond/Pre-Trial Bond in the amount of $_____.

[ ]  Court approved Appeal Bond in the amount of $_____.

[ ]  Court approved Habeas Corpus Appeal Bond in the amount of $_____.

[ ]  Upon hearing Writ of Habeas Corpus defendant discharged.

[ ]  *D. H's furlough extended to 6-30-97.*

X

[ ]  RETURN CAPIAS AND RELEASE DEFENDANT FROM YOUR OFFICIAL CUSTODY, AS
     INDICATED BY ABOVE ACTIVITY. *Defts to report back to DA on 5-29-97 to begin 2 yr TDC sentence*

Witness my hand and Seal of Office at Houston, Texas, this _____ day of
_____, A.D., 19___ at _____ o'clock ___M.

*May*                *97*        *5:00*

KATHERINE TYRA, DISTRICT CLERK
HARRIS COUNTY, T E X A S

By_____, Deputy

CRM-59  R08-30-91