# AMENDED ORDER

## CAUSE NUMBERS

674316 & 667238  942
691

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 248th DISTRICT COURT |
| V. | § | |
| RHODES, ROBIN  (00183237) | § | OF HARRIS COUNTY, TEXAS |
| Name of Defendant | | |

### ORDER MODIFYING EXECUTION OF SENTENCE
### DISCHARGE FROM CONFINEMENT BY
### HOUSE ARREST

On this day the Court considered the matter of modifying the method by which the Defendant is to discharge the judgment and sentence previously entered in this matter, and after reviewing the facts, accordingly,

**IT IS ORDERED,** that the above named defendant shall be permitted to discharge the confinement portion of the punishment assessed as provided by article 42.035, C.C.P., by submitting to house arrest at the following location, during the following hours, and for the specified duration:

At: 22207 LANTANA,  MAGNOLIA, TEXAS

During the hours of:  9:00 PM UNTIL 6:00 AM

Effective 05-13-97 and until the sentence is discharged on 05-29-97 BY 8:00 PM

During this time, **IT IS FURTHER ORDERED** that the defendant:

1. Participate in the electronic monitoring program operated by the Pretrial Services Agency;
2. Abide by the all of the rules of the Pretrial Services Agency  monitoring program;
3. Pay the cost of the electronic monitoring equipment , $6.00 per day, one week in advance of the monitoring period unless the fee is NOT waived by this Court;
4. Report in person to the Pretrial Services Agency weekly ;
5. Not use, possess, or consume any controlled substance, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription issued by a medical doctor;
6. Provide verification of compliance with conditions to the Pretrial Services Agency;
7. Other:  DEFENDANT SHALL SURRENDER HIMSELF TO THE HARRIS COUNTY SHERIFF'S DEPARTMENT (HARRIS COUNTY JAIL), 49 SAN JACINTO, BY 8:00 PM ON MAY 29, 1997.

This order is an AMENDED ORDER to the May 13, 1997 order issued in these cause numbers. The defendant was ORDERED released based on the May 13, 1997 order as directed by this court.

Signed on May 21, 1997

_____
Defendant/date

_____
Honorable Werner Voigt
248th District Court
Harris County, Texas

Original - Case File
Copy - Sheriff (MUST be filed with original)
Copy - PTSA
Copy - Defendant

·RECORDER'S MEMORANDUM.
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

Robin Rhodes
AKA Robert Lee

#667238
674 316

6-17-97

248th D.C.

Judge Voight,

Your Honor I had written you a letter upon my return to Harris county jail on 5/25/97. Thanks you for the furlough you had given me so that I could spend my sons 1st birthday with him. Again THANK you!

Your Honor I have found out this morning from my mother that my father has inoperable liver cancer & has 3 months to live. Your Honor I do not want to lose my father & certainly not while incarcerated. I had asked you to re-consider my sentence of 2 years T.D.C. & consider re-sentencing me to possibly starting over my probation or sentencing me to possibly a lengthy period of weekend time within the county jail. This would allow me to take care of my family. All of the above information (Re: my father) is verifiable either by contacting my mother Rosalee Rhodes - 281-356-7213 or Northwest medical ctr - 281-440-1000. or his physician Dr. Pacha (do not have his # but his office is on 1960.) I did not know if you could take this matter upon yourself without a motion so I have prepared a motion to reduce sentence & mailed it to the clerk of court at the same time this letter was mailed. (Case #'s 667238 674 3116 )

I HAD A CAR OF THEFT OF SERVICES & A CREDIT CARD
ABUSE CASE BOTH COMMITTED IN OCT 93 I WAS
ON 10YRS PROBATION & WAS SENTENCED TO 2YRS T.D.C.
BY YOU ON 5-13-97.

    YOUR HONOR YOU'VE BEEN MORE THAN FAIR TO
ME. I REALIZE THIS, BUT THESE CIRCUMSTANCES ARE
CERTAINLY UNUSUAL AT BEST.

    YOUR THOUGHTFUL CONSIDERATION WILL BE GREATLY
APPRECIATED.

          Sincerely

          ROBIN RHODES #183237
          1301 FRANKLIN 8-A-4
          HOUSTON TX 77002

F I L E D
CHARLES BACARISSE
Dist. & Clerk
JUN 2 6 1997
Time:
Harris County, Texas
By: _____ Deputy

V2188 P0993

RECORDER'S MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

CAuse No' 667238 & 674346

| STATE of TEXAS | 6/30/91 | 2u8 7th DISTRICT Court |
| US | Qn int | iN And For |
| Robin R Hodes | | HARRISS County TEXAS |
| Rick Butle [struck] | | |
| Robert Lee | MOTION To Reduce Sentence | |

NOW INTO court comes Robin RHodes Defendant moves The court To Reduce The sentence THAT was imposed on Revocation Of The Defendants community supervision. in This cause And in support of This MOTION Shows:

I

DEFENDANT originally Plead guilty TO The offenses of THAT of services And Credit CARD Abuse on OCTOBer 12 1983 . ON OCTObER 12 1983 10 YEARS was Assessed. The Punishment was suspended when The Defendant was placed on community supervision. The Period Assessed was 10 YEARS Beginning on OCT 12 1983

II

The Defendant satisfactorily completed 4 YEARS prior To The violation on which Revocation of community supervision was based.

III

Defendant was Revoked on This community supervision And sentenced To A TERm of 2 YEARS iN TEXAS DepARTment of corrections on MAY 13, 1987

IV

DuRiNG The Period iN which defendant was on Community supervision And since His sentence several
7-7-97 Petition 41.I   10 Sm 448 448   13 Sm 441V 440V

IV (continued)

EVENTS HAVE TAKEN place. WHICH WOULD PLACE THE DEFENDANT IN GREAT DANGER if ACTUALLY PLACED IN T.D.C. CUSTODY. DEFENDANT HAS CO-OPERATED IN EXTENSIVE NARCOTICS INVESTIGATIONS. APPROXIMATELY (20) TWENTY — TWENTY FIVE (25) IN NUMBER. DEFENDANT HAS NO WAY TO ASCERTAIN ALL OF THE NAMES OF PERSONS HE HAS HELPED PLACE INTO THE CONFINES OF T.D.C. DEFENDANT CO-OPERATED WITH THE HARRIS County ORGANIZED CRIME TASK FORCE SINCE 1993. TO DATE.

V

DEFENDANT HAS AN INFANT SON AGED 1 YEAR WHO RELIES UPON HIM FOR SUPPORT. DEFENDANT IS ALSO A SUPPORTING FACTOR IN THE SUPPORT OF HIS AGED PARENTS MR & MRS R.C. RHODES. AGED 83 & 70 RESPECTIVELY. MR RHODES IS CURRENTLY HOSPITALIZED WITH A LIVER CONDITION AND RECENTLY (1955) HAD OPEN HEART SURGERY. DEFENDANT RESIDES WITH PARENTS. THEREFORE FURTHER CUSTODY WOULD CAUSE SEVERE HARDSHIP TO THE DEFENDANTS FAMILY.

PRAYER

WHEREFORE DEFENDANT PRAYS THE COURT GRANT THIS MOTION AND REDUCE THE SENTENCE IMPOSED TO A LESSER SENTENCE OR REINSTATE DEFENDANTS COMMUNITY SUPERVISION OR A SENTENCE DEFENDANT COULD SERVE IN THE HARRIS COUNTY JAIL WHICH WOULD ALLOW HIM TO WORK AND SUPPORT HIS FAMILY WHILE SATISFYING THE INTERESTS OF JUSTICE.

_ADDENDUM TO MOTION_
_TO Reduce SENTENCE_

## V — CONTINUED

Defendant was informed Today 6-17-96 THAT
His FATHER ROY L. LHADES HAS CANCER OF THE LIVER
AND HAS ABOUT 3 MONTHS TO LIVE, Giving FURTHER
evidence of The mitigating circumstances, FURTHER
incARCAReATion would cause severe HARDSHIP And emotional
HARdship on BOTH Defendant & His FAMILY.

Clerk,

Please file the enclosed motion into the court records. Would you please notify me of said filing as well as any court date or ruling on same. Thanking you in advance.

Sincerely,

Robin Rhodes # 183237

CAUSE NO: 667239
674316

1301 Franklin 8-A-4

Houston TX 77002

P.S. Clerk I added an additional section to Part II of mitigating circumstances (see attached) my father is dying (3 mos) to live. Pls. file A.S.A.P.

THANX!

Robin

FILED

CHARLES BACARISSE
District Clerk

JUN 26 1997.

Time: 1:30 PM
Harris County, Texas
By: _____ Deputy

V2188 P0990

HODES, ROBIN

NO. 066723801010

IN THE 248 DISTRICT COURT

OF HARRIS COUNTY, T E X A S

TRUE N

AKA: ROBIN LEE

DFTS: ROBINERT LEE

OR NUMBER: 066723801010          OFFENSE: THEFT SERVICE #
TRS TDC: 0002                    DATE SENTENCED: 05/13/97

# : 00593287      SID.: TX01888447     DOB: 12/19/55     RACE: W     SEX: M
L : 904 094 ___-00     HOLD HOUSTON PD

THE SHERIFF OF HARRIS COUNTY — GREETINGS:

YOU WILL DELIVER TO THE DIRECTOR OF THE DEPARTMENT OF CRIMINAL JUSTICE, IN-
STITUTIONAL DIVISION OF THE STATE OF TEXAS OR HIS AUTHORIZED AGENT, THE ABOVE
NAMED PRISONER IN YOUR OFFICIAL CUSTODY, HAVING BEEN SENTENCED TO THE TEXAS DE-
PARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION AND ARE DIRECTED TO ATTACH
THE COMMITMENT PAPERS A STATEMENT OBSERVING THE DEFENDANT'S CONDUCT WHILE IN
...

TO DELIVERED FORTHWITH

THIS WILL BE YOUR AUTHORITY FOR SO DOING.

HEREIN FAIL NOT, BUT OF THIS WRIT THEN AND THERE MAKE DUE RETURN, SHOWING HOW
YOU HAVE EXECUTED THE SAME. IF NOT EXECUTED WITHIN 90 DAYS FROM DATE HEREOF, YOU
WILL NOTIFY SAID COURT, IN WRITING, THE CAUSE OF FAILURE AND WHAT EFFORTS HAVE
BEEN MADE TO EXECUTE SAME.

WITNESS MY SIGNATURE AND SEAL OF OFFICE,
ON THIS THE 13TH DAY OF MAY          A.D. 1997

CHARLES BACARISSE
DISTRICT CLERK, HARRIS COUNTY, TEXAS

BY _____ DEPUTY

DIRECTOR DEPUTY:
HUBERT, SALLIE
DATE: 597

SHERIFF'S RETURN

RECEIVED THIS WRIT ON THE __13__ DAY OF __May__ A.D. __97__ AND I EXECUTED THE
SAME ON THE __16__ DAY OF __July__ A.D. __97__ BY DELIVERING THE BODY OF THE WITHIN
NAMED PERSON TO THE DIRECTOR OF THE TEXAS DEPARTMENT OF THE CORRECTIONS.

TOMMY THOMAS
SHERIFF OF HARRIS COUNTY, TEXAS

BY _____ DEPUTY

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS CO. TX
97 JUL 22  AM 6: 39

BY _____ DEPUTY

JUL 0 2 1997

ORIGINAL TO TDCJ-ID DATE: _____

# Section 2

OFFENSE: _Auto Theft_   CAUSE NO. _667239_
COUNT NO._____

THE STATE OF TEXAS   IN THE _248_ _____ DISTRICT COURT

vs.   OF

_Robert Lee_ _____   HARRIS COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- [X] The Defendant was convicted in another case or count.
- [ ] In custody elsewhere.
- [ ] Old case, no arrest.
- [ ] Missing witness.
- [ ] Request of complaining witness.
- [ ] Motion to suppress granted.
- [ ] Co-Defendant tried, this Defendant testify.
- [ ] Insufficient evidence.
- [ ] Co-Defendant convicted, insufficient evidence this Defendant.
- [ ] Case refiled.
- [ ] Other.

EXPLANATION: _As per Joan Huffman's contract agreement_

DUPLICATE

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

F I L E D
KATHERINE TYRA
District Clerk

SEP 09 1993

Time: _10:40 AM_
Harris County, Texas
By _____ Deputy

Respectfully submitted,

_Pat Stally_

Assistant District Attorney
Harris County, Texas

### ORDER

The foregoing motion having been presented to me on this the _09_ day of _Sept_ _____.
A.D. 19_93_ and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_Frank C. Price_

JUDGE _248_ _____ DISTRICT COURT

HARRIS COUNTY, TEXAS

Original- White;   State's Copy - Pink;   Sheriff's Copy - Yellow

V I 0 4 3   P 0 7 2 3

# Section 3

THE STATE OF TEXAS
VS.

D.A. LOG NUMBER: **62752**
CJIS TRACKING NO.:

ROBIN LEE RHODES
1107 BLUE BELL
HOUSTON, TX

SPN: 20183237 998
DOB: WM 12/19/1955
DATE PREPARED: 9/16/93

BY: ker    DA NO: 591
AGENCY: HCSO
O/R NO: 9309091300
ARREST DATE: TO BE

NCIC CODE: 2605 50
FELONY CHARGE:
    CREDIT CARD ABUSE
CAUSE NO: 674316
HARRIS COUNTY
DISTRICT COURT NO: 248TH

208th
GJ

RELATED CASES:

BAIL: $ NO BOND
PRIOR CAUSE NO:

Vol____ Page____ AXGM

---

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ROBIN LEE RHODES AKA ROBERT LEE**, hereafter styled the Defendant, on or about **AUGUST 7, 1993**, did then and there unlawfully, with intent to obtain property and service fraudulently, present to JAMES PRITCHARD a FOLEY'S credit card knowing the use was without the effective consent of the cardholder, TERESA SMITH, namely, without any consent of any kind, and knowing that the credit card had not been issued to the Defendant.



**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

208th          Foreman

Adam Walls

FOREMAN OF THE GRAND JURY

**INDICTMENT**

CAUSE NO. 667238  
674316

CHARGE MRP  
MAJ

THE STATE OF TEXAS

VS.

248 DISTRICT COURT

OF HARRIS COUNTY, TEXAS.

_Robin Lee Rhodes n.k.a. Robert Lee_  
Defendant

**AGREED SETTING**

The undersigned Counsel hereby agrees this case is reset for

DISP  
(Type of Setting)

to 9-27-94  
(Date)

Attorney for the State

_In custody_  
Defendant

Gary E. Patterson  
(Print) Attorney for Defendant

_[signature]_  
(Signature) Attorney for Defendant

333 N. Sam Houston Pkwy #890  
(Street Address)

Houston TX 77060  
(City)    (State)    (Zip)

713-999-3695  
(Phone Number)

15590830  
(Bar Number)

_____ Have no pre trie motions

_____ Pre trial motions that require  
witnesses are to be timely filed  
and motion date gotten from  
coordinator.

APPROVED BY THE COURT:

_[signature]_  
Judge Presiding

9-15-94  
Date

FILED  
KATHERINE TYRA  
District Clerk

SEP 15 1994

Time: _____  
By _____

DISTRICT CLERK

PRECEPT TO SERVE COPY OF MOTION TO REVOKE PROBATION

THE STATE OF TEXAS                    NO. 067431601010

VS                          IN THE 248 DISTRICT COURT

RHODES, ROBIN LEE                    OF HARRIS COUNTY, T E X A S

THE   STATE   OF   TEXAS

TO THE SHERIFF OF HARRIS COUNTY, STATE OF TEXAS,  GREETING:

YOU ARE HEREBY COMMANDED TO DELIVER FORTHWITH TO RHODES, ROBIN LEE
A PRISONER IN YOUR CUSTODY, THE COPY OF THE ORIGINAL MOTION TO REVOKE
PROBATION NOW ON FILE IN SAID COURT.

HEREIN FAIL NOT AND DUE RETURN MAKE HEREOF, WITHOUT DELAY.

WITNESS MY SIGNATURE AND SEAL OF OFFICE,
ON THIS THE 15TH DAY OF AUGUST    A. D. 1994

KATHERINE TYRA
DISTRICT CLERK, HARRIS COUNTY, TEXAS

INITIATING DEPUTY: WADE, DEBRA SUE
BY _____ DEPUTY

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

SHERIFF'S RETURN

CAME TO HAND __Sept   12___ A. D. 19_94_ AT __744__ O'CLOCK _P_ M

AND EXECUTED __Sept   12___ A. D. 19_94_ AT _744_ O'CLOCK _P_ M
BY DELIVERING THE ACCOMPANYING COPY OF MOTION TO REVOKE PROBATION
NO. 067431601010 TO RHODES, ROBIN LEE          THE DEFENDANT HEREIN,
IN PERSON.

JOHNNY KLEVENHAGEN
SHERIFF OF HARRIS COUNTY, TEXAS

B _____

CAUSE NUMBER 624416

THE STATE OF TEXAS

VS

ROBERT LEE RHODES

AKA: ROBERT LEE

IN THE 248TH DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## MOTION TO REVOKE PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas, by and through the undersigned Assistant District Attorney, and shows the Court that heretofore on the 9th day of September, 1993, the Defendant herein having been charged with the offense of CREDIT CARD ABUSE, a felony, and was granted probation for a period of 5 years in accordance with Section 6 of Article 42.12 of the Texas Code of Criminal Procedure.

Further, the State, in accepting that the Court ordered the Defendant herein be placed on probation for the term of probation and enumerate conditions of probation ordered by the Court were the terms and conditions of probation.

(a)     Commit no offense against the laws of this state or any State or of the United States.

(b)     Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages and frequenting the places or associations of harmful character, dangerous, or harmful persons unless prescribed by a licensed physician.

(c)     Report in person on September 9, 1995 to the Harris County Adult Probation Department and in person and and thereafter as directed each month to your designated Probation Officer unless otherwise unless more than a calendar month shall elapse to be caused by your Probation Officer.

(d)     Work faithfully at suitable employment and notify the Probation Officer within 48 hours of any change in employment status, present written verification of employment, including all attempts to seek/verify employment, addresses from your reporting date.

(e)     Perform the community restitution program Community Service Restitution hours in the to perform a total of 160 hours over a period of 60 hours beginning January 3, 1994.

(f)     Pay a Supervision Fee to the Harris County Probation Unit to Designated Department at the rate of $25.00 per month during and commencing October 2, 1993.

PAGE TWO
ROBERT LEE RHODES
AKA  ROBERT LEE
CAUSE #57431:6                                    MOTION TO REVOKE PROBATION

(b)     Make restitution in an amount before the Court shall determine:

        To $1,500.00 at the rate of $50.00 per month beginning October 9, 1993 to Jeff
        Wagner;


The State would further show the said Defendant did then and there violate terms and conditions of his
probation by committing an offense against the State of Texas on or about May 31, 1994, in
Harris County, Texas, the Defendant did then and there unlawfully and intentionally and knowingly take
a certain corporeal personal property, namely, one [illegible] of gum and one package of Twinkies or having
consumed it, then, hereafter stolen the corporeal of the value of over twenty dollars and under one
hundred dollars, with the intent to deprive the Complainant of the property.

The State would further show the said Defendant did then and there violate terms and conditions of his
probation by failing to avoid injurious or illegal habits to wit:     Robert Lee did [illegible]     [illegible]
dother drug paraphernalia namely a Cocaine, which as evidenced by the presence of Cocaine Metabolite in
a urine sample taken from Robert Lee on April 29, 1994 at the Harris County Community,
Super Vision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his
probation by failing to report to the Probation Office as directed. The Defendant was ordered to report
September 2, 1993 and thereafter as directed monthly to the designated Probation Officer unless
different dates within a calendar month were agreed to, by, and, the Probation Officer as he failed to
report at the dJuries for the months of October 1993, November 1993, December 1993, May
1994, June 1994, and July 1994.

The State would further show the said Defendant did then and there violate terms and conditions of his
probation by failing to secure or maintain employment, to wit: The Defendant was failed to maintain
secure employment for the months of September 1993, October 1993, November 1993,
December 1993, January 1994, February 1994, March 1994, May 1994, June 1994
and July 1994 as ordered by the Court.

The State would further show the said Defendant did then and there violate terms and conditions of his
probation by failing to perform Community Services or work Community Service Restitution as
ordered by the Court, to wit: in December 3, 1993 the Defendant was ordered to perform 150 hours
over a period of 50 months beginning January 5, 1994. The Defendant has to begin this service.

The State would further show the said Defendant did then and there violate terms and conditions of his
probation by failing to pay, [illegible] fee, to wit: The Defendant has not made payment for the month of
July 26,1994, as evidenced by the Court and is present, $250.00 in arrears.

PAGE TWO OF

ROBERT LEE RHODES

AKA: ROBERT LEE

CAUSE #674316

MOTION TO REVOKE PROBATION

The State would further show the said Defendant did then and there violate terms and conditions of his probation by failing to pay restitution, to-wit: The Defendant has not made a payment for the months of November 1993, December 1993, February 1994, March 1994, April 1994, May 1994, June 1994 and July 1994 is, in arrears in payment and is presently $400.00 in arrears.

WHEREFORE, THE STATE PRAYS THAT after Capias to Issue and upon arrest that hearing be had on the Defendant's Motion and that a hearing be had on the probation of the Defendant.

HONORABLE WOODY DENSEN, JUDGE
PRESIDING 248TH DISTRICT COURT

IT IS ORDERED BE DENIED, FILED and the Clerk to hereby directed to issue Capias for arrest of the Defendant and that copy of this Motion be served on the Defendant.

SIGNED THIS THE _____16_____ DAY OF __August__, 19 ___94___.

HONORABLE WOODY DENSEN, JUDGE
PRESIDING 248TH DISTRICT COURT

ATTEST:

KATHERINE TYRA
District Clerk
Harris County, Texas

By

F I L E D
KATHERINE TYRA
District Clerk

AUG 16 1994

MOTION IS ROUTED BY THE COURT:

a. _____ Fiat Motion to Revoke _____

B. _____ Application Denied _____

C. _____ Hold Pending _____

JUDGE WOODY DENSEN, DISTRICT COURT

Prosecuting Officer JOHNNY STEWART

Date Submitted 8 16 94

7 D1 (COURT ORDER)
CAUSE NO. 067431601010

IN THE 208 DISTRICT COURT

OF HARRIS COUNTY, TEXAS

T H E   S T A T E   O F   T E X A S
VS.

CRED CARD-PRESENT-OTHER

RHODES, ROBIN LEE

TO THE SHERIFF OF HARRIS COUNTY, TEXAS:   GREETINGS

BY ORDER OF THE COURT ON THE 27 DAY OF SEPTEMBER , A. D. 1994 THE
FOLLOWING ACTION IS DIRECTED IN THE ABOVE STYLED AND NUMBERED CAUSE:

(1*) STATE'S MOTION TO REVOKE PROBATION DISMISSED

(11) RETURN CAPIAS AND RELEASE DEFENDANT FROM YOUR OFFICIAL CUSTODY, AS
     INDICATED BY ABOVE ACTIVITY

WITNESS MY HAND AND SEAL OF OFFICE AT HOUSTON, TEXAS, THIS 27 DAY OF
SEPTEMBER , A.D. 1994 AT   1030   O'CLOCK.

SNU: 999
INITIATING DEPUTY: BALDERRAMA, PEGGY LYNN

KATHERINE TYRA DISTRICT CLERK
HARRIS COUNTY, TEXAS

BY _____
                          DEPUTY

LD

OFFENSE: _Credit card abuse_/
_M R Ponley_

CAUSE NO. _674316_
COUNT NO. _____

THE STATE OF TEXAS

IN THE _248_ DISTRICT COURT

VS.

OF

_Rutin Lee Rhodes_

HARRIS COUNTY, TEXAS

**MOTION TO DISMISS** _(MRP only)_

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- ☐ The Defendant was convicted in another case or count.
- ☐ In custody elsewhere.
- ☐ Old case, no arrest.
- ☐ Missing witness.
- ☐ Request of complaining witness.
- ☐ Motion to suppress granted.
- ☐ Co-Defendant tried, this Defendant testify.
- ☐ Insufficient evidence.
- ☐ Co-Defendant convicted, insufficient evidence this Defendant.
- ☐ Case refiled.
- ☑ Other.

EXPLANATION: _Def to catch up with fees._

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

F I L E D
_____ District Clerk
SEP 27 199_  10:38
Harris County, Texas
By _____ Deputy

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

_____
Assistant District Attorney
Harris County, Texas

**ORDER**

The foregoing motion having been presented to me on this the _27th_ day of _September_
A.D. 19 _77_, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____
JUDGE
_248th_ _____ DISTRICT COURT
HARRIS COUNTY, TEXAS

Original- White;     State's Copy - Pink;     Sheriff's Copy - Yellow

CAUSE NUMBER <u>674316</u>

THE STATE OF TEXAS

VS.

<u>Robin Lee Rhodes</u>

IN THE <u>248th</u> DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## MOTION TO REVOKE PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and shows the Court that heretofore on the <u>3rd</u> day of <u>December, 1993</u> the Defendant herein was adjudged guilty of the offense <u>Credit Card Abuse,</u> a felony, and was granted probation for a period of <u>10</u> years in accordance with Section <u>3</u> of Article 42.12 of the Texas Code of Criminal Procedure.

Further, the State would show that the Court ordered the Defendant herein to abide by certain conditions of probation during the term of probation and among the conditions of probation ordered by the Court were the following conditions of probation:

(b)      Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription;

(d)      Report immediately in person on <u>December 3, 1993</u> to the Harris County Community Supervision and Corrections Department Intake Division, 49 San Jacinto Street, Houston, Texas and thereafter as directed of each month to your designated Probation Officer unless different dates within a calendar month are agreed to by you and your Probation Officer;

(e)      Work continuously at suitable employment and notify the Probation Officer within 48 hours of any changes in employment status; present written verification of employment (including all attempts to secure employment) once each month on your reporting date;

(1)      Participate in a community service program, <u>C.S.R.</u> where you are to perform a total of <u>160</u> hours over a period of <u>60</u> months beginning <u>1-3-94;</u>

(o)      Pay a supervision fee to the Harris County Community Supervision and Corrections Department at the rate of <u>$25.00</u> per month for the entire period of probation beginning <u>1-3-94;</u>

(p)      Make restitution in any sum that the Court shall determine. Pay <u>$75.00</u> at the rate of <u>$25.00</u> per month beginning <u>1-3-94;</u> to <u>Harris County DA, Statutory Fee.</u>

PAGE TWO OF THREE _ MOTION TO REVOKE PROBATION

THE STATE OF TEXAS VS. Robin Lee Rhodes                     CAUSE No. 674316

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to avoid injurious or vicious habits to-wit: Robin Lee Rhodes did ingest a controlled substances, namely, Cocaine, which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robin Lee Rhodes on April 29, 1994 at the Harris County Community Supervision and Correction Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to avoid injurious or vicious habits to-wit; Robin Lee Rhodes did ingest a controlled substances, namely, Cocaine, which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robin Lee Rhodes on October 26, 1994 at the Harris County Community Supervision and Correction Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to secure or maintain or provide proof of employment, to-wit, the Defendant has failed to maintain or secure or provide proof of employment for the months of September 1993, October 1993, November 1993, December 1993, January 1994, February 1994, March 1994, May 1994, June 1994, July 1994 and October 1994 as ordered by the Court.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to participate in community service program C. S. R. as ordered by the Court, to-wit; on December 3, 1993, the Defendant was ordered to perform 160 hours over a period of 60 months beginning January 3, 1994, the Defendant failed to begin this service.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to pay supervision fee, to-wit; the Defendant has not made a payment for the months of January 1994, February 1994, March 1994, April 1994, May 1994, June 1994, July 1994, October 1994 and November 1994, as directed by the Court, and is presently $275.00 in arrears.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to pay restitution, to-wit; the Defendant has not made a payment for the months of January 1994, February 1994, March 1994, April 1994, May 1994, June 1994, July 1994, October 1994 and November 1994, as directed by the Court, and is presently $75.00 in arrears.

PAGE THREE OF THREE — MOTION TO REVOKE PROBATION

THE STATE OF TEXAS  VS.  Robin Lee Rhodes                    CAUSE No.  674316

WHEREFORE, THE STATE PRAYS THAT Alias Capias issue and upon arrest that hearing be given the
Defendant and that on final hearing the probation be revoked.

                              ASSISTANT DISTRICT ATTORNEY
                              HARRIS COUNTY, TEXAS

MOTION GRANTED AS PRAYED FOR and the Clerk is hereby ordered to issue Alias Capias for arrest of the
Defendant and that copy of this Motion be served on the Defendant.

SIGNED THIS THE ____15____ DAY OF _December_ A.D., 19_94_

                              HONORABLE Judge Woody Densen, JUDGE
                              PRESIDING, 248th DISTRICT COURT

ATTEST:                              ACTION DIRECTED BY THE COURT

                                     A.    File Motion to Revoke __C__
KATHERINE TYRA                       B.    No Action Desired _____
District Clerk                       C.    Hold Pending _____
Harris County, Texas

By: _____                    _____
                                     JUDGE, 248th DISTRICT COURT

                                     _____
                                     Adult Probation Officer  Mario Reta (NB)
                                     Date Submitted  _12  15  94_

88

F I L E D
KATHERINE TYRA
District Clerk

DEC 1 5 1994
Time: _____
Harris County, Texas
By: _____
                Deputy

CAUSE NO. 674 316     CHARGE MRP/ Credit Card Abuse

THE STATE OF TEXAS                  248 DISTRICT COURT

VS.                                 OF HARRIS COUNTY. TEXAS.

Robert Lee
Defendant

**AGREED SETTING**

The undersigned Counsel hereby agrees this case is reset for

Non - Trial _____ to  3 - 28 - 95
(Type of Setting)                  (Date)

_____      x _____
Attorney for the State                        Defendant

Gary E. Patterson
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

337 N. Sam Houston Pkwy #850
(Street Address)

Houston          TX          77060
(City)           (State)        (Zip)

713 - 999 - 3055
(Phone Number)

155-50830
(Bar Number)

APPROVED BY THE COURT:

OS
Judge Presiding

12-28-95
Date

FILED
DEC 23 1995
Time: 10:25
Harris County, Texas
By _____ Deputy

DISTRICT CLERK

OFFENSE: MRP / Credit Card Abuse
(MRP only)

CAUSE NO. 674316

THE STATE OF TEXAS

IN THE 248th DISTRICT COURT
IN COUNTY CRIMINAL COURT AT LAW NO. ____

VS.

Robin Lee Rhodes

OF
HARRIS COUNTY, TEXAS

MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- ☐ The Defendant was convicted in another case.
- ☐ In custody elsewhere.
- ☐ Old case, no arrest.
- ☐ Missing witness.
- ☐ Request of complaining witness.
- ☐ Motion to suppress granted.
- ☐ Co-Defendant tried, this Defendant testify.
- ☐ Insufficient evidence.
- ☐ Co-Defendant convicted, insufficient evidence this Defendant.
- ☐ Case refiled as cause no. _____.
- ☒ Other.

F I L E D
COUNTY CLERK HARRIS

DEC 29 1995

Time _____
Harris County, Texas

By _____ Deputy

EXPLANATION: Δ to do 60 days Jail Therapy from 12/28/95.
Coe Amended on 12/28/95

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

_____
Assistant District Attorney
Harris County, Texas

ORDER

The foregoing motion having been presented to me on this the ____ day of _____ A.D. 19__, and the same having been considered, it is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____
JUDGE _____ DISTRICT COURT
COUNTY CRIMINAL COURT AT LAW NO. _____
HARRIS COUNTY, TEXAS

II-147

White - Original          Yellow - Defendant's Copy          Pink - State's Copy

THE STATE OF TEXAS

VS

JA00
7A4

9 July                                   96  at  1440          P

7 - 11                                   96  at  0905

TO...Y B. THOMAS

NJ 0183237

THE SHERIFF OR ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETING

YOU ARE HEREBY COMMANDED TO ARREST MURPHY, MARLA LEE

IF TO BE FOUND IN YOUR COUNTY, AND HIM SAFELY KEEP, SO AS TO PRODUCE THAT YOU HAVE HIM BEFORE THE HONORABLE 248 DISTRICT COURT IN AND FOR SAID COUNTY OF HARRIS, AT THE COURTHOUSE THEREOF IN THE CITY OF HOUSTON,

I N S T A N T E R

HIM AND THERE TO ANSWER THE STATE OF TEXAS UPON

M O T I O N   T O   R E V O K E   P R O B A T I O N

WITH A JUDGMENT OF CONVICTION FOR THE OFFENSE OF DEAD DATE-PROSTITUTION HELD IN OUR SAID 248 DISTRICT COURT ON THE TERM OF 8 DEFENDANT

AND A BAIL BOND MAY ISSUE HEREIN

CHARLES BACARISSE
DISTRICT CLERK, HARRIS COUNTY, TEXAS

BY _____
DEPUTY

CP#: 9609090
CAUSE: 9609090
MOTION TO REVOKE PROBATION

DEFENDANT (TY): MURPHY, MARLA

──────────────────────────────────────────────────

S H E R I F F ' S   R E T U R N

RECEIVED THIS WRIT ON THE __8__ DAY OF __July__ 19_96_ AND I EXECUTED SAME ON THE __9__ DAY OF __July__, 19_96_ BY ARRESTING THE NAMED DEFENDANT

ROBIN LEE RHODES _____ AT 14 40 O'CLOCK AM

BY PLACING IN HARRIS COUNTY JAIL SAID SAME

_____ BOND ON SAID

TOMMY THOMAS
SHERIFF OF HARRIS COUNTY, TEXAS

Hana A Cook
DEPUTY

674316
667238

CAUSE NO. 725815      CHARGE_____

726477    2KFK

THE STATE OF TEXAS      _____ DISTRICT COURT

VS.      OF HARRIS COUNTY, TEXAS.

Robin Rhodes
Defendant

**AGREED SETTING**

The undersigned Counsel hereby agrees this case is reset for

Non - Trial / Arrg.    to    8 - 8 - 96
(Type of Setting)      (Date)

Pearce    x _____
Attorney for the State      Defendant

Kurt Gumberger
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

need to
meet w/ spec. crimes   5271 Memorial 200
(Street Address)

H    TX   77007
(City)   (State)   (Zip)

522-6641
(Phone Number)

08618400
(Bar Number)

F I L E D
CHARLIE BACARISSE

APPROVED BY THE COURT:

_____
Judge Presiding    JUL 1 6 1996

7 - 16 - 96    T___ 1000 R
Date      Harris Coun._____

By: _____
      Deputy

DISTRICT CLERK

— MRP ONLY — 8/02/97

**OFFENSE:** C.C.A.

CAUSE NO. 674316 6m
COUNT NO.

THE STATE OF TEXAS

IN THE 248 th — DISTRICT COURT

VS.
Robin RHodes

OF

HARRIS COUNTY, TEXAS

### MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- [ ] The Defendant was convicted in another case or count.
- [ ] In custody elsewhere.
- [ ] Old case, no arrest.
- [ ] Missing witness.
- [ ] Request of complaining witness.
- [ ] Motion to suppress granted.
- [ ] Co-Defendant tried, this Defendant testify.
- [ ] Insufficient evidence.
- [ ] Co-Defendant convicted, insufficient evidence this Defendant.
- [ ] Case refiled.
- [ ] Other.

**EXPLANATION:**

4 Did JAil Time

F I L E D

AUG 12 1996

Time: 11:35
Harris County, Texas

By _____ Deputy

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

_____
Assistant District Attorney
Harris County, Texas

### ORDER

The foregoing motion having been presented to me on this the 12 day of August A.D. 19___, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____
JUDGE 248 th DISTRICT COURT
HARRIS COUNTY, TEXAS

APR 3 0 1997

J 0018'3237

Robin Lee Rhodes

30 April 1997

21.00

Robin Lee Rhodes

Whitman

CAUSE NO. 674316

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 248TH DISTRICT COURT |
| VS. | § | OF |
| Robin Lee Rhodes | § | HARRIS COUNTY, T E X A S |

### STIPULATION OF EVIDENCE AND WAIVER OF COURT REPORTER

I, Robin Lee Rhodes, stipulate that I was served a copy of State's Motion to Revoke Probation at least ten days ago OR I waive said ten days. I waive the appearance, confrontation and cross-examination of witnesses. I consent to the introduction of documentary evidence. I waive my Federal and State Constitutional right against self-incrimination. I judicially confess to the following facts and stipulate that these facts are correct and constitute the evidence in this case.

1.  I am the same Robin Lee Rhodes who was convicted of Credit Card Abuse on December 3, 94; in the above cause in the 248th District Court of Harris County, Texas, and was granted adult probation for 10 years;

2.  The conditions of probation ordered by the court include those listed in State's attached motion; and

3.  I understand the allegations against me in State's Motion and judicially confess that it is true that I violated conditions of probation as stated in the attached State's Motion.

I intend to enter a plea of true to State's Motion and the prosecutor will recommend that my punishment should be set at 2 years TDCJ-ID and I agree to that recommendation. With credit for time served on both both cases prior convictions cases since date of arrest (X.R)

I further waive my right to have this proceeding recorded by a court reporter or by any other means.

Defendant

SWORN TO AND SUBSCRIBED before me on   MAY 1 3 1997 .

Clerk, 248th District Court
Harris County, Texas

APPROVED:

Assistant District Attorney

Attorney for Defendant

Mark W. Racer
Printed

APPROVED BY THE COURT:

Presiding Judge

F I L E D
CHARLES BACARISSE
District Clerk

MAY 1 3 1997

Time: 11 5 Am
Harris County

By:

CAUSE NUMBER __674316__

| | |
|---|---|
| THE STATE OF TEXAS | IN THE _248th_ DISTRICT COURT |
| VS. | OF |
| _____ Robin Lee Rhodes _____ | HARRIS COUNTY, TEXAS |

## MOTION TO REVOKE PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and shows the Court that heretofore on the _3rd_ day of _____December_____, 19 _93_ the Defendant herein was adjudged guilty of the offense _____ Credit Card Abuse _____, a felony, and was granted Probation for a period of _10_ years in accordance with Section _5_ of the Texas Code of Criminal Procedure.

Further, the State would show that the Court ordered the Defendant herin to abide by certain conditions of Probation during the term of Probation and among the conditions of Probation ordered by the Court were the following conditions of Probation.

(b)  Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription;

(d)  Report immediately in person on December 3, 1993 to the Harris County Adult Probation Department Intake Division, 49 San Jacinto Street, Houston, Texas and thereafter as directed of each month to your designated Probation Officer unless different dates within a calendar month are agreed to by you and your Probation Officer;

(l)  Participate in a community service program, Community Service where you are to perform a total of 160 hours, over a period of 60 months beginning 1-3-94;

(o)  Pay a Supervision Fee to the Harris County Adult Probation Department at the rate of $25.00 per month for the entire period of probation beginning 1-3-94;

(p)  Make restitution in any sum that the Court shall determine: Pay $75.00 at the rate of $25.00 per month beginning 1-3-94; Harris County DA - Statutory Fee, 201 Fannin, Hou., Tx. 77002.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to avoid injurious or vicious habits to-wit; Robin Lee Rhodes did ingest/inject a controlled substance, namely, Cocaine which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robin Lee Rhodes on April 29, 1994 at the Harris County Community Supervision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to avoid injurious or vicious habits to-wit; Robin Lee Rhodes did ingest/inject a controlled substance, namely, Cocaine which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robin Lee Rhodes on October 24, 1994 at the Harris County Community Supervision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to avoid injurious or vicious habits to-wit; Robin Lee Rhodes did ingest/inject a controlled substance, namely, Cocaine which was evidenced by the presence of Cocaine Metabolite in a urine sample taken from Robin Lee Rhodes on February 28,1996 at the Harris County Community Supervision and Corrections Department.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to report to the Probation Office, to-wit; the Defendant was ordered to report December 03, 1993 and thereafter on the as directed of each month to his designated Probation Officer unless different dates within a calendar month were agreed to by him and his Probation Officer. He failed to report as instructed for the months of May 1994, June 1994, July 1994, April 1996, May 1996, December 1996 and January 1997.

PAGE  2  - MOTION TO REVOKE PROBATION

THE STATE OF TEXAS VS. _____ Robin Lee Rhodes _____    CAUSE NO. ___674316___

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to participate in community service program, Community Service as ordered by the Court, to-wit; on December 03, 1993 the Defendant was ordered to perform 160 hours over a period of 60 months beginning January 03, 1994. The Defendant failed to begin this service.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to pay a supervision fee as ordered by the Court and as of January 27, 1997, the defendant is $925.00 in arrears.

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: Failing to pay restitution as ordered by the Court and as of January 27, 1997, the defendant is $75.00 in arrears.

WHEREFORE, THE STATE PRAYS that Alias Capias issue and upon arrest that a hearing be given the Defendant and that on the final hearing the Probation be revoked.

_____
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

MOTION GRANTED AS PRAYED FOR and the Clerk is hereby ORDERED to issue Alias Capias for arrest of the Defendant and that a copy of this Motion be served on the Defendant.

SIGNED THIS THE ___30___ day of ___April_____ A.D., 19_97_

_____
HONORABLE ___Judge W.R. Voigt___, JUDGE
PRESIDING, _248th_ DISTRICT COURT
Harris County, Texas

ATTEST
Charles Bacarisse
District Clerk
Harris County, Texas

By: _____
_____(Deputy)

ACTION DIRECTED BY THE COURT
A. FILE MOTION TO REVOKE ___✓___
B. NO ACTION DESIRED _____
C. HOLD PENDING _____

_____
JUDGE, 248th DISTRICT COURT

_____
PROBATION OFFICER   Aundrea Walls (N1)
DATE SUBMITTED ___4-30-97___

NO. _674316._

THE STATE OF TEXAS

VS.

*Robin Lee Rhodes*
*aka Robert Lee*

IN THE _248_ DISTRICT

COURT OF HARRIS COUNTY, TEXAS

Change of Venue From: _na_

## ORDER REVOKING COMMUNITY SUPERVISION

Judge Presiding: _WR Voigt_          Date of Order: _5-13-1997_

Attorney for State: _Adam Moskowitz_     Attorney for Defendant: _Mark Racer_     [ ] Waived Counsel

Offense Convicted of: _Credit Card Abuse_

Degree: _Third_          Date Offense Committed: _8-7-1993_

Date of Community Supervision Order: _12-3-1993_          Costs: $ _32450_

Paragraph Violated and Grounds for Revocation: _paragraph (b) (d) (l) (o) (p)_
_technical violations_

As set out in State's _Original_ Petition to Revoke Community Supervision

Original Punishment Assessed: _10 mos./yrs. ID/SJ_   _Probated 10 years_   Fine: _$500⁰⁰_

Shock Community Supervision Punishment: _na_          Fine: _na_

Affirmative Findings:  (Circle appropriate selection -- N/A = not available or not applicable)
DEADLY WEAPON: Yes | No | N/A     FAMILY VIOLENCE: Yes | No | N/A     HATE CRIME: Yes | No | N/A

Punishment Imposed and Place of Confinement: _2 years_  Institutional/State Jail Division     [X] Reformed   ~~Fine:~~

Date of Sentence: _5-13-1997_          Date to Commence: $ _5-29-1997_

Time Credited: (TDCJ) _181_ ~~181~~ _days_          Total Amount of Restitution/Reparation/Reward:

Concurrent Unless Otherwise Specified: _____          Restitution/Reward to be Paid to:
Name: _____
Address: _____

Statement of Amount of Payment(s) required/Terms of Amount: _____

This day this cause being again called the State appeared by her District Attorney as named above, and the Defendant as named above appeared in open court in person, and either with his Counsel as named above or knowingly, intelligently and voluntarily waived the right to representation by counsel as indicated above.  Then came on to be heard the motion of the State's Attorney that the community supervision of the Defendant be revoked.

The court having heard and considered said motion, the defendant's plea thereto, and the evidence submitted, it appears that on the above indicated date of community supervision, the defendant was finally convicted of a felony and his punishment was assessed at confinement in the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, and a fine, if any, as indicated above.  The imposition of the sentence was suspended and the defendant was placed on community supervision for a term of _10_ years, and that said defendant has violated the conditions of his community supervision in that:
_He did ingest/inject Cocaine evidenced by the presence of Cocaine Metabolite_
_in urine samples taken from him on 4-24-1444, 10-24-1444, 2-28-1446, further_
_he failed to report as court ordered; he failed to perform begin community service as_
_court ordered; he failed to pay supervision fee & restitution as court ordered._

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the order suspending the imposition of the sentence, and placing the defendant on community supervision, previously entered in this cause, is hereby revoked, and it is ordered by the court that the defendant be now sentenced in accordance with the judgment previously entered in this cause and in compliance with this order, or, it appearing to the court that the ends of justice will best be served by a reformation of the judgment from the original punishment assessed as indicated above to the reformed punishment as indicated above.

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof.  Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit:  "It is the order of the Court that the Defendant, named above who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, be delivered by the Sheriff of Harris County, Texas, immediately to the Director of the Institutional Division or State Jail Division, Texas Department of Criminal Justice, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division or State Jail Division, Department of Criminal Justice for the period indicated above, in accordance with the provisions of the law governing the Institutional Division or State Jail Division, Texas Department of Criminal Justice.

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

---

B I L L   O F   C O S T S   *Lee*

Payment Type:____  (S, I, D, M or L:)  (NOTE:  If "I" or "D" see attached order)
Jail Time: _____ ___ H/D/M/Y  CC: Y/N ___  Y=Yes  N=No (jail/fine/cost concurrent)
Time Assessed TDCJ, (I) Institutional/(SJ) State Jail;_____ Div:_____ ___ D/M/Y
Jail Credit: _____ ___ H/D/M/Y   Sentence to Begin Date: _____
(HCJ/SJ)____ as a Condition of Community Supervision: _____ ___ H/D/M/Y
Additional Jail Credit: _____ _____ H/D/M/Y
Payable on or Before: _____  PLO: _____ Reward SPN: _____  COC:_____
_____ Hours of Sentence to be Served by Performing Community Service
Defendant to Serve Sentence by Electronic Monitoring? (Y or N: _____
NOTE TO SHERIFF:_____

| | | |
|---|---|---|
| Transcript at:_____ Pages......... | Crime Stoppers Fee......... | 2 | 00 |
| Serving Capias: _____/Summons....... | Jury Fee................... | | |
| Summoning____ Witness/Mileage....... | CJPF...................... | 20 | 00 |
| Jury Fee........................... | LEOSEF.................... | 1 | 50 |
| Taking: _____ Bonds................ | CVCF...................... | 45 | 00 |
| Commitment......................... | DCLCF..................... | | |
| Release............................ | JCTF...................... | 1 | 00 |
| Attachment......................... | Video Fee................. | | |
| Arrest W/O Warrant/Capias.......... | DWI Evaluation Fee........ | | |
| ------RECAPITULATION------ | Reward Repayment.......... | | |
| Fine Amount........................ | Security Fee.............. | 5 | 00 |
| Miscellaneous Costs................ | Records Preservation Fee.. | 10 | 00 |
| Judicial Fund Fee.................. | ACCA...................... | | |
| Special Expense.................... | Financial Responsibility.. | | |
| Trial Fee.......................... | PTR Fee................... | | |
| District Attorney Fee.............. | Attorney Fee.............. | | |
| Clerk's Fee........................ 40 00 | Breath Alcohol Testing.... | | |
| Sheriff's Fees (Total)............. | Rehabilitation Fund....... | | |
| Misdemeanor Costs.................. | Amount Probated/Waived.... | | |
| MAP Traffic Costs.................. | TOTAL AMOUNT OWED........ | | |

MAY 13 1997

Signed and entered this the _____ day of _____, A.D., 19_____.

Notice of Appeal: _____ 19____          /s/ _____
                                                   PRESIDING JUDGE
Probation Expires: *na.* _____ 19____

Mandate Received: _____ 19____

After Mandate Received, Sentence to Begin Date is: _____

Received on _____ day of _____, A.D., 19____ at _____ o'clock ____M.

Sheriff, Harris County, Texas

By: _____ Deputy

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

*674316*
*5 bm 999*
Entered _____
Verified _____
*LCBT*
*18 bm 999*

Defendant's
Right Thumbprint

CRM-21  R10-26-94                       -2-

104dc

JONES, ROBIN LEE
JONES, ROBIN

NAME: ROBIN LEE

NO. 0874036831010

IN THE 248 DISTRICT COURT
OF HARRIS COUNTY, T E X A S

CAUSE NUMBER: 0874036831010
667238   2yrs

OFFENSE: CRED CARD-PRESE
DATE SENTENCED: 05/14/97

Shft+Servic & 5/13/97

SID: TX01880447
HULC HOUSTON RD.

DOB: 12/19/66

TO THE SHERIFF OF HARRIS COUNTY — GREETINGS:

WITNESS MY SIGNATURE AND SEAL OF OFFICE,
ON THIS THE 13TH DAY OF MAY, A.D. 1997

CHARLES BACARISSE
DISTRICT CLERK, HARRIS COUNTY, TEXAS

BY _____ DEPUTY

SHERIFF'S RETURN

RECEIVED THIS WRIT ON THE 14 DAY OF July 13 DAY OF May A.D. 97   A.D. 97

TOMMY THOMAS
SHERIFF OF HARRIS COUNTY, TEXAS

DEPUTY

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEX.

97 JUL 22  AM 8: 39

BY _____
DEPUTY

ORIGINAL TO TDCJ-ID DATE: _____   JUL 0 2 1997

# CHARLES BACARISSE

### HARRIS COUNTY DISTRICT CLERK



ROBIN RHODES #791100

106 COMMERCE JDSJ 8C1

DALLAS TX 75207

Memorandum response to correspondence received:   9/30/97
(Filemark date)

Re: Cause No(s)   667238      674316

Dear Customer:

☐ Your Motion/Request _____

_____ **was**

filed with the District Clerk and on _____ the Court:   ☐ Took No Action

☐ Denied your motion/request      ☐ Granted your motion/request

☐ Our records reflect your Jail Credit Time to be: _____ **and**

Sentence to Begin Date: _____

☐ Contact TDC records for further information:

x☒ Other:  The Date of Offense for cause #667238 is

June 17, 1993; for cause #674316 is August 7, 1993.

See back of this page _____

_____

**CHARLES BACARISSE, District Clerk**

By _____

Clerk in the ___248___ District Court

301 FANNIN  •  P.O. BOX 4651  •  HOUSTON, TEXAS 77210-4651  •  (713) 755-5711

You spent time in custody as follows:

under 667238,

```
arrested        released
7/27/93         7/29/93  made bond = 3 days
                                     180
                                     ─────
under 674316                         183 days
arrested        released
11/22/93        12/3/93   prob     =12 days
9/12/94         9/27/94   mrp dism =16
12/17/95        2/30/96            =76
6/21/96         8/13/96   mrp dism =54
4/29/97         5/20/97            =22
                                   ─────
                                   180 days
```

You were booked back into the Harris County Jail on
5/29/97;
Therefore

your sentence in both cases begin 5/29/97
in #667238 you received 184 days additional credit.
in #674316 you received 180 days additional credit.



CHARLES BACARISSE
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

RETURN SERVICE
REQUESTED

FILED
CHARLES BACARISSE
DISTRICT
HARRIS C
17 NOV 24
BY

13 *m* 493 *Esr*

CAUSE NO. _674316_

THE STATE OF TEXAS

vs .

_Robin Lee Rhodes_

aka_____

IN THE _248_ DISTRICT COURT
OF HARRIS COUNTY, TEXAS

DF NO. _One_

Offense_____

TO THE SHERIFF OF HARRIS COUNTY, TEXAS:   GREETINGS

BY ORDER OF THE COURT, on the _21st_ day of _May_____, A.D., 19 _97_
the following action is directed in the above styled and numbered cause:

USE THIS AREA WHEN NECESSARY TO SHOW ACTIVITIES BY COUNT

Count _____ of the Indictment / Information _____
Count _____ of the Indictment / Information _____
Count _____ of the Indictment / Information _____
Count _____ of the Indictment / Information _____

[ ]   Indictment / Information / Complaint dismissed. Count(s) _____.

[ ]   Defendant received _____ years in the Texas Department of Criminal
      Justice, Institutional Division / Harris County Jail PROBATED and a fine of
      $_____.

[ ]   Defendant placed on probation for a period of _____ years and a fine
      of $_____.   Adjudication of Guilt Deferred.

[ ]   State's Motion to Revoke Probation / State's Motion to Adjudicate dismissed.

[ ]   Indictment / Information Quashed.

[ ]   Defendant found Not Guilty.

[ ]   Bond filed on _____ in the amount of $_____ REINSTATED.

[ ]   Court approved Personal Bond/Pre-Trial Bond in the amount of $_____.

[ ]   Court approved Appeal Bond in the amount of $_____.

[ ]   Court approved Habeas Corpus Appeal Bond in the amount of $_____.

[ ]   Upon hearing Writ of Habeas Corpus defendant discharged.

[X]   _Deft's furlough extended to 5-26-1997_
      _Deft to surrender to HCJ on 5-26-1997 to begin_
      _2 year TDC Sentence_

[ ]   **RETURN CAPIAS AND RELEASE DEFENDANT FROM YOUR OFFICIAL CUSTODY, AS INDICATED
      BY ABOVE ACTIVITY.**

Witness my hand and Seal of Office at Houston, Texas, this _21st_ day of
_May_____, A.D., 19 _97_ at _5:00_ o'clock ___ M.

CHARLES BACARISSE, District Clerk
Harris County, Texas

By _____, Deputy

CRM-59  R01-01-95

6-15-97

667238
674316

Sally,

First I'd like to "thank you" for all of your help while I was out on furlough. I do appreciate it.

Re. my jail credit - we had talked & you had found my 184 days credit on cause # 667238 & 181 days on # 674316. Did you forward this to T.D.C? Would you forward a copy of that to me so that I may have it for my records? I would appreciate it. Again THANKS for all your help. I really enjoyed my sons 1st birthday. (Furlough) Tell Chuck & Judge Voight "Hello"

Sincerely,

Robin R Hodes #183237
1301 Franklin  8-A-4
Houston TX 77002

JUN 19 1997

400A

667238
674316

letter sent 7-7-97



SAlly

Please find enclosed A copy of The
check I forgot To enclose with The
Motion To Reduce sentence I filed
W/ you on 6/13/97. Please Add This
To The Motion & Have check set A
Hearing At The courts convience.
Can you please notify me of The Hearing
DAT.
& confirm whether or not you Received my
Motion? Thanks Again SAlly for your
Help & Patience. Please Advise me of The
courts Decision At The Address below.

CAuse#j 667238
674316

Sincerely

Robin Rhodes 193237
1301 Franklin 8-A-4
Houston tx 77002

P.S.

SAlly
Do I Need To Re-File This Motion?

R.R.

FILED
CHARLES BACARISSE
Dist. Clerk

JUL 0 2 1997
Time  3:45P
Harris County
By

letter sent 7-7-97

ORDER

ON THIS DATE _____ THE COURT
Considered THE MOTION TO Reduce SeNTeNCe
iN CAUSE #'s 667233 & 674316

THE COURT is of THE OPINION THAT DefeNdANTS
RequesT foe A HeARiNg SHould be:

GRANTed
DeNied

DATE of HeARiNg: _____

_____
JUdge PResidiNg



# Section 4

FOR PLEA: ADMONISHMENTS, STATEMENTS, AND WAIVERS / REV. 1-1-96
FOR OFFENSES SEPTEMBER 1, 1995 AND AFTER

CAUSE NO. 72585

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 248 TH DISTRICT COURT |
| VS. | § | OF |
| Robin Rhodes , | § | HARRIS COUNTY, T E X A S |
| DEFENDANT | | |

### ADMONISHMENTS

Pursuant to Article 26.13 (d), Code of Criminal Procedure, the Court admonishes you the Defendant as follows and instructs you to place your initials by each item if you fully understand it:

[ ] (1) you are charged with the felony of __Theft__. The State moves to reduce such charge to _____ If convicted, you face the following range of punishment:

[ ] HABITUAL SEX OFFENDER: a term of not less than life in the Institutional Division of the Texas Department of Criminal Justice for a defendant convicted of aggravated sexual assault, aggravated kidnapping with the intent to violate or abuse the victim sexually, burglary with the intent to commit a sex offense, or indecency with a child; if enhanced with two prior felony convictions; and one of the convictions is for aggravated sexual assault, sexual assault, aggravated kidnapping with the intent to violate or abuse the victim sexually, burglary with the intent to commit a sex offense, indecency with a child, sexual performance by a child, promotion or possession of child pornography, or prohibited sexual conduct; .

[ ] HABITUAL OFFENDER: a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Texas Department of Criminal Justice;

[ ] FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed;

[ ] FIRST DEGREE FELONY WITH ONE ENHANCEMENT: if a first degree felony is enhanced with one prior felony conviction, a term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed;

[ ] SECOND DEGREE FELONY: a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on _June 20, 1996_

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _4 mo. Hhrus to. Jail 3 12.44(a)_ and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled.

_____
DEFENDANT

Sworn to and Subscribed before me on

AUG 1 2 1996
HARRIS COUNTY DEPUTY DISTRICT CLERK

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendant may be entitled.

_____          _____
DEFENDANT'S ATTORNEY (PRINT)      SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
(for Larry Standley)

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

FILED
CHARLES BACARISSE
DISTRICT CLERK
AUG 1 2 1996
Time:_____
By:_____

_____
JUDGE PRESIDING

**PLEA OF GUILTY**

assessment of punishment and my right to appeal continue as if adjudication of guilt had not been deferred;

[ / ]    (8) I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea;

[ / ]    (9) I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney;

[ / ]    (10) I read and write/understand the _English_ language; the foregoing Admonishments, Statements, and Waivers as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, were read by me or were read to me and explained to me in that language by my attorney and/or an interpreter, namely _K. Gumberger_, before I signed them, and I consulted fully with my attorney before entering this plea;

[ / ]    (11) Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea. I am mentally competent to stand trial and my plea is freely and voluntarily made. If my counsel was appointed, I waive and give up any time provided me by law to prepare for trial. I am totally satisfied with the representation provided by my counsel and I received effective and competent representation. Under Art. 1.14 V.A.C.C.P. I give up all rights given to me by law, whether of form, substance or procedure. Joined by my counsel, I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross examination of the witnesses. I consent to oral and written stipulations or evidence in this case. I have read the indictment and I committed each and every element alleged. I waive and give up my right of confidentiality to the pre-sentence report filed in the case and agree that the report may be publicly filed.

_____
DEFENDANT

SWORN AND SUBSCRIBED BEFORE ME THIS AUG 1 2 1996 DAY OF
_____, 19___.

HARRIS COUNTY DEPUTY
DISTRICT CLERK

APPROVED:

ATTORNEY FOR STATE

ATTORNEY FOR DEFENDANT

FILED
CHARLES BACARISSE
By

AUG 1 2 1996
Time: _____
Harris County, Texas
By _____ Deputy

JUDGE PRESIDING

<u>STATEMENTS AND WAIVERS OF DEFENDANT</u>

NOW COMES the Defendant in the above captioned cause and makes the following statements and waivers prior to the Court accepting my plea of guilty or plea of nolo contendere.

[    ]    (1)   I am mentally competent and I understand the nature of the charge against me;

[    ]    (2)   I understand the admonishments of the trial court set out herein;

[    ]    (3)   I hereby WAIVE the right to have the trial court orally admonish me;

[    ]    (4)   I WAIVE the right to have a court reporter record my plea;

[    ]    (5)   I represent to the trial court that the State will make the plea bargain agreement or recommendation, if any, set forth in the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession herein and I understand the consequences, as set out above, should the trial court accept or refuse to accept the plea bargain or plea without an agreed recommendation;

[    ]    (6)   I understand that before sentence may be imposed, the Court must order preparation of a Presentence Investigation Report by the probation officer pursuant to Article 42.12, Sec. 9, V.A.C.C.P.   I have thoroughly discussed this matter with my attorney and believe that for the Court to compel me to participate in the preparation of such a report would abridge the protection provided me by the Constitution of the United States and the Constitution and laws of the State of Texas and could result in further prejudice to me.   Therefore, I hereby in writing respectfully decline to participate in the preparation of a Presentence Investigation Report and request that said report not be made prior to the imposition of sentence herein.   I further knowingly, voluntarily, and intelligently waive any right which I may have to the preparation of said report either under Article 42.12, Sec. 9, V.A.C.C.P. or under Article 42.09, Sec. 8, V.A.C.C.P;

[    ]    (7)   I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec. 3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge.   If the Court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the

<u>STATEMENTS AND WAIVERS OF DEFENDANT</u>

NOW COMES the Defendant in the above captioned cause and makes the following statements and waivers prior to the Court accepting my plea of guilty or plea of nolo contendere.

[__]   (1)   I am mentally competent and I understand the nature of the charge against me;

[__]   (2)   I understand the admonishments of the trial court set out herein;

[__]   (3)   I hereby WAIVE the right to have the trial court orally admonish me;

[__]   (4)   I WAIVE the right to have a court reporter record my plea;

[__]   (5)   I represent to the trial court that the State will make the plea bargain agreement or recommendation, if any, set forth in the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession herein and I understand the consequences, as set out above, should the trial court accept or refuse to accept the plea bargain or plea without an agreed recommendation;

[__]   (6)   I understand that before sentence may be imposed, the Court must order preparation of a Presentence Investigation Report by the probation officer pursuant to Article 42.12, Sec. 9, V.A.C.C.P.   I have thoroughly discussed this matter with my attorney and believe that for the Court to compel me to participate in the preparation of such a report would abridge the protection provided me by the Constitution of the United States and the Constitution and laws of the State of Texas and could result in further prejudice to me.   Therefore, I hereby in writing respectfully decline to participate in the preparation of a Presentence Investigation Report and request that said report not be made prior to the imposition of sentence herein.   I further knowingly, voluntarily, and intelligently waive any right which I may have to the preparation of said report either under Article 42.12, Sec. 9, V.A.C.C.P. or under Article 42.09, Sec. 8, V.A.C.C.P;

[__]   (7)   I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec. 3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge.   If the Court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the