not to exceed $10,000.00 may be assessed.

[    ]    STATE JAIL FELONY WITH TWO FELONY CONVICTIONS:   if a state jail felony punishable under Section 12.35(a) of the Texas Penal Code is enhanced with two previous final felony convictions, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction becoming final, a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed;

[    ]    A STATE JAIL FELONY AND SENTENCED UNDER 12.44(a):  a term of confinement in the county jail not to exceed one year which is a felony conviction;   4 mo   HCS

[    ]    A STATE JAIL FELONY AND SENTENCED UNDER 12.44(b):  a term of confinement in the county jail not to exceed one year which is a misdemeanor conviction;

[    ]    CLASS A MISDEMEANOR: a term of confinement in the county jail not to exceed one year or a fine not to exceed $4000.00 or both.

[    ]    CLASS B MISDEMEANOR: a term of confinement in the county jail not to exceed 180 days or a fine not to exceed $2000.00 or both;

[    ]    OTHER: _____

_____

[    ]    (2)   the recommendation, if any, of the prosecuting attorney as to punishment is not binding on the Court;

[    ]    (3)   if there is any plea bargain agreement between the State and you, the Court will inform you in open court whether it will follow such agreement before making any finding on your plea;

[    ]    (4)   the Court will permit you to withdraw your plea of guilty, or nolo contendere should it reject any plea bargain agreement;

[    ]    (5)   if the punishment assessed by the Court does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you may prosecute an appeal on any matter in this case except for those matters raised by you by written motion filed prior to trial;

[    ]    (6)   if you are not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense with which you are charged in this case may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law.

Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed;

[___]    SECOND DEGREE FELONY WITH ONE ENHANCEMENT:  if a second degree felony is enhanced with one prior felony conviction, a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed;

[___]    THIRD DEGREE FELONY: a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed;

[___]    THIRD DEGREE FELONY WITH ONE ENHANCEMENT:   if a third degree felony is enhanced with one prior felony conviction, a term of not more than 20 years or less than 2 years in the institutional Division of the Texas Department of Criminal Justice, and in additional, a fine not to exceed $10,000.00 may be assessed;

[___]    STATE JAIL FELONY:  a term of confinement in a State Jail for not less than 180 days or more than 2 years, and in addition, a fine not to exceed $10,000.00 may be assessed.  Upon conviction for a State Jail Felony offense, the period of confinement must be suspended and you must be placed under supervision of the Court for a period of not less than 2 years or more than five years, unless the defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed.  The Court may also suspend all or part of any fine assessed.

   (  ) As a condition of supervision, if you have never before been convicted of a felony offense the Court may order that you be confined for up to 30 days in the county jail or up to 60 days in a state jail.

   (  ) If you have previously been convicted of a felony offense, the Court may order as a condition of supervision that you be confined up to 60 days in the county jail or up to 180 days in a state jail.

   (  ) If you have previously been convicted of 2 or more felonies, or if you are convicted of delivery of less than 1 gram of Penalty Group 1 controlled substance, the Court may order as a condition of supervision that you be confined for up to 1 year in a state jail.

[___]    STATE JAIL FELONY WITH TWO STATE JAIL FELONY CONVICTIONS: if a state jail felony punishable under Section 12.35(a) of the Texas Penal Code is enhanced with two final state jail felony convictions, a term of not more than 10 years or less than 2 years in the Texas Department of Criminal Justice and in addition, a fine

**JUDGMENT ON PLEA OF GUILTY/NOLO CONTENDERE/NOT GUILTY
BEFORE COURT—WAIVER OF JURY TRIAL**

CAUSE NO. _725815_

THE STATE OF TEXAS

VS.

_Robert Lee Rhodes_
**(Name of Defendant)**

AKA_____

IN THE _248th_ DISTRICT COURT

COUNTY CRIMINAL COURT
AT LAW NO._____

OF HARRIS COUNTY, TEXAS

| | | |
|---|---|---|
| Judge Presiding: | _W R Voigt_ | Date of Judgment: _8-12-1996_ |
| Attorney for State: | _Danny Stanley_ | Date Sentence Imposed: _8-12-1996_ |
| Attorney for Defendant: | _Kurt Gumberge_ ☐ Defendant Waived Counsel | Sentence to Begin Date: _8-12-1996_ |
| Offense Convicted of: | _Theft, 1500-20,000_ | Date of Offense: _6-20-1996_ |

☐ A MISDEMEANOR, CLASS: A | B | C   ☒ A FELONY, DEGREE: (SJ) | 3rd | 2nd | 1st | ~~CAPITAL~~

Terms of Plea Bargain (In Detail): _State abandons 2nd paragraph & moves to proceed under 1244 M, 4 mths HCJ_

**(Circle appropriate selection — N/A = not available or not applicable)**

| | 1st Paragraph | 2nd Paragraph | |
|---|---|---|---|
| Plea to Enhancement Paragraph(s): | True \| Not True \| (N/A) | True \| Not True \| (N/A) | Charging Instrument: ~~Complaint~~ \| (Indictment) \| ~~Information~~ |
| Findings on Enhancement(s): | True \| Not True \| (N/A) | True \| Not True \| (N/A) | Plea: (Guilty) \| ~~Nolo Contendere~~ \| ~~Not Guilty~~ |

Affirmative Findings:
Deadly Weapon: Yes \| No \| (N/A)    Family Violence: Yes \| No \| (N/A)    Hate Crime: Yes \| No \| (N/A)

Punishment Imposed and Place of Confinement:

_4 mths HCJ_

☐ Fine in the Amount of :$_____

**(Mark all that apply)**

☐ Institutional Division, TDCJ

☐ State Jail Division, TDCJ

☒ Harris County Jail

☐ Fine Only

☐ Sentence suspended, Defendant placed on community supervision for _____

☐ SEE SPECIAL INSTRUCTIONS, incorporated herein by reference.

| | | | | | |
|---|---|---|---|---|---|
| Time Credited: | _____ days toward incarceration | _____ days toward fine and costs _54_ | _____ days toward incarceration, fine and costs | COURT COSTS: $ _141.50_ | |

**(Mark appropriate selections below, if applicable)**

☐ Judgment Addendum incorporated herein by reference.

☐ Driver's license is suspended for a period of _____ days/months/years.

☐ The Defendant is entitled to _____ days credit toward suspension of driver's license.

RECORDER'S MEMORANDUM:
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

CD-003 R05/8/96

Page 1

☐ It is ordered by the Court, that any weapon(s) seized in this case is/are hereby forfeited.

☐ Educational program waived in accordance with Article 42.12 Sec. 13 (h), upon a finding of good cause by the Court.

☒ In accordance with Section 12.44(a), Penal Laws of Texas, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. The Defendant is adjudged to be guilty of a state jail felony and is assessed the punishment indicated above.

☐ In accordance with Section 12.44(b), Penal Laws of Texas, the Court authorizes the prosecuting attorney to prosecute this cause as a Class A misdemeanor. The Defendant is adjudged to be guilty of a Class A misdemeanor and is assessed the punishment indicated above.

This cause being called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above; or the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above, and both parties announced ready for trial. The Defendant waived his right of trial by jury, and pleaded as indicated above. Thereupon, the Defendant was admonished by the Court as required by law. It appearing to the Court that the Defendant is mentally competent to stand trial, that the plea is freely and voluntarily made, and that the Defendant is aware of the consequences of his plea; the plea is hereby received by the Court and entered of record. The Court having heard the evidence submitted, found the Defendant guilty of the offense indicated above. The Defendant was granted the right of allocution and answered nothing in bar thereof. The Court proceeded in the presence of the Defendant to pronounce sentence against the Defendant.

IT IS CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, and that the Defendant committed the offense on the date indicated above, and that the Defendant be punished as indicated above for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution for which execution will issue. Further, the Court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, Code of Criminal Procedure.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice (TDCJ) that the Defendant be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division or the State Jail Division, TDCJ, or any other person legally authorized to receive such convicts, and said Defendant shall be confined in the Institutional Division or State Jail Division, TDCJ for the period indicated above, in accordance with the provisions of the law governing the Institutional Division or State Jail Division, TDCJ. The Defendant is remanded to the custody of the Sheriff of Harris County until said Sheriff can obey the directions of this sentence.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Harris County Jail that the Defendant is remanded to the custody of the Sheriff of Harris County, Texas; unless the Defendant is instructed to voluntarily surrender to the Sheriff on the date the sentence is to begin, as indicated above. The Sheriff shall confine the Defendant in the Harris County Jail for the period indicated above, and until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that if the punishment assessed against the defendant is for a fine only, the Defendant is ordered to immediately proceed to the Office of the Harris County Sheriff and pay all fine and court costs as ordered by the Court in this cause; unless the Court orders the Defendant to be committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to begin, as indicated above, to be confined in the Harris County Jail until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that the sentence indicated above is to be executed, unless it is indicated above that the sentence is to be suspended, and if so, the Defendant is placed on community supervision for the period indicated above pending his abiding by and not violating the terms and conditions of his community supervision.

IT IS ORDERED by the Court that this sentence runs concurrent with any other sentence(s) unless it is indicated on the Judgment Addendum that the sentence is to run cumulatively.

Signed and entered on _August 12, 1996_ .

Probation Expires: _____

X _____
PRESIDING JUDGE

Notice of Appeal: _____

Mandate Received: _____

Entered _____
Verified _____

After Mandate Received, Sentence to Begin Date is: _____

Received on _August 12, 1996_ at _11:45_ AM / PM.
Sheriff, Harris County, Texas

LCBT _____
LCBU _____

By: _____ Deputy

SPECIAL INSTRUCTIONS OR NOTES: _____

Defendant's
Right Thumbprint

# Section 5

This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

**JUDGMENT ON PLEA OF GUILTY/NOLO CONTENDERE/NOT GUILTY**

**BEFORE COURT—WAIVER OF JURY TRIAL**

CAUSE NO. _726477_

THE STATE OF TEXAS

VS.

_Robin Rhodes_
**(Name of Defendant)**

AKA_____

IN THE _241th_ DISTRICT COURT

COUNTY CRIMINAL COURT
AT LAW NO._____

OF HARRIS COUNTY, TEXAS

| | |
|---|---|
| Judge Presiding: _W R Voigt_ | Date of Judgment: _8-12-1996_ |
| Attorney for State: _Larry Stanley_ | Date Sentence Imposed: _8-12-1996_ |
| Attorney for Defendant: _Kurt Gumberger_   ☐ Defendant Waived Counsel | Sentence to Begin Date: _8-12-1996_ |
| Offense Convicted of: _Credit / Debit Card Abuse_ | Date of Offense: _6-20-1996_ |

☐ A MISDEMEANOR, CLASS:   A | B | C   ☒ A FELONY, DEGREE: SJ | 3rd | 2nd | 1st | CAPITAL

Terms of Plea Bargain (In Detail): _4 mths HCJ    under 1244A_

**(Circle appropriate selection — N/A = not available or not applicable)**

Plea to Enhancement Paragraph(s):   1st Paragraph   True | Not True | (N/A)   2nd Paragraph   True | Not True | N/A   Charging Instrument: ~~Complaint~~ | ~~Indictment~~ | (Information)

Findings on Enhancement(s):   1st Paragraph   True | Not True | (N/A)   2nd Paragraph   True | Not True | (N/A)   Plea: (Guilty) | Nolo Contendere | Not Guilty

Affirmative Findings:
Deadly Weapon:   Yes | No | (N/A)      Family Violence:   Yes | No | (N/A)      Hate Crime:   Yes | No | (N/A)

Punishment Imposed and Place of Confinement:   _4 mths._

**(Mark all that apply)**

☐ Institutional Division, TDCJ
☐ State Jail Division, TDCJ
☒ Harris County Jail
☐ Fine Only

☐ Sentence suspended, Defendant placed on community supervision for _____
☐ SEE SPECIAL INSTRUCTIONS, incorporated herein by reference.

☐ Fine in the Amount of :$_____

| Time Credited: | _____ days toward incarceration | _____ days toward fine and costs | _54_ days toward incarceration, fine and costs   COURT COSTS: $ _141.50_ |

**(Mark appropriate selections below, if applicable)**

☐ Judgment Addendum incorporated herein by reference.
☐ Driver's license is suspended for a period of _____ days/months/years.
☐ The Defendant is entitled to _____ days credit toward suspension of driver's license.

CD-003  R05/8/96

Page 1

V11918 P0006

☐  It is ordered by the Court, that any weapon(s) seized in this case is/are hereby forfeited.

☐  Educational program waived in accordance with Article 42.12 Sec. 13 (h), upon a finding of good cause by the Court.

☐  In accordance with Section 12.44(a), Penal Laws of Texas, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. The Defendant is adjudged to be guilty of a state jail felony and is assessed the punishment indicated above.

☐  In accordance with Section 12.44(b), Penal Laws of Texas, the Court authorizes the prosecuting attorney to prosecute this cause as a Class A misdemeanor. The Defendant is adjudged to be guilty of a Class A misdemeanor and is assessed the punishment indicated above.

This cause being called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above; or the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above, and both parties announced ready for trial. The Defendant waived his right of trial by jury, and pleaded as indicated above. Thereupon, the Defendant was admonished by the Court as required by law. It appearing to the Court that the Defendant is mentally competent to stand trial, that the plea is freely and voluntarily made, and that the Defendant is aware of the consequences of his plea; the plea is hereby received by the Court and entered of record. The Court having heard the evidence submitted, found the Defendant guilty of the offense indicated above. The Defendant was granted the right of allocution and answered nothing in bar thereof. The Court proceeded in the presence of the Defendant to pronounce sentence against the Defendant.

IT IS CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, and that the Defendant committed the offense on the date indicated above, and that the Defendant be punished as indicated above for the period indicated above, and that the State of Texas do have and recover of the Defendant all costs of the prosecution for which execution will issue. Further, the Court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, Code of Criminal Procedure.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice (TDCJ) that the Defendant be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division or the State Jail Division, TDCJ, or any other person legally authorized to receive such convicts, and said Defendant shall be confined in the Institutional Division or State Jail Division, TDCJ for the period indicated above, in accordance with the provisions of the law governing the Institutional Division or State Jail Division, TDCJ. The Defendant is remanded to the custody of the Sheriff of Harris County until said Sheriff can obey the directions of this sentence.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Harris County Jail that the Defendant is remanded to the custody of the Sheriff of Harris County, Texas; unless the Defendant is instructed to voluntarily surrender to the Sheriff on the date the sentence is to begin, as indicated above. The Sheriff shall confine the Defendant in the Harris County Jail for the period indicated above, and until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that if the punishment assessed against the defendant is for a fine only, the Defendant is ordered to immediately proceed to the Office of the Harris County Sheriff and pay all fine and court costs as ordered by the Court in this cause; unless the Court orders the Defendant to be committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to begin, as indicated above, to be confined in the Harris County Jail until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that the sentence indicated above is to be executed, unless it is indicated above that the sentence is to be suspended, and if so, the Defendant is placed on community supervision for the period indicated above pending his abiding by and not violating the terms and conditions of his community supervision.

IT IS ORDERED by the Court that this sentence runs concurrent with any other sentence(s) unless it is indicated on the Judgment Addendum that the sentence is to run cumulatively.

Signed and entered on _August 12, 1996_

X _____
PRESIDING JUDGE

Probation Expires: _____

Notice of Appeal: _____

Mandate Received: _____

After Mandate Received, Sentence to Begin Date is: _____

Received on _____ at _____ AM | PM.
Sheriff, Harris County, Texas

By: _____ Deputy

SPECIAL INSTRUCTIONS OR NOTES: _____

Entered: _____

Verified: _____

LCBT

LCBU

Defendant's
Right Thumbprint

THE STATE OF TEXAS
VS.
**ROBIN RHODES**
22207 LANTANA
HOUSTON, TX

NCIC CODE: 2605 44
FELONY CHARGE:
  CREDIT/DEBIT CARD ABUSE
CAUSE NO: **0726477**
HARRIS COUNTY
DISTRICT COURT NO: __248th__

D.A. LOG NUMBER: 283614
CJIS TRACKING NO.: 9002665695-A002
SPN: 00133737      989          BY: BJE      DA NO: 621
DOB: WM 12-19-55                AGENCY: HPD
DATE PREPARED: 6/29/96          O/R NO: 083464296
                                ARREST DATE: 6-20-96
RELATED CASES:   DEF - ONE OTHER CHG (M)

BAIL: $ NO BOND
PRIOR CAUSE NO:

---

## WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **ROBIN RHODES**, hereafter styled the Defendant, on or about **JUNE 20, 1996**, did then and there unlawfully, with intent to obtain a benefit fraudulently, use a OFFICE MAX CREDIT card knowing the use was without the effective consent of the cardholder, LISA GALLEGOS , namely, without any consent of any kind, and knowing that the OFFICE MAX card had not been issued to the Defendant.

STATE moves to
~~Refer~~ Proceed under
12.44 A - Fel. Conu —
misd. Punish —
4 mo H.C.J.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on _6 - 20 - 96_

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _4 mo. H.C.J. 12.44 A_ and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled.

_____
DEFENDANT

Sworn to and Subscribed before me on _____ AUG 1 2 1996

_____
HARRIS COUNTY DEPUTY DISTRICT CLERK

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendant may be entitled.

_Kurt Gumberger_____
DEFENDANT'S ATTORNEY (PRINT)                    _____
                                                SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

FILED
CHARLES BACARISSE

AUG 1 2 1996

_____ Texas

_____ Deputy

1996

**PLEA OF GUILTY**

_____
JUDGE PRESIDING

FOR PLEA: ADMONISHMENTS, STATEMENTS, AND WAIVERS / REV. 1-1-96
FOR OFFENSES SEPTEMBER 1, 1995 AND AFTER

CAUSE NO. 726477

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 248 TH DISTRICT COURT |
| VS. | § | OF |
| *Robin Rhodes* | § | HARRIS COUNTY, T E X A S |
| DEFENDANT | | |

## ADMONISHMENTS

Pursuant to Article 26.13 (d), Code of Criminal Procedure, the Court admonishes you the Defendant as follows and instructs you to place your initials by each item if you fully understand it:

_RR_  (1)  you are charged with the felony of _Credit card abuse_. The State moves to reduce such charge to _____.
If convicted, you face the following range of punishment:

[   ]    HABITUAL SEX OFFENDER: a term of not less than life in the Institutional Division of the Texas Department of Criminal Justice for a defendant convicted of aggravated sexual assault, aggravated kidnapping with the intent to violate or abuse the victim sexually, burglary with the intent to commit a sex offense, or indecency with a child; if enhanced with two prior felony convictions; and one of the convictions is for aggravated sexual assault, sexual assault, aggravated kidnapping with the intent to violate or abuse the victim sexually, burglary with the intent to commit a sex offense, indecency with a child, sexual performance by a child, promotion or possession of child pornography, or prohibited sexual conduct;

[   ]    HABITUAL OFFENDER: a term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Texas Department of Criminal Justice;

[   ]    FIRST DEGREE FELONY: a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed;

[   ]    FIRST DEGREE FELONY WITH ONE ENHANCEMENT: if a first degree felony is enhanced with one prior felony conviction, a term of life or any term of not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed;

[   ]    SECOND DEGREE FELONY: a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas

Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed;

[   ]    SECOND DEGREE FELONY WITH ONE ENHANCEMENT: if a second degree felony is enhanced with one prior felony conviction, a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000.00 may be assessed;

[   ]    THIRD DEGREE FELONY: a term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed;

[   ]    THIRD DEGREE FELONY WITH ONE ENHANCEMENT:  if a third degree felony is enhanced with one prior felony conviction, a term of not more than 20 years or less than 2 years in the institutional Division of the Texas Department of Criminal Justice, and in additional, a fine not to exceed $10,000.00 may be assessed;

[XX]    STATE JAIL FELONY: a term of confinement in a State Jail for not less than 180 days or more than 2 years, and in addition, a fine not to exceed $10,000.00 may be assessed.  Upon conviction for a State Jail Felony offense, the period of confinement must be suspended and you must be placed under supervision of the Court for a period of not less than 2 years or more than five years, unless the defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed.  The Court may also suspend all or part of any fine assessed.

    (  ) As a condition of supervision, if you have never before been convicted of a felony offense the Court may order that you be confined for up to 30 days in the county jail or up to 60 days in a state jail.

    (  ) If you have previously been convicted of a felony offense, the Court may order as a condition of supervision that you be confined up to 60 days in the county jail or up to 180 days in a state jail.

    (  ) If you have previously been convicted of 2 or more felonies, or if you are convicted of delivery of less than 1 gram of Penalty Group 1 controlled substance, the Court may order as a condition of supervision that you be confined for up to 1 year in a state jail.

[   ]    STATE JAIL FELONY WITH TWO STATE JAIL FELONY CONVICTIONS: if a state jail felony punishable under Section 12.35(a) of the Texas Penal Code is enhanced with two final state jail felony convictions, a term of not more than 10 years or less than 2 years in the Texas Department of Criminal Justice and in addition, a fine

not to exceed $10,000.00 may be assessed.

[___]     STATE JAIL FELONY WITH TWO FELONY CONVICTIONS: if a state jail felony punishable under Section 12.35(a) of the Texas Penal Code is enhanced with two previous final felony convictions, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction becoming final, a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed;

[___]     A STATE JAIL FELONY AND SENTENCED UNDER 12.44(a): a term of confinement in the county jail not to exceed one year which is a felony conviction;    4  mo  H.C.5

[___]     A STATE JAIL FELONY AND SENTENCED UNDER 12.44(b): a term of confinement in the county jail not to exceed one year which is a misdemeanor conviction;

[___]     CLASS A MISDEMEANOR: a term of confinement in the county jail not to exceed one year or a fine not to exceed $4000.00 or both.

[___]     CLASS B MISDEMEANOR: a term of confinement in the county jail not to exceed 180 days or a fine not to exceed $2000.00 or both;

[___]     OTHER: _____
_____

[___]     (2)   the recommendation, if any, of the prosecuting attorney as to punishment is not binding on the Court;

[___]     (3)   if there is any plea bargain agreement between the State and you, the Court will inform you in open court whether it will follow such agreement before making any finding on your plea;

[___]     (4)   the Court will permit you to withdraw your plea of guilty or nolo contendere should it reject any plea bargain agreement;

[___]     (5)   if the punishment assessed by the Court does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you may prosecute an appeal on any matter in this case except for those matters raised by you by written motion filed prior to trial;

[___]     (6)   if you are not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense with which you are charged in this case may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law.



## STATEMENTS AND WAIVERS OF DEFENDANT

NOW COMES the Defendant in the above captioned cause and makes the following statements and waivers prior to the Court accepting my plea of guilty or plea of nolo contendere.

(1) I am mentally competent and I understand the nature of the charge against me;

(2) I understand the admonishments of the trial court set out herein;

(3) I hereby WAIVE the right to have the trial court orally admonish me;

(4) I WAIVE the right to have a court reporter record my plea;

(5) I represent to the trial court that the State will make the plea bargain agreement or recommendation, if any, set forth in the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession herein and I understand the consequences, as set out above, should the trial court accept or refuse to accept the plea bargain or plea without an agreed recommendation;

(6) I understand that before sentence may be imposed, the Court must order preparation of a Presentence Investigation Report by the probation officer pursuant to Article 42.12, Sec. 9, V.A.C.C.P. I have thoroughly discussed this matter with my attorney and believe that for the Court to compel me to participate in the preparation of such a report would abridge the protection provided me by the Constitution of the United States and the Constitution and laws of the State of Texas and could result in further prejudice to me. Therefore, I hereby in writing respectfully decline to participate in the preparation of a Presentence Investigation Report and request that said report not be made prior to the imposition of sentence herein. I further knowingly, voluntarily, and intelligently waive any right which I may have to the preparation of said report either under Article 42.12, Sec. 9, V.A.C.C.P. or under Article 42.09, Sec. 8, V.A.C.C.P;

(7) I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec. 3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If the Court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the

assessment of punishment and my right to appeal continue as if adjudication of guilt had not been deferred;

(8)  I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea;

(9)  I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney;

(10)  I read and write/understand the ___English___ language; the foregoing Admonishments, Statements, and Waivers as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, were read by me or were read to me and explained to me in that language by my attorney ~~and/or an interpreter~~, namely _____, before I signed them, and I consulted fully with my attorney before entering this plea;

(11)  Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea.  I am mentally competent to stand trial and my plea is freely and voluntarily made.  If my counsel was appointed, I waive and give up any time provided me by law to prepare for trial.  I am totally satisfied with the representation provided by my counsel and I received effective and competent representation.  Under Art. 1.14 V.A.C.C.P. I give up all rights given to me by law, whether of form, substance or procedure.  Joined by my counsel, I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross examination of the witnesses.  I consent to oral and written stipulations or evidence in this case.  I have read the indictment and I committed each and every element alleged.  I waive and give up my right of confidentiality to the pre-sentence report filed in the case and agree that the report may be publicly filed.



_____
DEFENDANT

SWORN  AND  SUBSCRIBED  BEFORE  ME  THIS  AUG 1 2 1996  DAY  OF
_____, 19___.

_____
HARRIS COUNTY DEPUTY
DISTRICT CLERK

APPROVED:

_____                    _____
ATTORNEY FOR STATE                          JUDGE PRESIDING

_____
ATTORNEY FOR DEFENDANT

674316
667238

CAUSE NO. _726 477_ CHARGE _Credit / Debit Card Abuse_

THE STATE OF TEXAS

_248_ DISTRICT COURT

OF HARRIS COUNTY, TEXAS.

VS.

_Robin Rhodes_

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes _Robin Rhodes_ , defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel.

X _____
          Defendant

Sworn to and subscribed before me on this the _1st_ day of _July_
A.D. 19 _96_

By _____
     Deputy District Clerk
     Harris County, Texas

## ORDER APPOINTING COUNSEL

On this, the _1st_ day of _July_ , A.D. 19 _96_ it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause.

Attorney _Kurt Gumberger_

Address _5271 Memorial 200_

City _H_ State _TX_ Zip _77007_

Phone _522-6641_

BAR # _08616400_

RECORDER'S MEMORANDUM:
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

It is further ordered that the said cause is set for: _Aug_

on the _16th_ day of _July_ , 19 _96_ , at 9:00 A.M.

Signed this _1st_ day of _July_ , A.D. 19 _96_ .

_____
Judge Presiding

_Waiting for MRP's
in order to make a
rec on all cases_

_Think TWO (2)!_

DISTRICT CLERK

# Section 6

*Complied* ~~JJM 998~~

OFFENSE: UUMV

CAUSE NO. 751540

THE STATE OF TEXAS

IN THE 248 DISTRICT COURT
~~IN COUNTY CRIMINAL COURT AT LAW NO.~~

VS.

Robin Lee Rhodes

OF
HARRIS COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- ☐ The Defendant was convicted in another case.
- ☐ In custody elsewhere.
- ☐ Old case, no arrest.
- ☐ Missing witness.
- ☒ Request of complaining witness.
- ☐ Motion to suppress granted.
- ☐ Co-Defendant tried, this Defendant testify.
- ☐ Insufficient evidence.
- ☐ Co-Defendant convicted, insufficient evidence this Defendant.
- ☐ Case refiled as cause no. _____.
- ☐ Other.

RECORDER'S MEMORANDUM.
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

EXPLANATION: COMPLAINANT & DEFENDANT CAME TO AGREEMENT ON RESTITUTION IN LIEU OF CHARGES; DEFENDANT'S PROBATION TO BE REVOKED ON OTHER GROUNDS.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

MAY 0 1 1997

_Randall Ayer_

Assistant District Attorney
Harris County, Texas

## ORDER

The foregoing motion having been presented to me on this the ____ day of MAY 0 1 1997 A.D. 19___, and the same having been considered, it is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

JUDGE 248th DISTRICT COURT
~~COUNTY CRIMINAL COURT AT LAW NO.~~ _____
HARRIS COUNTY, TEXAS

II-147

White - Original                    Yellow - Defendant's Copy                    Pink - State's Copy

The State of Texas vs. RHODES, ROBIN LEE (SPN: 00183237)      6/27/2014

Cause: 075154001010    CDI: 3    Court: 248

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| File Date | 4/28/1997 |
| Case (Cause) Status | Dismissed |
| Offense | UNAUTH USE OF VEHICLE |
| Last Instrument Filed | Complaint |
| Case Disposition | DISM-050197 |
| Case Completion Date | 5/1/1997 |
| Defendant Status | DISPOSED |
| Bond Amount | $5,000.00 |
| Next/Last Setting Date | 5/1/1997 |

### DEFENDANT DETAILS

| | | | |
|---|---|---|---|
| Race/Sex | W / M | Height/Weight | 5'08 / 185 LBS |
| Eyes | BLU | Hair | BLN |
| Skin | MED | Build | MED |
| DOB | 12/19/1955 | In Custody | N |
| US Citizen | YES | Place Of Birth | TX |
| Address | 1955 GASSNER #155 BROOKSHIRE TX 77423 | | |
| Markings | TAT CHEST | | |

### COURT DETAILS

| | |
|---|---|
| Court | 248th |
| Address | 1201 Franklin (Floor: 16) Houston, TX 77002 Phone:7137557094 |
| Judge Name | Katherine Cabaniss |
| Court Type | Criminal |

# Section 7

**HCDistrictclerk.com**     The State of Texas vs. RHODES, ROBIN LEE (SPN: 00183237)        6/27/2014

                      Cause: 124137601010    CDI: 2     Court: 12

## APPEALS
No Appeals found.

## PAYMENT PLAN
No Payment Plan found.

## RELATED CASES
No related cases found.

## BOOKINGS
No Bookings found.

## WITNESS
No Witness found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| File Date | 6/10/2004 |
| Case (Cause) Status | Dismissed |
| Offense | FALSE REPORT |
| Last Instrument Filed | Misdemeanor Information |
| Case Disposition | DISM -102705 |
| Case Completion Date | 10/27/2005 |
| Defendant Status | DISPOSED |
| Bond Amount | $5,000.00 |
| Next/Last Setting Date | 10/27/2005 |

### DEFENDANT DETAILS

| | | | |
|---|---|---|---|
| Race/Sex | W / M | Height/Weight | 5'08 / 185 LBS |
| Eyes | BLU | Hair | BLN |
| Skin | MED | Build | MED |
| DOB | 12/19/1955 | In Custody | N |
| US Citizen | YES | Place Of Birth | TX |
| Address | 1955 GASSNER #155 BROOKSHIRE TX77423 | | |
| Markings | TAT CHEST | | |

### COURT DETAILS

| | |
|---|---|
| Court | 12th |
| Address | 1201 Franklin (Floor: 10) Houston, TX 77002 Phone:7137557738 |
| JudgeName | Robin Brown |
| Court Type | Criminal |

## BONDS

| Date | Type | Description | SNU |
|---|---|---|---|

Office of Harris County District Clerk - Chris Daniel

| 06/10/2004 | BOND SET | $5000 | | 999 |

## ACTIVITIES

| Date | Type | Description | SNU/CFI |
|------|------|-------------|---------|
| 06/10/2004 | COMPLAINT FILED | 1337 12 FALSE REPORT LEVEL M A | |
| 06/10/2004 | BOND SET | $5000 | 999 |
| 06/10/2004 | REVIEWED BY | REID, CICELY C | |
| 06/10/2004 | ORI | HOUSTON POLICE DEPAR OFFENSE NO: 085732304 | |
| 06/10/2004 | COMPLAINANT | BEHREND, BERNHARD | |
| 06/14/2004 | CI/MIN | TIME 1514 AMOUNT $5000 | 999 |
| 06/14/2004 | | ACKNOWLEDGED BY SHERIFF | |
| 11/02/2005 | SERVICE ACTIVITY | RETURNED UNEXECUTED ON 10/27/05 | |
| 11/02/2005 | | RECEIPTED BY CLERK | |
| 10/27/2005 | C87 ACTIVITY | DISM OTHER STATUS D CFI 12 | 999 |
| 10/27/2005 | COURT ORDER | DISMISSAL | 999 |
| 10/27/2005 | DISMISSAL REASON | OTHER | |
| 10/27/2005 | JUDG OFFENSE | FALSE REPORT LEVEL M A | |

## HOLDS

| Agency Placing Hold | Agency Name | Warrant Number | Bond Amount | Offense | Hold Placed | Hold Lifted |
|---------------------|-------------|----------------|-------------|---------|-------------|-------------|
| | BOPP | 791100 | $0.00 | PAROLE VIOLATORS | 7/23/1998 | 9/23/1998 |
| HPHPD0000 | HOUSTON PD | | $0.00 | 5 CASES @ $885.00 | 4/29/1997 | 5/20/1997 |
| HPHPD0000 | HOUSTON POLICE DEPT | | $0.00 | 15 CASES FOR 2,740 | 12/17/1995 | 2/26/1996 |
| | HPD | | $0.00 | 4 CASES AT $810.00 | 9/12/1994 | 9/27/1994 |
| HPHPD0000 | MUNICIPAL CHARGES | | $0.00 | 9 CASES AT 1595.00 | 8/2/1994 | 8/2/1994 |
| HPHPD0000 | HOUSTON PD | | $0.00 | 9 CASES AT $1945.00 | 11/22/1993 | 12/3/1993 |
| TX1010000 | HCSO-CENT RECORDS | | $0.00 | SPN CONSOL W/ 1325889 | 7/26/1993 | 7/29/1993 |
| LOUSIANNA | OUACHITA COUNTY SO | 0000049993 | $0.00 | GOVERNOR'S WARRANT | 11/12/1990 | 12/3/1990 |
| TXLOUISIA | OUACHITA CO LA | 499993 | $20,000.00 | ATT/DISTRUB.OF COCAINE/ | 8/29/1990 | 9/1/1990 |
| TXLOUISIA | OUACHITA CO SO | 499993 | $15,000.00 | CONSP TO DIST COCAINE | 8/29/1990 | 9/1/1990 |

Office of Harris County District Clerk - Chris Daniel

## CRIMINAL HISTORY

| Case(Cause)Nbr / Status | Defendant | Filed / Booked | Ct | Defendant Status | Disposition | Bond Amt | Type of Action / Offense | Next Setting |
|---|---|---|---|---|---|---|---|---|
| 108272301010-3Dismissed(D) | RHODES, ROBERT LEE | 8/31/2006 | | 179 | Disposed(D) | Dismissed(DISM) 3/7/2011 | $5,000.00 | THEFT-CHECK-HABITUAL (F) | 3/7/2011 |
| 124137601010-2Dismissed(D) | RHODES, ROBIN LEE | 6/10/2004 | | 12 | Disposed(D) | Dismissed(DISM) 10/27/2005 | $5,000.00 | FALSE REPORT (M) | 10/27/2005 |
| 089641001010-3Complete(C) | RHODES, ROBERT LEE | 12/11/2001 | 1/30/2003 | 262 | Disposed(D) | Disposed(DISP) 1/24/2003 | $15,000.00 | UNAUTH USE OF VEHICLE (F) | 1/24/2003 |
| 075154001010-3Dismissed(D) | RHODES, ROBIN LEE | 4/28/1997 | 5/30/1997 | 248 | Disposed(D) | Dismissed(DISM) 5/1/1997 | $5,000.00 | UNAUTH USE OF VEHICLE (F) | 5/1/1997 |
| 962842801010-2Dismissed(D) | RHODES, ROBIN | 6/29/1996 | 6/29/1996 | 11 | Disposed(D) | Dismissed(DISM) 8/12/1996 | $1,000.00 | BURGLARY OF VEHICLE (M) | 8/12/1996 |
| 072647701010-3Complete(C) | RHODES, ROBIN | 6/29/1996 | 6/29/1996 | 248 | Disposed(D) | Disposed(DISP) 8/12/1996 | | CREDIT/DEBIT CARD ABUSE (F) | 8/12/1996 |
| 072581501010-3Complete(C) | RHODES, ROBERT LEE | 6/21/1996 | 6/21/1996 | 248 | Disposed(D) | Disposed(DISP) 8/12/1996 | | THEFT $1500-20K (F) | 8/12/1996 |
| 955386401010-2Complete(C) | RHODES, ROBERT LEE | 12/16/1995 | 12/17/1995 | 12 | Disposed(D) | Disposed(DISP) 12/27/1995 | $1,000.00 | THEFT - $50-$500 (M) | 12/27/1995 |
| 955386501010-2Dismissed(D) | RHODES, ROBERT LEE | 12/16/1995 | 12/17/1995 | 12 | Disposed(D) | Dismissed(DISM) 12/27/1995 | $1,000.00 | EVADE ARREST (M) | 12/27/1995 |
| 943103201010-2Complete(C) | RHODES, ROBIN LEE | 8/1/1994 | 6/21/1996 | 2 | Disposed(D) | Disposed(DISP) 11/1/1994 | $1,000.00 | THEFT $20-$200 (M) | 11/1/1994 |
| 067431601010-3Complete(C) | RHODES, ROBIN LEE | 9/10/1993 | 5/30/1997 | 248 | Disposed(D) | Disposed(DISP) 5/13/1997 | | CRED CARD-PRESENT-OTHER (F) | 5/13/1997 |
| 066723801010-3Complete(C) | LEE, ROBERT | 6/18/1993 | 5/30/1997 | 248 | Disposed(D) | Disposed(DISP) 5/13/1997 | | THEFT SERVICE $750-$20,000 (F) | 5/13/1997 |
| 066723901010-3Dismissed(D) | LEE, ROBERT | 6/18/1993 | 7/27/1993 | 248 | Disposed(D) | Dismissed(DISM) 9/9/1993 | $2,000.00 | THEFT AUTO $750-20000 (F) | 9/9/1993 |
| 058263401010-3Dismissed(D) | RHODES, ROBIN L. | 12/3/1990 | | 230 | Disposed(D) | Dismissed(DISM) 4/12/1991 | $10,000.00 | WRIT OF HAB CORP (F) | 4/12/1991 |
| 058060401010-3Dismissed(D) | RHODES, ROBERT L. | 11/9/1990 | 11/9/1990 | 230 | Disposed(D) | Dismissed(DISM) 4/12/1991 | $5,000.00 | CRIMINAL ATTEMPT (F) | 4/12/1991 |
| 033934801010-3Complete(C) | RHODES, ROBIN LEE | 8/11/1981 | 11/26/1990 | 230 | Disposed(D) | Unsatisfactory Termination of Probation(USTP) 4/18/1991 | $2,000.00 | THEFT-$200-10000-CHECK (F) | 4/12/1991 |
| 033791201010-3Complete(C) | RHODES, ROBIN | 7/16/1981 | 11/26/1990 | 230 | Disposed(D) | Unsatisfactory Termination of Probation(USTP) 4/18/1991 | $5,000.00 | POSSESS COCAINE (F) | 4/12/1991 |
| 061969801010-2Dismissed(D) | RHODES, ROBIN | 6/3/1981 | | 6 | Disposed(D) | Dismissed(DISM) 8/28/1981 | $2,000.00 | CRIMINAL TRESPASS (M) | 8/27/1981 |
| 026322701010-3Dismissed(D) | RHODES, ROBIN | 5/5/1977 | 10/14/1980 | 230 | Disposed(D) | Dismissed(DISM) 10/23/1981 | | POSSESS COCAINE (F) | 10/23/1981 |

## ACTIVE PARTIES

| Name | Connection | Post | SPN # |
|---|---|---|---|

Office of Harris County District Clerk - Chris Daniel

Jdgm

RHODES, ROBIN LEE                        DEFENDANT - CRIMINAL                        00183237

## INACTIVE PARTIES

No inactive parties found.

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Defendant | Future Date | Comments | Attorney Appearance Indicator |
|------|-------|-----------|-------------|--------|---------|-----------|-------------|----------|-------------------------------|
| 10/27/2005 09:00 AM | 12 | | Motions Docket | Non-Trial Setting | | Data Unavailable | 1/1/0001 12:00:00 AM | | Absent |

## ALIASES

| Defendant Alias | True Name | Race | Sex | DOB | SPN# |
|-----------------|-----------|------|-----|-----|------|
| LEE, ROBERT | | W | M | 12/19/1955 | 00183237 |
| RHODES, R | | W | M | 12/19/1955 | 00183237 |
| RHODES, ROBERT L. | | W | M | 12/19/1955 | 00183237 |
| RHODES, ROBERT LEE | | W | M | 12/19/1955 | 00183237 |
| RHODES, ROBIN | | W | M | 12/19/1955 | 00183237 |
| RHODES, ROBIN LEE | Yes | W | M | 12/19/1955 | 00183237 |
| RHODES, ROBINERT LEE | | W | M | 12/19/1955 | 00183237 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 16906488 | DISMISS CASE | | 10/27/2005 | 1 |

OFF
DOCKET

OFFENSE: *False Alarm or Report*

CAUSE NO. *1241376*   02 ☐#/
                        ☐23☐☐☐

THE STATE OF TEXAS

IN THE____ DISTRICT COURT
IN COUNTY CRIMINAL COURT AT LAW NO. *12*

VS.

*Robin Lee Rhodes*

OF
HARRIS COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

☐ The Defendant was convicted in another case.
☐ In custody elsewhere.
☐ Old case, no arrest.
☐ Missing witness.
☐ Request of complaining witness.
☐ Motion to suppress granted.
☐ Co-Defendant tried, this Defendant testify.
☐ Insufficient evidence.
☐ Co-Defendant convicted, insufficient evidence this Defendant.
☐ Case refiled as cause no. _____
☒ Other.

EXPLANATION: *See State's File.*

F I L E D
CHARLES BACARISSE
District Clerk

OCT 2 7 2005

Harris County, Texas

By_____
                Deputy

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

*J. Meriwether (per Vic Wisner)*
Assistant District Attorney
Harris County, Texas

## ORDER

OCT 2 7 2005

The foregoing motion having been presented to me on this the ____ day of _____, A.D.20____ and the same having been considered, it is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

JUDGE_____
_____ DISTRICT COURT
COUNTY CRIMINAL COURT AT LAW NO. _____
HARRIS COUNTY, TEXAS

White-Original                    Yellow-Defendant's Copy                    Pink-State's Copy   II-147-(06/03)
                                                                                                  ∆

# Appendix 3-3

Hand Written Notes from D.A.'s File

Robin Rhodes          281  796-7316

2911 Sycamore Springs  #913 Ashlee Rhodes
Kingwood TX   77339         281 360-2413

→ testified before Pasadency

, 241376  ct12

   "bitch had it coming" - worthless bitch

wired on gonna wire #

contacted Floyd, get in hand

thought only witness

# Appendix 3-4

Innitial Letter From Harris County D.A. and
Letter to Court Regarding *in camera* Review



BELINDA HILL
FIRST ASSISTANT

CRIMINAL JUSTICE CENTER
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002-1901

## DEVON ANDERSON
### DISTRICT ATTORNEY
### HARRIS COUNTY, TEXAS

September 5, 2014

Mr. Jonathan Landers
Attorney at Law
2817 West T.C. Jester
Houston, Texas 77018
**By facsimile: (713) 685-5020 and by email: jlanders.law@gmail.com**

Re:   *Charles Thompson v. William Stephens*, Civil Action No. 4:13cv1900 (United
      States District Court, Southern District of Texas, Houston Division).

Dear Mr. Landers:

On August 25, 2014, this office was served with your subpoena requesting that the
Harris County District Attorney (HCDA) produce the following documents on September 6,
2014:

(1)   All documents related to Robin Rhodes, including files related to Robin Rhodes's
      criminal cases (regardless of the outcome), undercover work, agreements with
      Rhodes, requests for leniency for Robin Rhodes, payments made to Robin Rhodes,
      or any other documents pertaining to Robin Rhodes.

(2)   Any information or documents from the Edward John Benavides murder trial, that
      relate to or mention Robin Rhodes.

(3)   The entire Charles Thompson file for both the capital murder case (case no.
      0782657) and solicitation of murder case (0787292), including handwritten notes.
      Including, but limited to any handwritten notes or communications from Robin
      Rhodes, or concerning Robin Rhodes, regardless of who drafted the notes or
      communication.

(4)   The offense reports for the Charles Thompson capital murder case, as well [sic] the
      Charles Thompson solicitation of capital murder case referenced above.

(5)   All documents prepared by or for, referencing, or involving investigator Mike
      Kelly's involvement in the solicitation of murder case.

Mr. Jonathan Landers
September 5, 2014
Page 2.

(6)   All documents prepared by or for, referencing, or involving Assistant District
Attorney Lyn McClellan, which concern Robin Rhodes and the Charles Thompson
Capital Murder or Solicitation of Murder prosecutions.

(7)   All documents concerning contacts between law enforcement or district attorney
personnel and Robin Rhodes which relate to Charles Thompson's capital murder or
solicitation of capital murder cases.

With respect to each of the above-described document requests, the District Attorney
responds as follows:

**Robin Rhodes Documents.** In asking for "all documents related to Robin Rhodes"
in the first numbered paragraph of your subpoena duces tecum, this paragraph is inclusive
of Paragraphs (1), (2), (6) and (7) of the subpoena duces tecum.

On July 2, 2014, this office provided you by email with a copy of the portions of the
*Thompson* files pertaining to Rhodes as well as a copy of the August 6, 1993 informant
contract between Rhodes (signing as Robert Lee) and the Harris County Organized Crime
Task Force.

I have also carefully examined the State's litigation file for *State of Texas v. Edward
John Benavides,* Cause No. 679265, and will make certain responsive documents available
for review and copying.

However, pursuant to Federal Rules of Civil Procedure 26(b)(3) and (c), 45(c)(2)(B)
and (d)(2), the Harris County District Attorney respectfully objects to this subpoena and
asserts a work product privilege for those portions of the District Attorney's prosecutorial
litigation file in *State of Texas v. Edward John Benavides* that constitute the privileged work
product of an assistant district attorney employed by the Harris County District Attorney,
prepared in anticipation of criminal litigation, and which reflect the mental impressions,
conclusions, opinions and legal theories of counsel for the State.

| PRIVILEGE LOG | *Work Product Privilege.* 61 pages of undated case preparation and trial notes related to *State of Texas v. Edward John Benavides,* Cause No. 679265, apparently prepared by Assistant District Attorneys Bill Hawkins and Lyn McClellan. |
|---|---|

The District Attorney will provide the privileged information to the Court for *in
camera* review if the Court deems such review necessary.

Mr. Jonathan Landers
September 5, 2014
Page 3.

**Entire *Charles Thompson* Files.** In asking for the "entire Charles Thompson file for both the capital murder case (case no. 0782657) and solicitation of murder case (0787292) " in the third numbered paragraph of your subpoena duces tecum, this paragraph is inclusive of Paragraphs (3), (4), (5), (6) and (7) of the subpoena duces tecum.

The District Attorney has previously made the *Thompson* litigation files for Cause Nos. 782657 and 787292 available to you. Certain documents that constituted attorney work product or that were confidential by law were withheld at that time by agreement. The previously-disclosed documents, including the records related to Mr. Rhodes's involvement in those cases, remain available for review at the District Attorney's Office.

However, pursuant to Federal Rules of Civil Procedure 26(b)(3) and (c), 45(c)(2)(B) and (d)(2), the Harris County District Attorney respectfully objects to this subpoena and asserts a work product privilege for those portions of the District Attorney's prosecutorial litigation files in *State of Texas v. Charles Victor Thompson,* Cause Nos. 782657 and 787292, that constitute the privileged work product of an assistant district attorney employed by the Harris County District Attorney, prepared in anticipation of criminal litigation, and which reflect the mental impressions, conclusions, opinions and legal theories of counsel for the State.

The District Attorney also objects to the production of computerized criminal history information that does not relate to either Robin Rhodes or Charles Thompson; and to the autopsy photographs and medical records in the *Thompson* case.

| PRIVILEGE LOG | *Work Product Privilege.* HCDA case files with handwritten notes (2), HCDA Investigator requests and replies (4 pages), District Attorney Intake Management System worksheets (7 pages), handwritten and typewritten trial preparation notes (244 pages), draft documents (11 pages), case authority (109 pages), capital murder summary (2 pages), opening statement notes (6 pages), voir dire notes (76 pages), draft subpoena lists with notes (14 pages, one unserved subpoena, and one file folder). |
|---|---|
| | *Confidential Computerized Criminal History.* Computerized criminal history not related to Thompson or Rhodes (21 pages). |
| | *Autopsy Photographs and Medical Records.* 80 photographs and 83 pages of medical records. |

Mr. Jonathan Landers
September 5, 2014
Page 4.

As noted above, the District Attorney will provide the privileged information from the *Thompson* litigation files to the Court for *in camera* review if the Court deems such review necessary.

Please let me know when you wish to review the available information and designate what you wish to have copied.

Yours sincerely,

SCOTT A. DURFEE
Assistant General Counsel
(713) 755-5816

cc:    Ms. Katherine D. Hayes
Assistant Attorney General
Criminal Appeals Division
P.O. Box 12548
Austin, TX 78711-2548
*By email: katherine.hayes@texasattorneygeneral.gov*



CRIMINAL JUSTICE CENTER
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002-1901

## DEVON ANDERSON
### DISTRICT ATTORNEY
### HARRIS COUNTY, TEXAS

October 10, 2014

Ms. Rhonda Moore-Konieczny
Case Manager to Judge Gray H. Miller
United States Courthouse
515 Rusk Avenue, Room 9010C
Houston, Texas 77002

Re:  *Charles Victor Thompson v. William Stephens,* Civil Action No. 4:13-cv-1900 (United States District Court, Southern District of Texas, Houston Division).

Greetings:

On September 30, 2014, the Court ordered the Harris County District Attorney's Office to produce for *in camera* review "the 60-plus pages from *Benavides* about which the privilege is being invoked" and "the privileged documents from *Thompson* [excluding] that portion of the file containing voir dire notes, case authority, opening statement summary, autopsy photos, medical records, [and] computerized criminal records not relating to Rhodes."

I am submitting contemporaneously with this letter an envelope with the documents ordered to be submitted for *in camera* review.

The Court also directed the District Attorney's Office to produce "the complete offense report(s) in Thompson's solicitation of capital murder case and his capital murder case." The District Attorney's Office has complied with that order.

Please feel free to call if I can be of further assistance in the Court's review process.

Sincerely,

SCOTT A. DURFEE
Assistant District Attorney
(713) 755-5816

Ms. Rhonda Moore-Konieczny
October 10, 2014
Page 2.


cc:    Mr. Jonathan Landers
       2817 W. T.C. Jester Blvd, Suite M
       Houston, Texas 77018-7004
       *By email:  jlanders.law@gmail.com*

       Ms. Katherine Hayes
       Office of the Attorney General of Texas
       P. O. Box 12548, Capitol Station
       Austin, Texas 78711-2548
       *By email: katherine.hayes@texasattorneygeneral.gov*

# Appendix 3-5

Newspaper Article Also Submitted in Guidry v. Thaler, 4:12-mc-00441

Mail News Finance Sports Movies omg! Shine Autos Shopping Travel Contributor Network

Voices ▾    Sign In   Sign up   Mail

Business to Business   Careers & Job Searching   **Legal**   Marketing   Nonprofit Information   Real Estate

# Death Row Inmates Claim Jailhouse Snitch Testimony Got Them the Death Sentence

Another Inmate Recieved Life



Dee  Yahoo! Contributor Network

Start Here

Inmates   Snitching   The Invisible Man

Flag   Post a comment



I have recently been contacted by mail by four Texas inmates. Three are on death row, and one is serving a life sentence. They all allege being the victim of jail house snitching. Two were snitched on by the same informant, and the same prosecutor is involved in all four of these cases. All four claim the case they were convicted of was an old case or "cold case" as some people refer to it. They claim their innocence and feel a great injustice has been done.

Ronald Pribble, sits on death row in Texas waiting to die for a crime he says he did not commit. Pribble was convicted for the homicide of a young couple he knew, and their three children. The crime occurred in 1999. The two adults were shot, and the house set on fire to cover up the crime scene. The three children died of smoke inhalation. Because he was the last person to be seen with the victim, he was questioned at the time of the crime, but released, since there was not enough evidence against him Pribble claims.

Pribble claims he was the victim of a jailhouse snitch. Pribble alleges he was set up, and railroaded to death row years later. He has proof of his innocence and a witness that places him in his parents home the time of the murders. There was no murder weapon, bad DNA testing, false testimony, missing evidence, perjured testimony and other shoddy misdoing in his trial according to Pribble. While serving time in a Federal Texas prison for bank robbery, years after the crime occurred, Pribble was then given a bench warrant for Capital murder just months before he was about to be released. He phoned an agent from the FBI who was familiar with the murder case, and was also aware that he was innocent to see if he could get any information. He was told "A prosecutor must be trying to make a case, and they think you will cooperate since your about to be released" according to Pribble.

He was then sent to a medium facility in Texas, Beaumont. While there he was approached by two inmates, Nathan Foreman and Michael Beckcom. Pribble claims when they approached him they said "Jeff, we heard you got a bench warrant for Capital murder, do you need some help"? Pribble sais he knew something was wrong when he was called by his middle name Jeff, since only his friends called him that.

According to Pribble, Kelley Siegler, prosecutor in Harris County instructed Beckcom and other jailhouse informants to befriend Pribble, and get information that could be used against him in court. Pribble claims the information was fabricated, and he was falsely convicted on the testimony of a man who received a reduction in his sentence for snitching. Pribble alleges at his Capital murder trial Beckcom lied and said the two were good friends and that Pribble "bragged about the shootings." Pribble said his attorney referred to Beckoms testimony as "a dime store novel".

Approximately one month earlier, in the same facility the same jailhouse snitch was instructed once again by Harris County Prosecutor Siegler, and "set up" another inmate Hermilo Herrero for a conviction on a crime he also alleges he did not commit, according to both Pribble and Herrero. Herrero is serving a life sentence for a murder someone else has confessed to.

Herrero claims in his letter to me that an inmate Jesse G. Moreno and three other inmates named Rafael Dominguez, Nathan Foreman and Eddie Gomez conspired with D.A Kelly Siegler to charge him for murder. Herrero claims Moreno had an interview with Kelly Sigler in 2002, and made a recorded

## Related Content

Females on Death Row

Paris Hilton's Jail Sentence Angers Inmates, Causes Media Frenzy

Treating Children like Children: Outlawing the Death Penalty to Preserve Innocence...

The Wrongly Condemned: Innocent on Death Row

Resources   Takeaways   Did You Know

www.law.northwestern.edu/wrongfulconvictions/docs

**GUIDRY EX. 069**
Guidry v. Thaler
4:12-mc-00441

1/4

a statement as to a "so called" confession that he had made to him and two other inmates. Herrero has documents of the recorded interview as well as the trial transcripts.

Herrero says what ties his case to that of Pribbles is jail house informant Nathan Foreman and prosecutor Kelly Seigler. At the time Moreno claims Herrero confessed to him Foreman and Dominguez, in 1999, Herrero claims Foreman was not at Beaumont at the time in question. He did not arrive there until March of 2000. Herrero claims the statement from both Moreno and Dominquez was changed when they realised their mistake. He says Foreman never testified on either him or Pribble. Herrero can prove this testimony with documents, and can prove that Formen was lying, as well as the other two informants.

Herrero claims the first time he ever met Pribble was when they were both placed in a holding tank waiting to be picked up by the Sheriffs department. Upon his return about ten months later he was made aware of how his and Pribble's case were connected. He then took it upon himself to contact Pribble's lawyer, Mr. Gaiser. Herrero's wife contacted Mr. Gaiser to get his address, and explained the similarities of both men's cases, and mentioned how Herrero could possibly help in Pribble's case. Gaiser told her he would visit Herrero but never did according to Herrero.

Herrero also claims that his own trial lawyer Dan Cogdell was informed that a man named James Elizade Jr. had called the Herrero's and told them Herrero was innocent and that he would testify on his behalf. Cogdell waited five months and it wasn't until one day before Herrero's trial that Cogdell decided the jury wouldn't believe Elizade, although he never even visited him to hear what he had to say. Herrero wrote to me and said "I feel that Cogdell, Gaiser and Seigler were all working together to hang me and Pribble out to dry".

Herrero claims the main reason Prible was brought back to the medium facility was so that Pribble could meet Nathan Foreman, the man Herrero calls "The invisible man", because he claims he never knew him. Herrero closed his letter with the question, "How can Pribble and I confess to a man that we don't even know and on top of that did not exist on the facility at the time they claim they both confessed"?

Another inmate William Irvan sits on Texas death row, claiming to be a victim of jailhouse snitch testimony. Irvan alleges he was charged fourteen years after the crime, by the same prosecutor as Herrero and Pribble, D.A. Kelley Seigler. Irvan was charged for the murder and rape of Michelle Shadbolt, which occured on or about February 14, 1987, by stabbing her with a knife.

Irvan claims they knew who committed this murder but could not get him, so they came after him. He admits to having a relationship with Shadbolt, but he had consensual sex with her, and that he did not rape her. His semen was found in the woman, but was 72 hours old. The prosecution claimed she was raped, but Irvan says the Homicide detective told the jury that she was not raped and there was no trauma, no pubic hairs under her nails, and no fingerprint matches. He claims the other suspect was never tested.

Irvan told me after he was charged a girl named Tamara, he knew years before saw the article in the paper about him. According to Irvan the girl wrote the homicide detective and told him that I admitted to her I did this crime. She is in Federal prison serving four life sentences. Irvan claims the girl and Seigler told the jury she was telling the truth and that she was not getting a deal for her testimony.

Irvan claims after he was convicted the girls sisters came forward and told his attorneys that Tamara told them that she had lied, and was getting a deal. Also, another girl who said she was Tamara's cellie, contacted Irvan's attorney and told him that after Tamara came back from the trial she told her that Tamara said she had lied and got a deal for it. Irvan also received a letter from Tamara's sister and she told her that after her husband gets out, she will come forward and tell the truth.

Irvan has a website set up by "Innocent In Prison Project" showing all court document about this case, and other information..
http://www.iippi.org/inmates/texas/williamirvan.html
Irvan closed his letter saying "You will not believe how the Judge, Seigler, and my attorneys worked together to get me to plead, and when I would not they seeked the death penalty, took my attorneys and forced me to represent myself".

A forth inmate, Taurus Sales also sits on Texas death row, convicted of murder. Sales claims he was convicted because of jailhouse snitch testimony, and by the same prosecutor as the other three

inmates, Seigler. He claims to have written numerous letters to Washington, nonprofit organizations, attorneys, etc., but never received any assistance.

He claims Seigler prosecuted and convicted Herrero October-November 2003, Pribble, November to December 2003, himself January 2003, all of Capital murder, one after the other, using the same pattern, no physical evidence, and all allegedly confiding in fellow inmates, not as cellies, but snitches whom have testified favorably for the State on several or more occasions. Sales claims jailhouse snitches work out in the open with a room full of inmates sharing a squared space. "They gain our trust within a few months of being housed, and just before our trials begin he claims."

Sales claims he is innocent and can prove his innocence. He also alleges his amendments were violated. He is looking for someone to investigate his case, and claims he has information that would prove his innocence.

Kelly Siegler is featured on Law.com as one of the top 40 women at the top.
http://www.law.com/special/professionals/nlj/women_on_top/40_litigators.html#Siegler

According to the site, she is known as the "Giant-Killer" in Texas, and has won 12 out of 13 death sentence convictions. She only handles big cases. I did not speak to Siegler about any of these claims.

According to the Northwestern University school of law, center of wrongful convictions, the number one reason for wrongful convictions of death row inmates is jail house snitch testimony. Almost half the exoneration's from death row inmates were accounted by jail house snitch testimony. Prosecutors use this method to gain convictions, that otherwise would not stand up in court.
http://www.law.northwestern.edu/wrongfulconvictions/documents/SnitchSystemBooklet.pdf

If a defendant is to receive the death sentence, all testimony used should be truthful, and all measures should be made to enforce this. Jailhouse snitches receive both monetary rewards and leniency in their own sentences, and sometimes snitch to put the blame on someone. These reasons alone should put a ban on all jailhouse snitching. Their testimony is unreliable and sometimes fabricated.

All four inmates are hoping someone will help them prove their innocence.

All four inmates can be contacted.
Ronald J. Pribble #999433
Taurus Sales #999446
William Irvan #999472
all at The Polunsky Unit
3872 FM 350 S
Livingston, Tx. 77351

Hermilo Herrero #70135-079
Federal Correctional Institution
P.O.Box 26040
Beaumont, Tx. 77720

Sources:
Letters recieved in the mail
http://www.law.northwestern.edu/wrongfulconvictions/documents/SnitchSystemBooklet.pdf
http://www.law.com/special/professionals/nlj/women_on_top/40_litigators.html#Siegler

**Popular Searches**
  Female Death Row Inmates
  Famous Death Row Inmates
  Death Row Inmates Last Words
  Psychology And Death Row Inmates

Sponsored Results

Published by Dee
*I am a prison activist/advocate writing about prison issues, hoping to make awareness, and bring reform. One out of every thirty-two people in the USA are current y on parole, probation or in prison. I am ow...* View profile





Wario Were Touched for
Nintendo...

Healing Lives After Death

Learn Japanese | Lesson
48: Basic...

## 0 Comments

Sign in to Comment



COMBINE THE POWER OF
VERIZON WIRELESS 4LTE

LEARN MORE >

verizon    xfinity

**YAHOO! VOICES**

| | |
|---|---|
| Entertainment | News |
| Auto | Sports |
| Business | Tech |
| Creative Writing | Travel |
| Health | Slideshow Library |
| Home Improvement | Video Library |
| Lifestyle | |

**ALSO ON YAHOO!**

| | | |
|---|---|---|
| Autos | Maps | Shopping |
| Finance | Movies | Sports |
| Games | Music | omg! |
| Groups | My Yahoo! | Travel |
| Health | News | TV |
| Mail | Shine | Contributor Network |
| All Yahoo! Services » | | |

**YAHOO! CONTRIBUTOR NETWORK**

| | |
|---|---|
| Join / Sign In | Community |
| Help | Resources |
| | Blog |
| | Forum |
| | Promotional Tools |
| | Contests |
| | User Search |

Copyright © 2013 Yahoo! Inc. All rights reserved. | Yahoo! Finance and Yahoo! News Network.

Questions or Comments    Privacy Policy    About Our Ads    Terms of Service    Copyright Policy    Dashboard    Careers

# Appendix 3-6
# Solicitation Complaint and Indictment

THE STATE OF TEXAS
VS.

**CHARLES VICTOR**
**THOMPSON**
9919 LANDRY
HOUSTON, TX

NCIC CODE: 0901 13

SPN: 01650749-997
DOB: WM 6/13/70
DATE PREPARED: 7/7/98

RELATED
CASES:

D.A. LOG NUMBER:445561
CJIS TRACKING NO.:
BY: MF  DA NO: 0289
AGENCY:HCSO
O/R NO: 9806130289
ARREST DATE: 7/7/98

FELONY CHARGE: **SOLICITAION OF CAPITAL MURDER**
CAUSE NO:    0787292
HARRIS COUNTY DISTRICT COURT NO:    262nd
FIRST SETTING DATE:

BAIL: SNO BOND
PRIOR CAUSE NO:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **CHARLES VICTOR THOMPSON**, hereafter styled the Defendant, on or about JULY 7, 1998, did then and there unlawfully with the intent that the Capital Murder of Diane Zernia be committed, request Gary F. Johnson cause the death of the said Diane Zernia.

UnOfficial Copy Office of Chris Daniel District Clerk

BY

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS

98 JUL -7 PM 7:40

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on  July 7, 1998

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

AFFIANT

THE STATE OF TEXAS
VS.

CHARLES VICTOR
THOMPSON
9919 LANDRY
HOUSTON, TX

NCIC CODE: 0901 13

339th
GJ

D.A. LOG NUMBER:445561
CJIS TRACKING NO.:
BY: MF DA NO: 0289
AGENCY:HCSO
O/R NO: 9806130289
ARREST DATE: 7/7/98

SPN: 01957170
DOB: 01/07/1971
DATE PREPARED: 7/7/98

RELATED
CASES:

Vol. _____ Page _____ MVGM

BAIL: SNO BOND
PRIOR CAUSE NO:

FELONY CHARGE: SOLICITATION OF CAPITAL MURDER
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in
Harris County, Texas, **CHARLES VICTOR THOMPSON**, hereafter styled the Defendant, on or about JULY 7, 1998,
did then and there unlawfully, with the intent that the Capital Murder of Diane Zernia be committed, request Gary F.
Johnson cause the death of the said Diane Zernia.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

339th

_Wayne Riley_
Foreman

FOREMAN OF THE GRAND JURY

Unofficial Copy Office of Chris Daniel District

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS CO.

98 JUL 29 AM 11: 13

BY_____ DEPUTY

# Appendix 3-7

Handwritten Note from D.A.'s File
NOTE: "Appears to be from trial counsel #1's notes" was written by
Attorney Jonathan Landers

Appears to be
from Trial Cousel
#1's notes

Robin Rhodes ⟹ talking to
Mike Kelly

inmate contacted by Charles
("very knowledgable about law")

1/13/98

(a) substantial narc. transaction
(b) to recvr weapon
"Thompson never disclosed loc."
"led to believe same as murder"

MRP^arole ⟹ technicals
duty UAs
Non-Rptg
to get s/o to check status

:felony 8/12/96
theft
theft - CC# 12          habitual felon
felony  5-13-97
theft

8/24/98    on 8/21/98
Charles gave names + addresses to
Robin Rhodes —
"to keep some people from coming to
ct"

⟹ want to be moved to a
precinct or Bakers Street

# Appendix 8

Fax Cover Sheet

**DON STRICKLIN**
**FIRST ASSISTANT**



DISTRICT ATTORNEY'S BUILDING
201 FANNIN, SUITE 200
HOUSTON, TEXAS 77002-1901

## JOHN B. HOLMES, JR.
### DISTRICT ATTORNEY
### HARRIS COUNTY, TEXAS

*Original hand Delivered ON 8/25/98*

# F A X   C O V E R   S H E E T

| TO: | Harris County Sheriff's Dept., Classification Division |
|---|---|
| ATTENTION: | Lieutentant G. Moore |
| FAX NUMBER: | 713-755-7399 |

| FROM: | Mike Kelly, Investigator |
|---|---|
| TELEPHONE | (713)755-6173 |
| FAX NUMBER | (713)755-5469 |
| NUMBER OF PAGES (including cover sheet): | 2 |
| Date and Time Sent | August 25, 1998, 3:37 PM |
| REMARKS: | |

### CONFIDENTIALITY NOTICE

If you have received this facsimile transmission in error, please note these documents may contain confidential information that cannot be disclosed without violating the criminal provisions of the Texas Open Records Act or Texas Penal Code 39.03. If you have received these documents in error, please call the sender at the number listed below to arrange for the return of the documents.

# Appendix 3-9

Five Page Solicitation Offense Report



DETAIL REPORT FOR HARRIS COUNTY
LAW ENFORCEMENT

CASE NO:        9806130289
DATE:    10/06/14    TIME: 13.20.09
PAGE: 1

STATUS
DRAFT

SYNOPSIS OF OFFENSE:

TYPE OF OFFENSE:
INCIDENT REPORT       CAD/NON-DISPATCHED

--------------------------------------------------------------------------------

| AT/BETWEEN | DATE/TIME | | | DATE/TIME | |
|---|---|---|---|---|---|
| BETWEEN | 06/13/98 | 21:00 | To | 06/13/98 | 21:00 |

| DISPATCH LOCATION | ALI | GRID | BEAT | DISTRICT | COMM |
|---|---|---|---|---|---|
|  |  | 9999 |  |  | S5 |

| REPORTED LOCATION | ALI | GRID | BEAT | DISTRICT | COMM |
|---|---|---|---|---|---|
| 1301 franklin |  | 9999 | 2c2 | d2 | S5 |

--------------------------------------------------------------------------------

PREMISES INVOLVED:    JAIL       METHOD OF ENTRY:
POINT OF ENTRY:               POINT OF EXIT:
INSTRU/TOOL USED:          WEATHER CONDITION:   CLOUDY
CAUSE OF FIRE:                LATENT PRINTS:      SCENE PHOTOS:

--------------------------------------------------------------------------------

PRINTED BY: LLang



DETAIL REPORT FOR HARRIS COUNTY    CASE NO:        9806130289
LAW ENFORCEMENT       DATE:     10/06/14   TIME: 13.20.09
                                           PAGE: 2

## PERSONS INVOLVED INFORMATION:

| TY/NO | NAME/ADDRESS | | REL TO OFFENDER | AGE | RACE | SEX | HISP |
|-------|--------------|---|-----------------|-----|------|-----|------|
| C01 | ZERNIA DIANE | | | 42 | W | F | N |
| | 9402 JAN GLEN | | | | | | |
| | HOUSTON | TX | 1-281-251-3415 | | | | |

DATE OF BIRTH:     09/08/55            SOCIAL SECURITY NO:   - -
DRIVERS LICENSE:                           STATE:
CONDITION:                                     TAKEN TO:
EMPLOYMENT:

BUSINESS PHONE:   1- - -         EXT:

| R01 | CHADWICK THOMAS | | | | B | M | N |
|-----|-----------------|---|---|---|---|---|---|
| | 701 SAN JACINTO | | | | | | |
| | HOUSTON | TX   77002 | 1-713- - | | | | |

DATE OF BIRTH:     / /                  SOCIAL SECURITY NO:   - -
DRIVERS LICENSE:                           STATE:         TX
CONDITION:                                     TAKEN TO:
EMPLOYMENT:

BUSINESS PHONE:   1-713-755-5800     EXT:

---

## OFFICERS INVOLVED:

| P | NAME | TDISP | TENRT | TARRD | TCLRD | DIS | CBY |
|---|------|-------|-------|-------|-------|-----|-----|
| P | MSG CENTER | | | | 02:34 | REP | YM1 |

PRINTED BY: LLang


---

*STATUS / DISPOSITION*

REPORT STATUS:   DRA    UCR CLEARANCE:  OPN

NAME                                              DATE

DAVIS,EMMA J                                      08/14/98          INITIAL ENTRY
                                                   / /              REPORT APPROVAL
                                                   / /              CASE APPROVAL

RELATED CASES:

---



DETAIL REPORT FOR HARRIS COUNTY
LAW ENFORCEMENT

CASE NO:
DATE:     10/06/14

9806130289
TIME: 13.20.09
PAGE: 4

----

**NARRATIVE:**

ENTERED BY:   DAVIS,EMMA J        DATE:   08/14/98        TIME:   11:29

----

701 jail  On 070698 the Homicide Division of the Sheriff's Department was notified by De puty
Thomas Chadwick of a Solicitation to Commit Capital Murder. Chadwick re- ceived his information
from an informant that was housed in the same cell as the suspect. Chadwick had written a
supplement report and obtained the above  case number and documenting his information. Deputy
Chadwick was contacted  and was requested to bring his information to the homicide office. The
above  case was assigned to Detective Cox and Detective Pinkins for follow-up. For further
information see attached detailed supplement reports of Cox and Pinkin

PRINTED BY: LLang