IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES VICTOR THOMPSON, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civ. No. 4:13-CV-1900 |
| | § | (Death Penalty Case) |
| ERIC GUERRERO, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |

**RESPONDENT'S OPPOSED MOTION TO STRIKE SEALED AND EX PARTE MOTION FOR FUNDING**

Federal habeas petitioner Charles Thompson is scheduled to be executed after **6:00 p.m. on January 28, 2026**. Thompson's federal habeas proceedings concluded in this Court almost nine years ago. ECF No. 71. He has now filed under seal a motion for leave to file a "budget" ex parte. ECF No. 109. Based on the publicly available information, it appears the purported "budget" is the equivalent of a motion for funding pursuant to 18 U.S.C. § 3599(f).[1] But while

---

[1] The docket indicates that, along with his sealed and ex parte motion for leave, Thompson filed a proposed budget as well as the curricula vitae of whom the undersigned presumes are four experts: Schutte, Daniel, Vinson, and Sadler. ECF No. 109; *see, e.g., Renteria v. Davis*, 814 F. App'x 827, 832–33 (5th Cir. 2020) (discussing psychologist Dr. James Schutte's report). Prior to Thompson filing the sealed and ex parte motion, the undersigned informed Thompson's counsel that he would not be opposed to a motion for leave to file a budget ex parte and under seal if it was for the purpose of obtaining compensation for attorney time and expenses but would be opposed if the motion was for the purpose of requesting funding to obtain § 3599(f) services. Thompson then filed his motion for leave under seal and ex parte.

an "initial litigation budget" may be submitted ex parte and filed under seal, Criminal Justice Act (CJA) Guidelines §§ 640.10, 640.20(b), an ex parte request for funding for investigative or expert services is prohibited unless a proper showing of the need for confidentiality is made. 18 U.S.C. § 3599(f); CJA Guidelines § 660.10.10(b) ("No ex parte request for investigative, expert, or other services in such cases may be considered unless a proper showing is made by counsel concerning the need for confidentiality.").

Thompson did not publicly file or serve on Respondent (the Director) a copy of his motion for leave. Because Thompson has necessarily failed to make a proper showing that confidentiality is warranted here, the Director requests that his sealed and ex parte motion be stricken. Thompson should be required to refile his motion for leave publicly arguing good cause to proceed ex parte. Such a motion should be sufficiently detailed so that the Director may respond to Thompson's request for funding.

## ARGUMENT

### I. The Governing Statute Is Unequivocal: Funding Motions Shall Not Be Filed Ex Parte Unless a "Proper Showing Is Made Concerning the Need for Confidentiality."

Appointment of counsel for indigent defendants under a death sentence is governed by 18 U.S.C. § 3599. Where such a court-appointed attorney finds that "investigative, expert, or other services are reasonably necessary for the representation of the defendant, . . . the court may authorize the defendant's

2

attorneys to obtain such services on behalf of the defendant, and if so authorized, shall order the payment of fees and expenses therefor under subsection (g)." 18 U.S.C. § 3599(f). Subsection (f) further specifies that "[n]o ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." *Id.*

Early on, Texas district courts generally agreed that a "proper showing" meant a petitioner seeking expert funding must, at a minimum, file a *public* motion explaining the type of expert sought and the general issue the expert's testimony would go to:

> Petitioner must file and serve a concise motion seeking authorization for investigative or expert assistance that includes a short, case-specific statement of the need for confidentiality. This statement and the need for confidentiality must generally identify the type of services needed and the broad issue or topic (for example, innocence) for which the services are needed. . . . The motion . . . must be served upon Respondent.

*Shields v. Johnson*, 48 F. Supp. 2d 719, 721 (S.D. Tex. 1999) (citing *Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999)). Over time, however, federal courts in Texas rejected this procedure (sometimes referred to as the "*Patrick* procedure"), holding that more is required than the barebones motion contemplated by *Patrick* and *Shields*. *See Robertson v. Stephens*, Civ. No. 3:13-CV-0728-G, 2013 WL 2658441, at *2 (N.D. Tex. June 13, 2013) ("The *Patrick* procedure has been interpreted to require nothing more than to generically

3

identify the type of services needed and the broad issue or topic to be investigated in order to make the required showing of a need for confidentiality. Another judge of this district has observed that such a procedure [under *Patrick*] would not be adequate[.]" (citing *Threadgrill v. Thaler*, No. 3:05-CV-2217-D, slip op. at 2 n.2 (N.D. Tex. Oct. 11, 2012) (Fitzwater, C.J.))); *Ruiz v. Thaler*, Civil No. SA-03-CA-303-OG, 2011 WL 13238340, at *1 (W.D. Tex. Aug. 31, 2011) (Garcia, J.) (explaining that the court "has since rejected" the *Patrick* procedure because it has "been repeatedly abused by parties filing unwarranted ex parte motions seeking routine investigative and expert funding").

A sufficiently detailed motion for leave to proceed ex parte is necessary so that a respondent may fairly respond as to why confidentiality is unwarranted, or funding is not "reasonably necessary." § 3599(f). For instance, there may be jurisdictional limits on this Court's authority to grant funding at this late juncture or limits on admissibility with respect to any new evidence Thompson intends to proffer, which arguments the Director should have the opportunity to advance. *See Edwards v. Davis*, No. 3:10-CV-6-M, 2017 WL 76954, at *3 (N.D. Tex. Jan. 5, 2017) (addressing ex parte request for funds by a petitioner facing an imminent execution and explaining that it was not clear whether the court would have jurisdiction to grant funding in anticipation of a successive habeas petition); *see also Ayestas v. Davis*, 584 U.S. 28, 46 (2018)

4

(when determining whether requested funds are "reasonably necessary," courts must consider the "potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way"); *Crutsinger v. Davis*, 898 F.3d 584, 586–87 (5th Cir. 2018) (upholding denial of funding where the petitioner sought $500 for DNA evidence review but failed to "explain how further review and DNA testing could conceivably support claims for relief or a case for clemency").

As the Northern District of Texas has put it, "the legislative history of § 3599(f) suggests that Congress intended both parties to have some role in the process for funding experts and investigators in the postconviction habeas review of death penalty cases." *Robertson*, 2013 WL 2658441, at *3; *see Ruiz*, 2011 WL 13238340, at *1 (explaining that "the policy reflected in Section 3599(f)" requires that funding motions be filed "*on the record* in a transparent manner"); *see also Ayestas*, 584 U.S. at 40 ("[B]oth the habeas proceeding as a whole and the adjudication of the specific issue of funding were adversarial."). And, as the motion for leave to file ex parte "may provide the only information available to the respondent and the only opportunity he will be afforded to participate in the funding process[,]" *Robertson*, 2013 WL 2658441, at *3, it is imperative that the motion for leave not only be filed, but give sufficient detail

5

4

for the Director to respond, *id.* at *3–4 ("Therefore, the motion to proceed ex parte should disclose the nonprivileged information necessary for an adequate response not only to whether to proceed ex parte, but to the funding motion itself."). *See Ruiz*, 2011 WL 13238340, at *1 (explaining that a motion to file a funding request ex parte must "explain in clear and concise terms why secrecy is necessary").

## II. By Failing to Serve or Publicly File Any Motion for Leave to Proceed Ex Parte, Thompson Necessarily Fails to Make a "Proper Showing" of the Need for Confidentiality.

Despite the requirement that a petitioner publicly file *something* explaining the need for confidentiality, Thompson has failed to do so. Thus, he fails to make any showing of the need for confidentiality, much less a proper one. By filing his motion for leave under seal, Thompson has prevented the Director from assessing and responding to his requests. But not even a petitioner's desire to withhold legal strategy is enough to contravene the plain language of § 3599(f). *See Edwards*, 2017 WL 76954, at *3 ("It is hard to imagine how the disclosure of expert information regarding the forensic evidence of the crime less than a month before a scheduled execution can be considered 'premature.'"). As explained above, courts have routinely rejected such arguments. *See supra* Section I. In fact, the Northern District of Texas took up a nearly identical argument in *Jones v. Stephens*, Civ. No. 4:05-cv-638-Y, 2014 WL 2446116, at *2 (N.D. Tex. May 30, 2014). The petitioner in that

6

case argued that counsel's "assessment" of the need for funding "constitutes confidential work product." *Id*. at *2. The court easily dispatched of the argument:

> Essentially, Jones asserts that his very argument justifying the funding request is a privileged matter. This showing fails to satisfy even the lesser standard in *Patrick* because it is not a case-specific need, but "only a generic need for confidentiality which arises in virtually all capital cases." . . . If such an assertion satisfies section 3599, the confidentiality provisions in the statute would be rendered a nullity.

*Id*. (internal citations omitted). Simply put, the argument that the mere consideration of which expert to retain is confidential contravenes the text of the statute, as well as the uniform interpretation of the federal district courts in Texas.[2]

The Director does not seek to prejudice Thompson's ability to move for funding under the proper procedure. Therefore, the Director only asks that Thompson's sealed and ex parte motion be stricken and that he be ordered to refile it on the public docket and serve it on the Director. *See* Order, *Batiste v. Davis*, H-15-1258, (S.D. Tex. Feb. 9, 2018), ECF No. 46 (striking ex parte pleading because petitioner "has not moved to proceed ex parte nor shown why

---

[2] Notably, petitioners routinely move for leave when seeking ex parte funding under § 3599(f). *See e.g.,* Mot. for Leave, *Delacerda v. Lumpkin*, No. 1:22-CV-00557 (E.D. Tex. May 4, 2023), ECF No. 22; Mot. for Leave, *Nelson v. Davis*, Civ. No. 4:16-CV-904-A, (N.D. Tex. Dec. 13, 2016), ECF No. 21; Mot. for Leave, *Escobar v. Guerrero*, No. 1:22-CV-00102 (W.D. Tex. June 24, 2022), ECF No. 20.

confidentiality is necessary"). The Director can then respond to Thompson's motion for leave and the merits of his request for funding to the extent possible.[3]

## CONCLUSION

The Director respectfully requests that the Court strike Thompson's sealed and ex parte motion for leave.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

s/ Jay Clendenin
JAY CLENDENIN
Assistant Attorney General
*Counsel of Record*
State Bar No. 24059589
Southern District Admission No. 920324

---

[3] Until Thompson files and serves a compliant motion for leave, the Director reserves argument as to whether his request for funding meets the "reasonably necessary" standard under § 3599(f).

8

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 936-1400

*Counsel for Respondent*

## CERTIFICATE OF CONFERENCE

I do hereby certify that I conferred with counsel for Petitioner, and he indicated that he was opposed to this motion.

s/ Jay Clendenin
JAY CLENDENIN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that on December 2, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Eric Allen
The Law Office of Eric J. Allen LTD
4200 Regent St., Suite 200
Columbus, OH 43219
eric@eallenlaw.com

Gregory Gardner
Law Office of Gregory Gardner, PLLC
P.O. Box 2366
Boulder, CO 80306
gardnerlegal@gmail.com

s/ Jay Clendenin
JAY CLENDENIN
Assistant Attorney General
