Case 4:13-cv-01900   Document 113   Filed on 12/05/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Charles Victor Thompson, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. 13-cv-1900 |
| | § | |
| Eric Guerrero, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division | § | |
| | § | |
| Respondent. | § | |

## ORDER

The State of Texas has set Charles Victor Thompson's execution for **January 28, 2026**. On November 26, 2025, Thompson filed a motion relating to a budget in anticipation of clemency proceedings. (Docket Entry No. 109). Thompson filed his motion both *ex parte* and under seal. Respondent moved to strike Thompson's motion because he had not followed correct procedure. According to Respondent, Thompson must seek leave to proceed *ex parte* and under seal. (Docket Entry No. 110). Instead of filing a response, Thompson served a copy of his motion to proceed *ex parte*, but not his proposed budget, on Respondent. (Docket Entry No. 111). Respondent filed a supplement which still argues that Thompson: (1) should file his motion on the public docket; (2) has not made a case-specific showing of the need for confidentiality and (3) has not shown that the expenditure of any funds are necessary under the governing law. (Docket Entry No. 112).

Federal law does not favor confidential proceedings in death penalty cases. The Anti-Terrorism and Effective Death Penalty Act "change[d] the presumption from an *ex parte* hearing for services . . . to a process which is not to be held *ex parte*" without the proper showing. *United States v. Gonzales*, 150 F.3d 1246, 1264 (10th Cir. 1998). The law is clear: "*No ex parte proceeding, communication, or request may be considered* . . . unless a proper showing is made concerning the need for confidentiality." 18 U.S.C. § 3599(g) (emphasis added).

Requiring an inmate to show the need for confidentiality is not a technicality. Having specific reasons for proceeding *ex parte* balances the inmate's request against important factors such as the State's interest as a party to the litigation, AEDPA's deference to the integrity of a presumably valid criminal judgment, the public's interest in fiscal transparency, and the Court's need for reliable information. Open proceedings concerning an inmate's funding requests allow a fuller examination of the anticipated merits. A court is entitled to know whether the requested resources will duplicate efforts already made in state court or support only plainly meritless issues. Input from Respondent may provide insight into how a petitioner's proposed investigation relates to what the parties have already litigated.

The statute does not specify what showing a petitioner must make to justify *ex parte* proceedings. Federal law requires a petitioner to show more than "a generic need for confidentiality which arises in virtually all capital cases[.]" *Patrick v.*

*Johnson*, 37 F. Supp.2d 815, 816 (N.D. Tex. 1999). Under traditional practice, a petitioner must

> *file and serve* a brief motion seeking generally authorization for investigative or expert expenses, and must include a short case-specific statement of the need for confidentiality. The statement of need for confidentiality merely must identify generically the type of services needed and the broad issue or topic (e.g., innocence) for which the services are necessary.

*Dowthitt v. Johnson*, 1998 WL 1986954, *2 (S.D. Tex. 1998) (emphasis added); *see also Patrick*, 37 F. Supp.2d at 816. Some cases, however, have required petitioners to make a more demanding showing before authorizing *ex parte* proceedings:

> The motion should include the type of services needed, the issue or topic for which the services are necessary, an estimate of the total amount of fees and expenses requested, and all other nonprivileged information relevant to the request for funding. The motion must also show a specific need for confidentiality in the undisclosed matters presented to the court *ex parte*, and not merely a general assertion of a blanket attorney/client or workproduct privilege. Without revealing information itself privileged, petitioner must provide enough information to respondent to (1) enable him to test the merits of the privilege claim, and (2) provide him a meaningful opportunity to supply any relevant information to the court regarding whether the requested services are necessary.

*Robertson v. Stephens*, 2013 WL 2658441, at *4 (N.D. Tex. 2013).

Under either approach, and under the clear provisions of the law, Thompson must show the need for confidentiality on the record before the Court can consider any *ex parte* communication. Accordingly, the Court will **GRANT** Respondent's motion (Docket Entry No. 110) and **STRIKE** Thompson's pleading (Docket Entry No. 109) from the record.

Respondent's Unopposed Motion to Substitute Counsel (Docket Entry No. 108) is also pending. The Court **GRANTS** Respondent's motion. Gwendolyn Vindell is withdrawn and Jay Clendenin substituted as counsel of record.

Signed at Houston, Texas, on this the __5__ day of December, 2025.

DAVID HITTNER
United States District Judge